**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAKOTA MICHAEL HELLER,

    Defendant.

**UNOPPOSED MOTION FOR A PROTECTIVE ORDER**

The United States of America respectfully moves this Court under Fed. R. Crim. P. 16(d) to enter the attached proposed protective order. In support of this motion, the Government states as follows:

<u>Certificate of Conference</u>. The undersigned Assistant U.S. Attorney conferred with Counsel for the Defendant and understands that this motion is unopposed.

1. The evidence in this case will involve an individual who is now an adult but who alleges certain conduct committed by the Defendant when he was a child. In the Indictment, this individual is identified by the pseudonym Minor # 1.

2. Fed. R. Crim. P. 16(d) provides that the Court "may, for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief."

3. The Child Victims' and Child Witnesses' Rights Act, 18 U.S.C. § 3509 affords certain protections to child victims and child witnesses, including, requiring the parties and other personnel to maintain the confidentiality of any documents disclosing the name of and information concerning a minor victim, maintain the confidentiality of

any information in said documents concerning a minor victim, maintain the confidentiality of the minor victim's identity in all public filings and court proceedings, and file under seal without the necessity of a Court order any filings that disclose the identity or other personal information of the minor victim.

4. Although an adult, who was victimized as a child, is no longer entitled to the privacy protections of 18 U.S.C. § 3509, the Government submits that because the alleged conduct occurred when the alleged victim was a minor, similar policy concerns apply and warrant affording the alleged victim in this case the types of protections afforded to minors. Such protections are also consistent with the rights that Minor # 1 is entitled to under 18 U.S.C. § 3771(a), such as "the right to be reasonably protected from the accused" and "the right to be treated with fairness and with respect for the victim's dignity and privacy." *See also* 34 U.S.C. § 20141(c)(2) (requiring an investigating agency to provide reasonable protection to crime victims).

5. Due to the nature of the case, there is a significant possibility that without a protective order, names or other information concerning this individual could be disclosed, which would be harmful to him. The Government makes this request in an effort to protect the privacy and reputation of the individual involved, who was a minor at the time the alleged crime occurred, and to minimize additional emotional trauma that would result from public identification of this individual's identity.

6. The Government submits that these reasons satisfy the good cause standard and requests that the Court enter a protective order that governs public filings and court proceedings in this case, and that limits disclosure of discovery materials, in a manner that is consistent with 18 U.S.C. § 3509(d). A Proposed Order is attached.

For the foregoing reasons, the Government respectfully requests the Court enter a protective order consistent with the Proposed Order.

Respectfully submitted,

JASON R. DUNN
United States Attorney

*s/ Patricia Davies*
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California, Ste 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax: 303-454-0406
E-mail: Patricia.Davies@usdoj.gov

Attorney for Government

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2019, I electronically filed the foregoing **UNOPPOSED MOTION FOR A PROTECTIVE ORDER** using the CM/ECF system, which will send notifications of such filing to all participants in this matter:

s/ *Dee Boucher*
United States Attorney's Office