IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DAKOTA HELLER,

        Defendant.

_____

**UNOPPOSED MOTION TO EXCLUDE 90 DAYS FROM
THE SPEEDY TRIAL ACT COMPUTATION**
_____

        Defendant Dakota Heller, through undersigned counsel, moves this Court for an Order to exclude 90 days from the Speedy Trial Act computation and extend the motions filing deadline.  In support:

### INTRODUCTION

        1.    Mr. Heller is charged in a one-count indictment alleging abusive sexual contact.  Mr. Heller was arraigned on May 14, 2019. Mr. Heller is on bond. Undersigned counsel received discovery productions on or about May 15 and June 15, 2019.  The discovery production on June 5, 2019, included a cell phone "dump" of Mr. Heller's phone. This recently tendered discovery consists of approximately 1600 pages. The Court issued an order setting trial dates and deadlines on May 16, 2019. (ECF Doc. 17). The current motions filing deadline is June 26, 2019. Trial is scheduled to begin July 15, 2019.

        2.    While Mr. Heller's case is not particularly complex, there are approximately a dozen civilian witnesses that defense counsel will likely attempt to interview.

Additionally, the defendant may request subpoena duces tecum to non-governmental entities in order to investigate and prepare for trial.

3. Undersigned counsel currently is lead counsel on eight other pre-trial cases (where a notice of disposition has not been filed). Undersigned counsel currently has eight other cases set for trial between July and October.

4. An additional 90 days is necessary to prepare for motions and trial and request subpoenas duces tecum.

5. Defense counsel has consulted with the Assistant United States Attorney and she does not have an objection to this continuance.

## LAW REGARDING REQUESTS FOR CONTINUANCES

6. This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an

explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271.

7. In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

8. Defense counsel's request for a continuance satisfies the criteria in 18 U.S.C. § 3161(h)(7) and factors in *United States v. West*.

9. At this time, undersigned counsel believes an additional 90 days for trial will be enough time to investigate, interview witnesses, and prepare necessary motions and for trial.

10. The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial. The need for the continuance is described throughout this motion. Without the requested continuance the defense will be unable to adequately prepare the case, conduct a complete investigation, or file appropriate motions. Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and Mr. Heller's right to be effectively represented in these proceedings will be seriously damaged.

## **CONCLUSION**

Wherefore, Mr. Heller respectfully requests this Court for an Order to exclude 90 days from the Speedy Trial Act computation as authorized by 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Kelly Christl
KELLY CHRISTL
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Email:  Kelly_Christl@fd.org
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Patricia W. Davies, Assistant United States Attorney
Email: Patricia.Davies@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Dakota Michael Heller		(via Mail)


s/Kelly Christl
KELLY CHRISTL
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Kelly_Christl@fd.org
Attorney for Defendant

5