IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAKOTA MICHAEL HELLER,

    Defendant.

_____

**RESPONSE TO GOVERNMENT'S MOTION FOR ORDER PERMITTING
FILING OF EXPERT NOTICE DISCLOSURE [DOC. 33]**
_____

Dakota Michael Heller, through counsel, Assistant Federal Defender Kelly Christl, files the following response to the Government's Motion for Order Permitting Filing of Expert Notice Disclosure. Mr. Heller objects to the late expert disclosure[1] and asks this Court to preclude the government's admission of expert testimony of an FBI child/adolescent forensic interviewer. In support:

1. This Court entered an Order Setting Trial Dates and Deadlines on May 16, 2019. [ECF Doc. 17]. The Court ordered "expert witness disclosures be made no later than seven days before the deadline for filing pretrial motions and any challenges to such experts shall be made by the pretrial motion filing deadline." At the time, the motion filing deadline was June 17, 2019. Thus, expert witness disclosures would have been due on June 10, 2019.

---

[1] This filing only addresses the objection to the timing of the disclosure. If the Court allows this late expert disclosure, counsel will file a challenge to this expert, request a *Daubert* hearing, and possibly file a rebuttal expert disclosure.

2. Undersigned counsel filed a motion to extend the motions filing deadline on June 17, 2019, requesting a filing deadline of June 26, 2019. [ECF Doc. 20]. At that time, undersigned counsel believed she needed another week to review discovery and determine if there were any pretrial motions that needed to be filed. The government did not file a motion to extend its expert disclosure deadline. The parties were also engaged in plea negotiations at that time. The government extended a plea offer on June 11, 2019, after the expert witness disclosure deadline. Mr. Heller rejected the plea offer on June 26, 2019, the deadline for acceptance.

3. Undersigned counsel filed an Unopposed Motion to Exclude 90 Days from the Speedy Trial Act Computation on June 26, 2019. [ECF Doc. 23]. Counsel also requested the Court extend the motions filing deadline, again. The first time undersigned counsel approached the government about a trial continuance was on June 17, 2019, one week after the expert disclosure deadline. The Court held a hearing on July 2, 2019 on the Motion to Exclude Time. At no time did the government request a new expert disclosure deadline.

4. The government attempts to excuse the late disclosure because undersigned counsel was on leave. The schedule of the attorneys are completely irrelevant when it comes to adhering to deadlines imposed by the Court. Additionally, the government was directed to co-counsel Natalie Stricklin, if issues arose while undersigned counsel was out of the office.

5. The Defendant disputes this was a foreseeable witness. Minor #1 was 16-years-old, about two months shy of 17. He is not a victim of "child sex abuse." There is no element of the offense that relates to a child.

6. The government also seeks to disclose an expert witness to establish jurisdiction. There is no objection to this late disclosure, as it pertains to an element of the offense; and it was foreseeable. This witness does not alter trial strategy.

7. The Court's early expert disclosure deadline allows the defendant a chance to assess the case the government intends to introduce at trial. It shapes plea negotiations. It informs trial strategy. The late disclosure of an unforeseeable expert witness in this case will impact the defendant's trial strategy. It appears the government simply recognized the weaknesses in its case, at this late stage, and now wants to call an expert witness to mitigate the deficiencies in its case.

8. Rule 16 of the Federal Rules of Criminal Procedure requires timely disclosure of expert witnesses. This Court sets timely deadlines for those disclosures. Counsel recognizes that preclusion is an extreme remedy. However, she believes that there has to be a point at which the government should be sanctioned and deterred from late disclosure of an unforeseeable expert witness. In fact, it is well within this Court's discretion to sanction the government's discovery practice in this case by precluding evidence. "District Courts have broad discretion in imposing sanctions on parties who violate discovery orders, and we review a Court's decision to impose sanctions and its chose of sanction for abuse of discretion." *United States v. Gonzalez*, 164 F.3d 1285 (10th Cir. 1999).

Mr. Heller requests this Court preclude the government from filing a late expert witness disclosure of the child/adolescent forensic interviewer.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/Kelly Christl
KELLY CHRISTL
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
kelly.christl@fd.org
Attorney for Defendant

4

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Patricia Davies, AUSA
Email: Patricia.Davies@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Dakota Michael Heller		(via Mail)


s/Kelly Christl
KELLY CHRISTL
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
kelly.christl@fd.org
Attorney for Defendant