IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAKOTA MICHAEL HELLER,

    Defendant.

---

GOVERNEMENT'S REPLY TO DEFENDANT'S
RESPONSE TO MOTION FOR ORDER
PERMITTING FILING OF EXPERT NOTICE
DISCLOSURE [DOC. #36]

---

    The United States of America, by and through Patricia Davies and Andrea Surratt, Assistant United States Attorneys, hereby responds to the defendant's "Response to Government's Motion for Order Permitting Filing of Expert Notice Disclosure [Doc. 36]" ("Response"). Not wanting to belabor this issue, the government nonetheless makes this further submission to address three issues raised by the defendant's response, as set forth below.

    1.    Notwithstanding the chronology set forth in the Defendant's Response, the undersigned was genuinely unaware that – when the defendant requested on two separate occasions to continue deadlines in this case – the intent and the effect was only to move only those deadlines for which the defendant wanted additional time and not **all** deadlines in the case. In retrospect, and having studied the docket, the government now understands that the motions to

1

continue were selective, but did not so understand at the time of the defense motions or otherwise might have responded differently.  The government's understanding that no expert deadline existed as of the July 2, 2019 newly-announced dates was based upon reviewing the Court's order following the defendant's second motion to continue, issued on July 2, 2019 [Doc. #25], and further studying the Court's practice standards.[1]

2.      As it became clear that this case would not resolve by plea resolution, and further that the defense theory appears to be that the victim invited the alleged unlawful sexual contact, the government's focus sharpened. Thus, contrary to the defendant's claim that the government's decision to include expert testimony was because it "recognized weaknesses in its case," [Doc. #36, p.2, Para. 7], the government's decision in this regard was part of an evolution based on the perceived defense theory.  Moreover, defendant claims that this proposed expert witness was "unforeseeable" as Minor #1 was 16 years old at the time of the conduct.  [*Id.* at para. 5]. Of course, a 16 year old is a minor under federal law so the government's intent to call such an expert hardly seems unforeseeable. *See* 18 U.S.C. Section 2256(1).

3.      Finally, defendant fails to cite the standard that this court should apply when faced with requests to exclude evidence at trial based on alleged violations of discovery and other deadlines. As the Tenth Circuit explained, "Rule 16(a)(1)(1)(G) requires that, at the defendant's request, the government 'must give to the defendant a written summary of any testimony that the government intends to use under Rule 702, 703 or 705… during its case in-chief at trial. … If a party fails to comply with a discovery request, the district court may order sanctions, including (1) issuance of an order demanding compliance, (2) grant of a continuance,

---

[1] The sincerity of the government's lack of understanding as to defendant's perception of the expired expert notice deadline is exemplified in the undersigned counsel's email to defense counsel on August 30, 2019, inquiring, among other issues regarding "a schedule for expert notices." (*See* Ex. A, attached hereto). Neither defense counsel ever responded until counsel's later assertion that the deadline had passed.

(3) exclusion of undisclosed evidence, or (4) the imposition of any just order. Fed.R.Crim.P. 16(d)(2). In deciding which sanction is proper, the district court should 'typically consider' three factors: (1) the reason for the government's delay in production; (2) the extent of prejudice to the defendant as a result of the delay; and (3) the feasibility of curing the prejudice with a continuance." *United States v. Brown*, 592 F.3d 1088, 1090-91 (10th Cir. 2009) (citations omitted).

Under this framework, the government submits that no ample rationale exists to exclude the government's expert at trial.   The defendant never requested the government to disclose, as required to trigger the government's obligation under Fed.R.Crim.P. 16(a)(1)(G).  The government disclosed its expert witness summary on September 13, 2019, more than one month in advance of trial.  The government does not propose a continuance because, for the sake of the victim in this case, it does not wish to prolong further prolong this matter beyond the two prior continuances requested by and granted for the defendant.

## **CONCLUSION**

The government regrets that it did not more closely question the defendant as to the parameters of the two prior defense motions for continuance, and more importantly, that this issue now requires the Court's resolution. Nonetheless, in the instant circumstances, and in the complete absence of any legally cognizable prejudice to the defendant, the government respectfully requests this Court permit its Expert Notice and reject the defendant's

motion to exclude the government's proffered expert testimony that will be offered to educate the jury on pertinent issues during the trial in this matter.

                        Respectfully submitted,

                        JASON R. DUNN
                        United States Attorney

                        *s/ Patricia Davies & Andrea Surratt*

                        Patricia Davies & Andrea Surratt
                        Assistant U.S. Attorneys
                        U.S. Attorney's Office
                        1801 California St., Suite 1600
                        Denver, CO 80202
                        Telephone: 303-454-0100
                        Email: Patricia.Davies@usdoj.gov
                                  Andrea.Surratt@usdoj.gov
                        Attorneys for Government