IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAKOTA MICHAEL HELLER,

    Defendant.
_____

**ORDER**
_____

    This matter comes before the Court on the Government's Motion for Order Permitting Filing of Expert Notice Disclosure [Docket No. 33], wherein the United States asks the Court for permission to file an expert disclosure. The defendant opposes the motion on the grounds that the government's proposed disclosure is untimely and prejudicial in that it involves an unforeseeable expert witness. Docket No. 36 at 3. The expert witness at issue is an FBI child/adolescent forensic interviewer who would testify about delayed outcry by victims of child sex abuse, grooming by perpetrators, and the nature of the adolescent male brain. Docket No. 33 at 2 n.1.

    On May 16, 2019, the Court ordered that "expert witness disclosures pursuant to Fed. R. Crim. P. 16 shall be made no later than seven days before the deadline for filing pretrial motions and any challenges to such experts shall be made by the pretrial motion filing deadline." The deadline for expert witness disclosure thus depends on when the pretrial motions deadline is. Originally, the pretrial motions deadline was June

17, 2019, making the deadline for expert witness disclosures one week before or June 10. The United States did not file a disclosure regarding the expert at that time. The pretrial motion deadline was later extended at the request of the defendant to June 26. Docket Nos. 20 and 21. As a result, the Court's May 16 order made the expert disclosure deadline "seven days before the deadline for filing pretrial motions," which was June 19. The government did not file any disclosure regarding its expert by that date.

On July 2, 2019, the Court held a hearing on defendant' Motion to Exclude 90 Days From the Speedy Trial Act Computation [Docket No. 23] and, in the course of ruling on the motion, reset the pretrial motions deadline to September 6, 2019. Docket No. 25. This ruling had the effect of extending the expert disclosure deadline to August 30, 2019, seven days before the pretrial motions deadline. On that date, counsel for the United States emailed counsel for the defendant regarding the production of certain discovery and also stating "please contact me when you are available to discuss stipulations, a schedule for expert notices, and other trial issues." Docket No. 38. The government did not disclose its expert at that time. Instead, the government disclosed its expert witness summary on September 13, 2019. Docket No. 37 at 3.

The Court finds that, while the government did not intentionally ignore the August 30 expert witness deadline, its disclosure on September 13 was late and failed to comply with its disclosure obligations under the Court's May 16, 2019 order.

The Court also finds that, due to the lateness of the government's disclosure, the defendant is prejudiced. Defendant argues that late disclosure of an unforeseeable expert witness will impact the defendant's trial strategy. Docket No. 36 at 3. The

defendant indicates that, if this witness is allowed to testify, he will file a Rule 702 challenge to the expert. *Id.* at 1 n.1. The Court has no reason to doubt these representations.

The government argues that the expert was not "unforeseeable" since this case involves an alleged victim who was a minor at the time, but such argument is belied by the fact that the government did not disclose the expert on June 10 or June 19 despite considering the victim to be a minor, but only months later after "an evolution based on the perceived defense theory." Docket No. 37 at 2. The government also argues that "defendant never requested the government to disclose, as required to trigger the government's obligation under Fed.R.Crim.P. 16(a)(1)(G)." *Id.* at 3. However, the defendant made that request on May 14, 2019, as reflected in the Discovery Conference Memorandum and Order. Docket No. 13 at 4.

As the government notes, the Court should typically consider three factors in determining the consequence of a failure of the government to comply with its discovery obligations: (1) the reason for the government's delay in production; (2) the extent of prejudice to the defendant as a result of the delay; and (3) the feasibility of curing the prejudice with a continuance. Docket No. 37 at 3 (citing *United States v. Brown*, 592 F.3d 1088, 1090-91 (10th Cir. 2009)). In considering an appropriate sanction, the court should "impose the least severe sanction that will accomplish prompt and full compliance with the . . . discovery order." *United States v. Ivy*, 83 F.3d 1266, 1280 (10th Cir. 1996). Excluding the testimony is rare. "[E]xclusion of the witnesses' expert testimony . . . is almost never imposed 'in the absence of a constitutional violation or statutory authority for such exclusion.'" *United States v. Charley*, 189 F.3d 1251, 1262

3

(10th Cir. 1999) (quoting *United States v. Gonzales*, 164 F.3d 1285,1292 (10th Cir. 1999)).

As alluded to earlier, the Court finds no bad faith by the government in failing to disclose by August 30.  However, the government otherwise has no good excuse for missing the expert disclosure deadline.  Regarding the second factor, the Court finds that the defendant is prejudiced by the late disclosure.  Not only was the expert unforeseeable, especially given that the United States had not disclosed the witness on June 10 or June 19, but it was not until September 13, a month before trial, that the defendant learned of the identity, qualifications, and the opinions of the expert, which were necessary for him to be able to file a Rule 702 motion.  Litigating those issues in the time remaining and potentially identifying a rebuttal expert would compromise the defendant's ability to otherwise prepare for trial.  As to the third factor, the feasibility of curing the prejudice with a continuance, the defendant does not provide any reason to believe that he would be prejudiced by a continuance.  And the Court discerns none.  However, the United States indicates that the "government does not propose a continuance because, for the sake of the victim in this case, it does not wish to . . . further prolong this matter . . . ."  Docket No. 37 at 3.  Moreover, the United States does not propose any alternative or lesser sanction.  Given the trial date of October 15, 2019 and the absence of any suggestions by the parties, the Court does not perceive a reasonable alternative to exclusion of the expert's testimony regarding the topics noted in the government's motion.[1]  Wherefore, it is

---

[1] Defendant does not object to the expert testifying as to jurisdictional issues. Docket No. 36 at 3.  The government's expert may testify about this subject area.

**ORDERED** that the Government's Motion for Order Permitting Filing of Expert Notice Disclosure [Docket 33] is denied. It is further

**ORDERED** that defendant's Motion for Leave to File a Sur-Reply [Docket No. 40] is denied as moot.

DATED September 18, 2019.

BY THE COURT:

 s/Philip A. Brimmer  
PHILIP A. BRIMMER  
Chief United States District Judge