IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAKOTA MICHAEL HELLER,

    Defendant.

---

**GOVERNMENT'S MOTION, OPPOSED BY THE DEFENDANT,
TO RECONSIDER COURT'S ORDER [DOC. # 41], AND TO GRANT AN
ENDS OF JUSTICE TRIAL CONTINUANCE TO ALLOW FILING OF
GOVERNMENT'S EXPERT NOTICE, RELATED EXPERT LITIGATION,
AND DEFENDANT'S EXPERT DESIGNATION**

---

The United States Attorney, by and through Assistant United States Attorneys Patricia Davies and Andrea Surratt hereby moves this Court to reconsider its Order [Doc. # 41] denying the government's Motion for Order Permitting Filing of Expert Notice Disclosure [Doc. # 33], and in connection therewith, grant an ends of justice trial continuance that would afford the defendant sufficient time to litigate the government's expert, and designate a defense expert, if he so chooses. The United States has conferred with defense counsel, and is advised that defendant opposes this motion.[1]

---

[1] The undersigned AUSAs have also inquired of defense counsel how much time they require to litigate expert issues based on the government's expert disclosure dated September 13, 2019, and designate a counter defense expert, if any, should the Court grant the instant Motion. As of the time of filing this Motion, the defense counsel has not provided this information. However, given the chronology and deadlines set forth in the Order [Doc. # 41], that is, that the United States should have made expert disclosures

1

## **SUMMARY OF THE ARGUMENT**

The government is mindful of the Order's analysis, and its finding that the government's September 13, 2019, expert disclosure to defendant was untimely, and prejudiced the defendant's preparation for the scheduled October 15, 2019 trial. The Order recites the factors that the Court considers in "determining the consequence of a failure of the government to comply with its discovery obligations" and that the court "should impose the least severe sanction" and that "excluding testimony is rare." [Order, Doc. # 41 at 3, citations omitted]. The Order also notes that "the defendant does not provide any reason to believe that he would be prejudiced by a continuance. And the Court discerns none." [*Id.* at 4].

However, the Court recites the government's prior filing and its statement that the government "does not wish to prolong this matter" [Doc. 37 at 3]; the government understands that its prior statement in that regard factored into the Order's remedy. The government's prior statement [Doc. 37 at 3] was based on its concern regarding the effect on the victim of a further trial postponement beyond the prior 90-day continuance following defense motions. Despite this concern, after considering carefully the Order, during the afternoon of September 19, 2019, AUSA Davies conferred with the victim regarding the Order, that the government was considering seeking the Court's reconsideration, and would also then seek

---

on or before August 30, 2019, assuming trial on October 15, 2019, the United States understands that, if the Court grants the relief sought in this Motion, defendant should be afforded at least 45 days from expert disclosure to trial. The United States thus seeks an ends of justice continuance that is lengthy enough to grant defendant the time contemplated by the Court's normal practice, and proposes that trial be conducted, subject to the Court's and defense counsel's schedules, any time after November 25, 2019. The United States is unavailable the weeks of November 4 and November 11.

continuance of the trial date. The victim advised, in substance, that he was not opposed to the government seeking a continuance under these circumstances but wanted the government to present its "best case" at trial. This Motion follows.

## **MOTION TO RECONSIDER**

It is settled in the Tenth Circuit that, although the Federal Rules of Criminal Procedure do not specifically provide for motions to reconsider, such motions are proper in criminal cases. *See United States v. Christy,* 739 F.3d 534, 539 (10th Cir.2014). In *Christy*, defendant moved to suppress evidence obtained following a warrantless forced entry into his home, officers observing evidence in his home, obtaining statements from him, and subsequently obtaining and executing search warrants. The government responded, *inter alia*, that the evidence was not subject to suppression under the inevitable discovery doctrine. The court granted defendant's motion to suppress. The government moved to reconsider, further arguing "inevitable discovery," and the Court reversed its suppression order. On appeal, defendant challenged the court's reconsideration and ultimate decision to deny suppression. The Tenth Circuit explained that "[m]otions to reconsider are proper in criminal cases." *Christy*, 739 F.3d at 539. "Specific grounds include: '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Id.*

The government submits that the instant Motion best fits into the third category, and in no way suggests that the Court made a mistake in its Order. Nonetheless, as the Order notes, excluding "testimony is rare" and excluding the "witnesses' expert testimony… is almost never imposed 'in the absence of a constitutional violation....'"

