IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

DAKOTA MICHAEL HELLER,

       Defendant.
_____

**RESPONSE TO GOVERNMENT'S MOTION TO RECONSIDER AND TO GRANT AN ENDS OF JUSTICE TRIAL CONTINUANCE [DOC. 45]**
_____

Dakota Michael Heller, through counsel, Assistant Federal Public Defender Jacob Rasch-Chabot, submits the following response in opposition to the government's Motion to Reconsider and to Grant an Ends of Justice Trial Continuance. In support, counsel states:

**I.     Reconsideration is not appropriate.**

The government states that appropriate grounds for reconsideration are: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." Gov't Motion Reconsider 3 (quoting *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014)). The government relies only on the third category, arguing that the exclusion of expert testimony will result in manifest injustice.

However, the government fails to explain how this specific expert's testimony is so critical to a fair trial that its exclusion would result in a "manifest injustice." Instead, it relies solely on the generality that experts are rarely excluded absent a constitutional violation. *See United States v. Charley*, 189 F.3d 1251, 1262 (10th Cir. 1999). But that is not a blanket rule such that this Court's exclusion of the expert was necessarily erroneous or manifestly unjust. Indeed, as discussed more fully below, the Tenth Circuit recently affirmed the exclusion of the government's expert witness under very similar circumstances, distinguishing *Charley* in the process. *United States v. Moya*, 748 F. App'x 819 (10th Cir. 2018). Moreover, this Court plainly acknowledged *Charley* in its initial order excluding the government's expert witness. Thus, the government's unsupported assertion that there is "*potential* injustice *inherent* in excluding evidence from the government's case" (emphasis added) is woefully insufficient to meet its high burden of demonstrating the appropriateness of reconsideration.

Although the ostensible basis for reconsideration is "manifest injustice," the real reason is that the government simply changed its position after this Court denied its motion the first time. In its original motion, the government expressly opposed any continuance of the trial date, and now it requests a continuance. While a "motion to reconsider may be granted when the court has *misapprehended* . . . a party's position," *Christy*, 739 F.3d at 539 (emphasis added), it is not appropriate when a party simply *changes* its position. "A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Id.* Furthermore, the government arguably waived a continuance by expressly disclaiming it in its initial motion for relief. *Cf. United States v. Olano*, 507 U.S. 725, 733 (1993)

2

("[W]aiver is the intentional relinquishment or abandonment of a known right.") (internal quotation marks omitted).

Accordingly, this Court should deny the government's motion for reconsideration as improper.

## II.    The government's late-disclosed expert witness should be excluded.

Even if this Court were to reach the underlying merits of the government's motion, it should deny it.  *United States v. Moya* is instructive.  There, the government first gave notice of its intent to offer an expert witness two weeks prior to trial, beyond the district court's Rule 16 discovery deadline.  *Moya*, 748 F. App'x at 821-22.  The district court granted the defendant's motion to exclude because "(1) the government didn't provide any legitimate reason for its failure to disclose [the] expert testimony; (2) [the defendant] would be prejudiced by having to cross-examine a new expert witness on such short notice; and (3) a continuance wasn't feasible to cure this prejudice because of the parties' and the court's scheduling concerns."  *Id.* at 822.  The Tenth Circuit affirmed.

Notably, in affirming the district court's exclusion of testimony, the Tenth Circuit distinguished *Charley* because there the government "timely notified the defense that it would call certain witnesses.  It merely failed to provide summaries of their planned testimony."  *Id.*  It was in that context that *Charley* stated that exclusion of experts is rarely granted absent a constitutional violation.  *See Charley*, 189 F.3d at 1262; *see also id.* (quoting 2 Wright and Miller, Federal Practice and Procedure § 264, stating that frequently no sanction is needed where disclosure is timely but improper).  Thus, in *Moya*, where the defendant "had no notice at all that [the expert] would testify for the

3

government . . . the district court did not abuse its discretion." *Moya*, 748 F. App'x at 824.

The same is true here. The sole reason for delay is that the government negligently failed to comply with this Court's discovery deadline. As this Court previously found, "the government . . . has no good excuse for missing the expert disclosure deadline," and "the defendant is prejudiced by the late disclosure." Order, Doc. 41, at 4. Moreover, as in *Moya* and unlike *Charley*, the government failed to provide *any* notice of its intent to offer an expert witness, not merely an incomplete disclosure.

Furthermore, as in *Moya*, a continuance is not feasible here due to scheduling concerns. The government has already stated that it is unavailable the weeks of November 4 and November 11. It proposes sometime after November 25; however, that week is Thanksgiving. Meanwhile, counsel for the defense has long since blocked out this time and is prepared to go to trial in this case as scheduled on October 15. A continuance to a later date would interfere with defense counsel's other cases. For example, lead counsel on this case is scheduled to start a trial on December 9, 2019, before Judge Domenico, and counsel reasonably believes, at this time, trial will take place that week. Counsel has another case in front of this Court where her client is currently being evaluated for competency, and depending on the outcome of that evaluation, counsel could be going to trial on that case before the end of the year. Thus, a continuance as proposed by the government is not feasible.

Finally, while the government dismisses Mr. Heller's interest in a speedy trial (notwithstanding its initial assertion of the alleged victim's interest in the same) because he is not in custody, the right to a speedy trial protects against more than just pretrial incarceration. "The speedy trial guarantee recognizes that a prolonged delay may subject the accused to an emotional stress that can be presumed to result in the ordinary person from uncertainties in the prospect of facing public trial or of receiving a [prison] sentence . . . uncertainties that a prompt trial removes." *Strunk v. United States*, 412 U.S. 434, 439 (1973). Thus, Mr. Heller has a constitutional interest in a speedy trial that should not be overcome based solely on the government's negligent failure to meet the court's deadline.

Accordingly, this Court should exclude the government's expert.

## III. This Court should not exclude time from Mr. Heller's Speedy Trial Act clock to account for the government's negligence.

Because the government seeks a continuance that would push the trial beyond the deadline set by the Speedy Trial Act, the government must prove that the "ends of justice" served by excluding time from the Speedy Trial Act (STA) clock outweigh Mr. Heller's interest in a speedy trial. They do not.

The government relies on two statutory factors it says support the exclusion of time: (1) that the failure to continue the trial would "result in a miscarriage of justice"; and (2) the failure to grant a continuance would deny "the attorney for the Government the reasonable time necessary for effective preparation, *taking into account the exercise of due diligence.*" 18 U.S.C. § 3161(h)(7)(i), (iv) (emphasis added).

5

As it did with the "manifest injustice" standard for reconsideration, the government conclusorily "submits" without any explanation "that denying the continuance will deny the attorney for the Government the reasonable time necessary for effective preparation' and 'result in a miscarriage of justice' by excluding the government's expert." Gov't Motion Reconsider, ECF No. 45, at 5. Again, this unsupported assertion is woefully insufficient to carry its burden. Moreover, the government's analysis fails to "tak[e] into account the exercise of due diligence." It glosses over the fact that the sole reason for delay is that it *failed* to exercise due diligence by negligently missing this Court's deadline for expert disclosures.

The same is true with respect to the *West* factors. The first factor is "the diligence of the party requesting the continuance." The government asserts that "it has worked diligently to meet its obligations in this matter." Gov't Motion Reconsider, ECF No. 45, at 6. But that is belied by the fact that the only reason the government is seeking a continuance is that it negligently failed to comply with this Court's deadline. Thus, this factor weighs heavily against a continuance.

As for the second factor, a continuance would give the parties time to prepare for experts as this Court's scheduling order contemplates. However, with respect to the third factor, as discussed above, a continuance is not feasible due to scheduling issues, and it would impinge on Mr. Heller's right to a speedy trial.

Finally, as to the fourth *West* factor—the need asserted for the continuance and the harm the government would suffer if denied—the government has never articulated why this witness is so essential and how its exclusion would be unfairly prejudicial. It asserts only that it "wishes to present evidence from the expert . . . so as to educate the

6

jury on issues it believes important to trial." Such a conclusory assertion is insufficient to establish a "manifest injustice" or a "miscarriage of justice," and it is likewise insufficient to prove that the "ends of justice" served by a continuance outweigh Mr. Heller's interest in a speedy trial.

Accordingly, this Court should deny the government's motion for a continuance.

## IV.   Conclusion

This Court should deny the government's motion for reconsideration and for a continuance.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


/s/ Jacob Rasch-Chabot
JACOB RASCH-CHABOT
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Email:  Jacob_Rasch-Chabot@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 24, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF, system which will send notification of such filing to the following e-mail addresses:

    Patricia Davies, AUSA
    Email:  Patricia.Davies@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Dakota Michael Heller        (via Mail)

        /s/ Jacob Rasch-Chabot
        JACOB RASCH-CHABOT
        Assistant Federal Public Defender
        633 17th Street, Suite 1000
        Denver, CO  80202
        Telephone:  (303) 294-7002
        FAX:  (303) 294-1192
        Email: Jacob_Rasch-Chabot@fd.org
        Attorney for Defendant