IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DAKOTA MICHAEL HELLER,

      Defendant.
_____

**MOTION TO EXCLUDE 404(b) EVIDENCE**
_____

Dakota Michael Heller, through counsel, moves to exclude the 404(b) evidence the government disclosed in its notice. In support, counsel states:

### BACKGROUND

The government has provided notice that it intends to introduce three items of 404(b) evidence it obtained from Mr. Heller's cell phone: (1) a set of four short videos of a teenage boy sleeping in a car taken over one year after the charged conduct; (2) two photographs of a sleeping teenage boy taken two years after the charged conduct; and (3) a lengthy diary entry referencing sexual attraction to teenage boys. Although purportedly offered for proper purposes, the evidence is relevant only to emphasize that Mr. Heller is sexually attracted to teenage boys, that that sexual predisposition makes him more likely to be a sexual predator with no regard for consent, and that he acted in accordance with that predisposition at the time of the alleged offense. Accordingly, it is impermissible character evidence and must be excluded. Alternatively, even if the evidence is marginally relevant, it is substantially more prejudicial than probative

because the jury is likely to draw this impermissible character inference notwithstanding any limiting instruction.

## LEGAL AUTHORITY

Rule 404(b) provides, "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). "This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

"In weighing the admissibility of Rule 404(b) evidence, [this Court] consider[s] four factors: (1) whether the evidence is offered for a proper purpose, (2) whether the evidence is relevant, (3) whether the probative value of the evidence is substantially outweighed by its prejudicial effect, and (4) whether a limiting instruction is given if the defendant so requests." *United States v. Parker*, 553 F.3d 1309, 1313-14 (10th Cir. 2009) (citing *Huddleston v. United States*, 485 U.S. 681, 691 (1988)).

"[T]he government must articulate precisely the purpose of the proffered evidence." *United States v. Commanche*, 577 F.3d 1261, 1266 (10th Cir. 2009). It "bears the burden of showing that the proffered evidence is relevant to an issue other than character." *United States v. Youts*, 229 F.3d 1312, 1317 (10th Cir. 2000).

"To be unfairly prejudicial, the evidence must have an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily an emotional one." *United States v. Long*, 774 F.3d 653, 354 (10th Cir. 2014). The Supreme Court has recognized that "[s]uch improper grounds certainly include . . . generalizing a

defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

**A.    The Photo/Video Evidence Is Inadmissible.**

The government seeks to introduce photos of a sleeping teenage boy that is supposedly focused on the boys buttocks, and four videos allegedly centered on another teenage boy's crotch area, which the government alleges are intended to sexualize the boys.  Even assuming that photos/videos are sexual in nature (which Mr. Heller does not concede), they are inadmissible.

**1.  The government has failed to articulate precisely the proper purpose.**

"[T]he government must articulate precisely the purpose of the proffered evidence." *United States v. Commanche*, 577 F.3d 1261, 1266 (10th Cir. 2009).  It has failed to do so, instead listing five potential theories of relevance: (1) motive, (2) intent, (3) knowledge, (4) absence of mistake, and (5) lack of accident.  This laundry list approach would be insufficient to meet its burden, and continued failure to specifically articulate a proper purpose would be reason in itself to exclude the evidence.

However, it appears that the government is, in fact, relying on knowledge and absence of mistake, arguing that Mr. Heller "seeks opportunities to sexualize sleeping teenage boys, *knowing* (or simply not caring) that those boys have not granted permission or expressed any reciprocal sexual interest in him.  This tends to discredit the defendant's assertion that, at the time he masturbated sleeping Minor #1, he had a genuine, but *mistaken*, belief about Minor #1's specific interest in being touched."  Gov't

Notice 9-10 (emphasis added). Knowledge and absence of mistake are proper purposes under the rule.

### 2. The evidence is not relevant for a proper purpose.

"[T]he government bears the burden of showing that the proffered evidence is relevant to an issue other than character." *United States v. Youts*, 229 F.3d 1312, 1317 (10th Cir. 2000). While knowledge and absence of mistake are proper purposes, the 404(b) evidence is not relevant to these purposes absent a forbidden character inference. Accordingly, the evidence should be excluded.

The government dedicates one sentence to explaining its theory that the videos and images are relevant: "They make it more probable that the defendant knew Minor #1 was uninterested in being sexually stimulated on an airplane, and less probable that the defendant was under a mistaken impression that Minor #1 welcomed the advances." Gov't Notice 10. This conclusory statement is insufficient to carry its burden to prove that the evidence is relevant independent from a forbidden propensity purpose.

The government also cites to *United States v. Brand*, 467 F.3d 179 (2nd Cir. 2006) for support. However, *Brand* is inapposite. There, the defendant was charged with interstate travel with intent to engage in sexual acts with a 13-year-old, and his defense was that he was traveling for the wholly innocent purpose of giving her voice lessons. *Id.* at 197. That the defendant possessed child pornography made it more likely that he intended to have sex with the child rather than give her voice lessons. Thus, the court properly admitted evidence of his child pornography possession to rebut his defense. Here, as the government recognizes, Mr. Heller does not deny that he *intended* to engage in sexual contact with Minor #1. Thus, unlike in *Brand*, evidence of

4

his sexual attraction to sleeping teenage boys does not go to any disputed issue of intent, and is therefore irrelevant.

The only issue here, as the government correctly states, is whether Mr. Heller reasonably believed that Minor #1 *consented* to the sexual contact. That Mr. Heller has previously taken video and photographs of sleeping teenagers says nothing of whether he reasonably believed Minor #1 consented to sexual contact.

First, there is nothing illegal about the photographs and videos; the law does not require Mr. Heller to obtain consent before taking them. Whether Mr. Heller first obtained consent to do something he was not legally required to get consent to do says nothing of whether he would first obtain consent before engaging in sexual contact, something he is certainly required to get consent for under the law. The gap between legally taking pictures and illegally forcing nonconsensual sexual contact is too wide for the photo/video evidence to be relevant to the sole disputed issue of consent.

Moreover, even if taking the pictures/videos were illegal, it still would not be relevant to consent, unless Mr. Heller had repeatedly raised a consent defense to the accusations. *United States v. Commanche* is instructive. There, the defendant claimed self-defense when charged with assault causing serious bodily injury. *Commanche*, 577 F.3d at 1263. The district court admitted two prior convictions of aggravated battery as 404(b) evidence rebutting his claim of self defense. The Tenth Circuit reversed because "the 404(b) evidence cannot show that Commanche's self-defense theory was invalid unless the jury impermissibly infers that he acted in conformity with a violent predisposition." *Id.* at 1269.

In "consider[ing] whether Comanche's two aggravated battery convictions, and the facts underlying them, bear directly on a permissible purpose," the Court "focus[ed] on the sole disputed issue in the case: self defense." *Id.* at 1268. "That Commanche has twice been convicted of battering people in the past using a sharp object has no direct bearing on whether he acted in self defense in this particular instance." *Id.* That is, except based on the impermissible inference that he acted in accordance with his violent predisposition. *Id.* The Tenth Circuit further explained that this "case is not one in which intent is proven circumstantially based on repeated substantially similar acts" because there "is no evidence in the record that Commanche claimed self defense on the two other occasions." *Id.* at 1269. Thus, the "prior aggravated battery convictions demonstrate nothing about his intent; they simply show that he is violent." *Id.*

There are significant parallels here. As in *Commanche*, Mr. Heller is not denying that he committed the physical act—there the sole issue was whether the defendant reasonably acted in self defense; here, it is whether Mr. Heller reasonably believed he had consent. In *Commanche*, his prior battery convictions had no bearing on whether he reasonably acted in self defense except to show that he was violent. Similarly, here, the jury cannot infer that Mr. Heller did not reasonably believe he had consent without first drawing an impermissible character inference—that he is a deviant sexual predator and that he acted in conformity with that predisposition at the time of the offense. Thus, unless Mr. Heller had repeatedly raised a consent defense in charges stemming from the taking of photos and videos, they have no bearing on whether Mr. Heller reasonably believed he had consent to perform a sexual act with Minor #1. Accordingly, the evidence is not relevant for a proper purpose and must be excluded.

6

That the videos and photos were taken one and two years *after* the charged conduct, respectively, further diminishes their probative value. As the government recognizes, subsequent conduct can be relevant 404(b) evidence, but only if it is sufficiently "similar to the charged crime and sufficiently close in time." *United States v. Zamora*, 222 F.3d 756, 761 (10th Cir. 2000). As discussed above, legally taking pictures or video of sleeping teenage boys is not even in the same ballpark as engaging in nonconsensual sexual contact. The fact that this dissimilar conduct occurred a year or two later fully negates any potential relevance.

### 3. The evidence is substantially more prejudicial than probative.

Even if the evidence is somehow relevant for a proper purpose, the line between that proper purpose and the impermissible character inference is so blurry as to be confusing to the jury and unfairly prejudicial. The government maintains that the "purpose is *not* to show that the defendant has a character or disposition for an attraction to teenage boys. Rather, this evidence demonstrates that the defendant has, on multiple occasions, made the affirmative decision to sexualize vulnerable, sleeping teenage boys, without regard to their consent, making it more likely that when he did the same to Minor #1, it was similarly without Minor #1's invitation." Gov't Notice 12. If this is not a propensity inference, it sure sounds like one, and a jury is not going to understand the difference.

Moreover, even the emphasis that Mr. Heller is sexually attracted to teenage boys is unfairly prejudicial and likely to enflame the passions of the jury. Mr. Heller is not disputing that he engaged in sexual contact with Minor #1. Thus, whether he is generally attracted to teenage boys, as opposed to Minor #1 in particular, is not

relevant. It is, however, a prejudicial inference the jury is inevitably going draw. Individuals who are sexually attracted to minors, in particular men who are attracted to underage boys, are indisputably among the most abhorred, feared, and shunned people in American society. This is due in part to the common misconception that mere sexual attraction to minors is highly likely to cause one to sexually abuse young children. Thus, evidence that Mr. Heller is sexually attracted to teenagers will lead jurors to believe that he is necessarily a bad, amoral person who is likely to have committed the charged crime based solely on his sexual predisposition. *Cf. Millard v. Rankin*, 265 F. Supp. 3d 1211 (D. Colo. 2017) ("The fear that pervades the public reaction to sex offenses—particularly as to children—generates reactions that are cruel and in disregard of any objective assessment of the individual's actual proclivity to commit new sex offenses."). Accordingly, any evidence that unduly emphasizes Mr. Heller's general sexual attraction to teenage boys is substantially more unfairly prejudicial than probative and must be excluded based on Rule 403.

### 4. A limiting instruction is insufficient to cure the prejudice.

If this Courts admits the evidence, then Mr. Heller would request a limiting instruction. However, a limiting instruction alone is insufficient to cure the potential prejudice identified above. Again, the line between any permissible inference and impermissible inference is too fine for a jury to understand, and no limiting instruction will sufficiently clarify the distinction. Nor can a limiting instruction rid a juror's bias against Mr. Heller for having a longstanding and strong sexual interest in children. Accordingly, a limiting instruction is insufficient to overcome the 403 prejudice.

**B.     The diary entry is inadmissible.**

The government asserts that the diary entry is relevant for the proper purpose of motive, intent, and absence of mistake.  These are proper purposes, but the government again fails to articulate how the 404(b) evidence is relevant for these proper purposes without first requiring in improper propensity inference.

Indeed, the government appears to welcome the propensity this time, declaring the evidence is "probative that the defendant has a strong attraction to boys that he apparently struggles but fails to rid himself of.  Thus, the Note shows that Heller seeks opportunities to sexualize boys not caring that those boys have not granted permission or expressed any reciprocal sexual interest in him." Gov't Notice.  This is a blatant impermissible character inference: Mr. Heller is sexually attracted to teenage boys; therefore, he must seek opportunities to sexually abuse them.

In any event, even if Mr. Heller's sexual attraction to teenagers was relevant for a proper purpose, the vast majority of the content of the diary entry (including the limited content the government specifically identifies) is either not limited to attraction to boys (e.g., he says that he "lustfully contemplate[s] *each person*," not just boys) or too vague to be relevant (e.g., "terrible addiction and desire").  It is certainly not clear that Mr. Heller is specifically talking about sexual attraction to boys, and he could just as easily be talking about homosexuality in general, which his church views as a sin.

However, even if it were plainly and only referring to his sexual attraction to minors, the evidence would still be inadmissible as substantially more prejudicial than probative.  Indeed, the impermissible character inference the government advocates for is exactly the reason identified above why this evidence, as well as the photos/videos

evidence, is so prejudicial. There is a substantial risk that jurors, just like the government, will draw the impermissible inference that because Mr. Heller is sexually attracted to teenage boys, he must be a deviant sexual predator that acts without regard to the consent of the object of his attraction. Accordingly, the evidence is inadmissible as substantially more unfairly prejudicial than probative.

## CONCLUSION

This Court should exclude the government's 404(b) evidence.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/Jacob Rasch-Chabot
JACOB RASCH-CHABOT
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
jacob.rasch-chabot@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

  I hereby certify that on October 8, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

  Patricia Davies, AUSA
  Email: Patricia.Davies@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

  Dakota Michael Heller    (via Mail)


            <u>s/Jacob Rasch-Chabot</u>
            JACOB RASCH-CHABOT
            Assistant Federal Public Defender
            633 17th Street, Suite 1000
            Denver, CO  80202
            Telephone:  (303) 294-7002
            FAX:  (303) 294-1192
            jacob.rasch-chabot@fd.org
            Attorney for Defendant