3

[Doc. # 41 at 4]. There is no constitutional violation at issue here, and the Court discerned no prejudice to the defendant from a continuance. [*Id.*]. The government understands that the Order's remedy resulted when the United States did "not propose any alternative or lesser sanction." [*Id.*]  Nonetheless, the government submits that under these circumstances, and in light of the victim's support of this Motion (and the accompanying continuance), the Court should reconsider its Order to avoid the potential injustice inherent in excluding evidence from the government's case.

## **MOTION FOR ENDS OF JUSTICE CONTINUANCE**

Title 18, U.S.C. § 3161(h)(7)(A) provides that a Court shall exclude a period of delay from the time within which a trial must commence when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(I)-(iv).

Pertinent factors that apply to an "ends of justice" finding in this case include:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice...

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. §1361(h)(7)(B). *See also*, *United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

The Tenth Circuit has set forth four factors that the Court should consider in addressing requests for trial continuances. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *Id.* No single factor is determinative. *Id.*

The government submits that the circumstances under which it seeks a continuance of trial in this case meet the criteria set forth in 18 U.S.C. § 3161(h)(7) and *West*. As to Section 3161(h)(7), the government submits that denying the continuance will deny "the attorney for the Government the reasonable time necessary for the effective preparation" and "result in a miscarriage of justice" by excluding the government's expert. As for *West*, the government submits that its factors also support the requested continuance: (a) if granted, the continuance would accomplish the purpose underlying the request as issues defendant wishes to litigate regarding the expert could be litigated, depending on such litigation, the government's expert would not be excluded, and defendant could designate a counter expert if he chose; (b) defendant is not in custody and has identified no prejudice from a continuance;[2] (c) the

---

[2] The government regrets any inconvenience to the Court.

government wishes to present evidence from the expert disclosed in its September 13, 2019 notice to defendant so as to educate the jury on issues it believes important to trial in this matter; and (d) although the government now recognizes its misapprehension of the court's scheduling directive for expert disclosure, respectfully, it has worked to diligently meet its obligations in this matter.

Based on the foregoing, the United States requests a determination that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant and the attorney for the government . . . reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, in conjunction with this Motion for reconsideration, the government requests that this Court vacate the current trial setting, continue trial for an amount of time sufficient to allow the defendant adequate time to address the government's expert disclosure, and exclude that time under the Speedy Trial Act. As noted above, undersigned counsel spoke to the victim about the present Motion and he does not

object to the Court's vacating the existing trial date in order to ensure that the government is enabled to present its evidence (including expert testimony) at trial.

        JASON R. DUNN
        United States Attorney

        s/ Patricia Davies and Andrea Surratt
        By: Patricia Davies
        By: Andrea Surratt
        Assistant U.S. Attorneys
        U.S. Attorney's Office
        1801 California Street, Ste. 1600
        Denver, CO 80202
        Telephone: 303-454-0100
        Fax:  303-454-0406
        E-mail: Pdavies@usa.doj.gov
        Attorney for Government

CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of September 2019, I electronically filed the foregoing

**GOVERNMENT'S MOTION, OPPOSED BY THE DEFENDANT, TO RECONSIDER COURT'S ORDER [DOC. # 41], AND TO GRANT AN ENDS OF JUSTICE TRIAL CONTINUANCE TO ALLOW FILING OF GOVERNMENT'S EXPERT NOTICE, RELATED EXPERT LITIGATION, AND DEFENDANT'S EXPERT DESIGNATION**

**with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:**

   Kelly_christl@fd.org
   Natalie_stricklin@fd.org

and I hereby certify that I have mailed or served the document or paper to the following CM/ECF participants in the manner (mail, hand deliver, etc.) indicated by the non-participant's name: