**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAKOTA MICHAEL HELLER,

    Defendant.

---

**GOVERNMENT'S RESPONSE TO MOTION TO EXCLUDE TESTIMONY AND
FOR *DAUBERT* HEARING [DOC. # 59]**

---

The United States Attorney, by and through Assistant United States Attorneys Patricia Davies and Andrea Surratt hereby responds to the defendant's Motion to Exclude Expert Testimony and for *Daubert* Hearing, Document # 59 ("Rule 702 Motion").

## SUMMARY OF GOVERNMENT'S POSITION

**Factual Background**

Defendant is charged with abusive sexual contact, in violation of 18 U.S.C. Section 2244(b). The evidence at trial will show, *inter alia*, that: on April 3, 2017, the defendant Dakota Heller (Heller) and his 16 year-old victim were on a return flight from a church mission trip in Uganda that they had both participated in; Heller moved airline seats to travel next to the victim; Heller gave Ambien to the victim, Heller placed a

1

blanket over the victim's and Heller's laps; and after the victim was falling asleep, Heller unbuttoned the victim's shorts, moved aside his underwear and masturbated the victim to ejaculation.  The victim was not fully aware at the time of what had transpired, only fully realizing what Heller had done to him when the victim later got up to use the airliner's restroom. When the flight landed in Seattle, the victim confronted Heller who then told the victim, in substance, not to tell anyone about the abusive sexual contact as it would ruin Heller's life. Heller repeated his request for non-disclosure to the victim after they reached Colorado.

Following the incident in early April 2017, Heller communicated with the victim on social media and in person. Heller also hired the victim to work in Heller's home renovation business, and Heller and the victim communicated regarding their work relationship and their shared interest in exercise. The government expects that its trial evidence will include testimony from fellow church members regarding their observations of the interactions between the defendant and victim, and defendant's behavior in pursuing a social and work relationship with the victim after April 2017.  In late 2018, the victim travelled on another church-related trip, and advised a minister in Australia regarding Heller's abusive sexual contact with him. The minister advised the victim to report the abusive sexual contact, and the victim subsequently did so in January 2019.

**Expert Testimony**

The government intends to call FBI Child and Adolescent Forensic Interviewer Karen Blackwell, MSW, LCSW.  Ms. Blackwell will offer opinions

2

concerning background concepts that will assist the jury in evaluating the evidence in this case. Specifically, Ms. Blackwell will provide testimony regarding the process of minor sexual abuse victimization and the process of victims disclosing that they have been abused. These opinions are based on Ms. Blackwell's extensive training and experience in this field.[1] Ms. Blackwell has gained her substantial expertise through her education, training, and the thousands of forensic interviews that she has personally conducted. Her expertise will "help the trier of fact to understand the evidence or to determine a fact in issue" as required by Federal Rule of Evidence 702, as the process of victimization and the factors effecting the timing and nature of victims' disclosures are outside the ordinary experience of jurors.  As such, the basis and nature of Ms. Blackwell's proposed testimony is well within settled law for expert testimony. *See United States v. Koruh*, 210 F.3d 390, 2000 WL 342252, at *2-*3 (10th Cir, April 3, 2011) (unpublished) (rejecting appeal based on admission of expert testimony, and citing with approval admission of expert witness testimony based on "observations and experience from interviewing numerous persons who purportedly were victims of child abuse.")

**Summary of Defendant's Arguments**

Defendant argues that Karen Blackwell's expert testimony should be excluded, claiming that: (1) the government's disclosure is insufficient for failing to adequately state the "bases and reasons for those opinions;" (Rule 702 Motion at 2-3), (2) the

---

[1] The government notes that the defendant's Rule 702 Motion attached the government's September 13, 2019 Expert Disclosure regarding Ms. Blackwell's anticipated testimony but omitted her *curriculum vitae*, which the government appends to this response for the Court's convenience.

proposed testimony does not satisfy Rule 702 and a *Daubert* hearing is required; (3) the testimony is not relevant because there was no "grooming" and because expert testimony is not needed as to "delayed disclosure" because it is "common knowledge and well understood by the jury;" (4) testimony regarding "grooming" is unreliable based on Document #59-3; and (5) the expert testimony should be excluded as unfairly prejudicial under Rule 403.  (Rule 702 Motion, pp. 4-9).

Defendant's Rule 702 Motion should be denied because his arguments lack merit and are not supported by any on-point legal authority.  Simply, the defendant has been properly notified regarding Ms. Blackwell's testimony; that testimony satisfies Rule 702 because it will "help the trier of fact to understand the evidence" and "determine a fact in issue."  Moreover, the Court should decide this motion without a *Daubert*[2] hearing because Ms. Blackwell's testimony, while educating the jury, is not based on "novel scientific theories and testing" that implicate *Daubert*. The defendant's other specific complaints regarding Ms. Blackwell's testimony are addressed below.

## **DEFENDANT'S RULE 702 MOTION SHOULD BE DENIED**

### **The Government's Expert Disclosure Provided Proper Notice**

Defendant begins by complaining that the government's Rule 16(A)(1)(G) notice ("Expert Disclosure") was deficient under Rule 16 for failing to adequately explain the bases for the witness's opinions. A fair examination of the Expert Notice,

---

[2] *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 589 (1993).

4

however, shows otherwise. The Expert Disclosure details in paragraphs and subparagraphs Ms. Blackwell's opinions on subjects pertinent to the issues in this case, including the factors that impact how difficult it may be for minors to disclose the details of sexual abuse (including age, gender, etc.); factors causing delayed or partial disclosure of sexual abuse; factors effecting the length of delays in disclosure of sexual abuse (including the relationship between victim and perpetrator). The Expert Disclosure also details Ms. Blackwell's opinions regarding the process of victimization, most pertinent in this case, "establishing a connection" and behaviors by perpetrators that are "developed and utilized to prevent disclosure." (Doc. # 59-1, pg. 2, ¶¶ 1-3, 4, 4(a), 4(c), 4(d)).

Defendant apparently complains that the Expert Disclosure needed to list specific articles on which Ms. Blackwell's opinions are based. However, Ms. Blackwell's specialized knowledge, as reflected in her attached *curriculum vitae*, reflects her ongoing education, and extensive experience over her 20-plus years of work in this field. In essence, no list of articles underlie her specialized knowledge; her expertise results from ongoing reading and work in her field of expertise, as reflected in the description of her education and training, her professional affiliations, the awards she has received, her thousands of personally conducted interviews, and her role training others nationally and internationally from the early 2000s through April 2019. Under the law of this and other circuits, nothing further is needed as "bases" for Ms. Blackwell's opinions, and defendant's complaint on this point lacks merit. *See e.g., Koruh, supra; United States v. Batton*, 602 F.3d 1191, 1200 (10th Cir. 2010) (expert testimony regarding characteristics of sex offenders was properly admitted

5

where witness had long clinical career in treating offenders and victims and conducting research; approving expert testimony that perpetrators of sex offenses are "more often than not… well-respected individuals in a community who often use their positions to groom their victims into trusting them"); *United States v. Bighead*, 128 F.3d 1329, 1331 (9th Cir. 1997) (approving admissibility of expert testimony regarding general characteristics of sexually abused children, including delayed disclosure, where expert's testimony consisted of "her observations of typical characteristics drawn from many years experience interviewing many, many persons, interviewed because they were purported victims of child abuse.")[3]

Defendant also notes that the Expert Disclosure references that Ms. Blackwell has reviewed the "memoranda of interview and other investigative materials in this case" and complains that she cannot apply her opinions to the specific facts of this case. The Expert Disclosure notified the defendant that Ms. Blackwell had reviewed memoranda of interview and investigative materials. The government will only elicit Ms. Blackwell's opinions applicable to the specific facts of this case if the "door is opened" by the defendant, or if the defendant otherwise creates confusion or a false impression regarding Ms. Blackwell's testimony and work in this matter.

---

[3] Defendant also complains that Ms. Blackwell may offer testimony outside the scope of the Expert Disclosure. She will not. However, the government notes that, consistent with the Expert Disclosure, Ms. Blackwell will testify that factors of age and gender, among others, influence victimization and delayed disclosure, and thus her testimony will encompass how the fact that a victim is an adolescent male effects the process of victimization and possible delayed disclosure.

6

## **LEGAL FRAMEWORK UNDER RULE 702**

Federal Rule of Evidence 702 governs the admissibility of expert testimony. Pursuant to Rule 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if" the following four factors are met:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

District courts must perform a gatekeeping role to ensure that evidence is "not only relevant, but reliable." *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 589 (1993). But the test of reliability is "flexible" and "the law grants a district court the same broad latitude when it decides *how* to determine reliability as it enjoys in respect to its ultimately reliability determination. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141-42 (1999).

Rule 702 provides the framework for courts to review the admissibility of various types of expert testimony, so long as the proposed testimony will "help the trier of fact to understand the evidence or to determine a fact in issue." As such, it is settled in the Tenth Circuit and other circuits that, in prosecutions involving alleged sexual abuse of minors, expert testimony relating to the characteristics of victims and their disclosure, and characteristics of victimization is admissible because it will assist the jury. *See e.g., United States v. Charley*, *supra*, 189 F.3d 1251, 1264 (10th Cir. 1999) (in the context of child sexual abuse cases, experts that are properly qualified may testify as to their

7

opinion on whether the evidence is consistent or inconsistent with the allegations of sexual abuse, or regarding "characteristics of sexually abused children" more generally); *United States v. Perrault*, Crim. No. 17-02558-MV-1, slip op., 2019 WL 1024284, at *4 (D.N.M. 2019) (the expert's "proffered testimony will concern issues such as delayed disclosure of abuse by victims as well as victim behavior, reactions, and characteristics. She may also testify as to offender characteristics. As such, her testimony falls within the permissible parameters of general victim characteristics that has been allowed by courts, including in the Tenth Circuit."); *United States v. Koruh, supra,* 2000 WL 342252, at *2, *4 (affirming the district court's ruling to admit expert testimony on the conduct and symptoms of sexual assault victims, and noting "[e]xpert testimony which addresses 'a class of victims generally,' and not the 'particular testimony of the child victim in the case,' is admissible") (citations omitted).

Nonetheless, defendant argues that Ms. Blackwell's opinion regarding "grooming" is irrelevant because there is insufficient evidence that each of the stages of grooming behavior outlined in the Expert Disclosure occurred in this case, although defendant apparently acknowledges that evidence would support that defendant "groomed" to delay the victim's disclosure. Defendant's argument provides no basis to exclude Ms. Blackwell's testimony for two reasons. First, the undersigned counsel has consulted with Ms. Blackwell, who, based on her review of the case materials concludes that evidence supports that all stages of grooming took place in this matter.[4]   Second,

---

[4] The government submits that, in making this argument, defendant both insists that Ms. Blackwell may not apply her expertise to the facts of this case but then claims her testimony is irrelevant by assuming she would not find evidence of all stages of grooming here. The government submits that Ms. Blackwell's opinions regarding background concepts will "help the trier of fact understand the evidence," and is admissible. Defendant may argue that the

8

defendant's argument assumes, without support, that even if the jury concluded that the trial evidence showed that defendant engaged in some but not all of the grooming behaviors, that circumstance renders Ms. Blackwell's testimony inadmissible. Defendant can argue to the jury, of course, how his conduct does not match each and every "grooming stage" but that is not a basis to exclude the expert testimony.

Defendant also claims that "delayed disclosure" is common sense for which the jury does not need education. The cited cases that admitted such expert testimony counsels otherwise, and defendant's general claims, based on his cited 2005 study, do not support exclusion. Rather, if defendant wishes to stipulate that the abusive sexual contact occurred, that the victim delayed disclosure at the defendant's request, and that the victim's delayed disclosure is irrelevant to the issue of victim's consent, the government will consider whether Ms. Blackwell's testimony is needed on this issue. Otherwise, defendant is free to offer a defense expert as he sees fit.

Finally, defendant's Rule 702 Motion claims that its citation to a 2014 article proves that definitions of "grooming" lack consensus, and thus, grooming is not a proper topic for expert testimony. (Doc. # 59, Rule 702 Motion, pp. 7-8; Doc. # 59-3). Defendant's claim lacks merit for at least two reasons: (1) the purpose of the article was to propose a definition of grooming that could be used as a predictive tool to prevent child sex abuse and to corroborate sex abuse claims (Document # 59-3, pp. 3-4), which purpose renders it irrelevant or marginally relevant to this motion; and (2) the article is a 2014 paper interpreting others' research, and provides insufficient grounds for the Rule

---

testimony is inapplicable here or offer counter expert testimony.

9

702 Motion's requested relief in light of Ms. Blackwell's indisputable expertise. Again, defendant is free to offer counter expert testimony, but has failed to show that Ms. Blackwell's reliable and relevant testimony should be excluded.

### KAREN BLACKWELL'S PROPOSED EXPERT TESTIMONY IS ADMISSIBLE UNDER RULE 702, AND NO *DAUBERT* HEARING IS REQUIRED

Defendant also argues – without citation to any case law involving testimony similar to that proposed here – that Ms. Blackwell's testimony is unreliable, and should be subject to a *Daubert* hearing.

Defendant is wrong. Ms. Blackwell's testimony is based on her specialized knowledge from her decades of experience and training; addresses subjects that are recognized as appropriate areas for expert testimony; and will "assist the trier of fact to understand the evidence or to determine a fact in issue."

Moreover, although this Court must ensure that expert testimony is relevant and reliable, there is nothing in *Kumho Tire*, *Daubert*, or its progeny that requires the Court to conduct a pre-trial evidentiary hearing if the expert testimony is based on well-established principles. Indeed, the Tenth Circuit has held that "*Daubert* does not mandate an evidentiary hearing." *United States v. Mathews*, 928 F.3d 968, 978–79 (10th Cir. 2019) (citing *United States v. Nichols*, 169 F.3d 1255, 1263-64 (10th Cir. 1999)).

In *Nichols*, the Tenth Circuit characterized the district court's approach as "flawless." *Nichols*, 169 F.3d at 1264. There, like here, "the challenged evidence d[id] not involve any new scientific theory and the testing methodologies [were] neither new

10

nor novel." *Id.* at 1263.   Moreover, the district court's decision not to require a pre-trial evidentiary hearing appropriately conserved judicial resources.   *Id.* at 1263-64.

A number of courts have specifically permitted expert testimony akin to the proffered expert testimony here without a *Daubert* hearing.  *See United States v. Kenyon*, 481 F.3d 1054, 1061 (8th Cir. 2007) (holding that expert testimony regarding children's reluctance to disclose sexual abuse for significant periods of time and difficulty describing such abuse is admissible and a *Daubert* and/or other preliminary hearing is not required.); *United States v. Bighead*, *supra*, 128 F.3d at 1330 (holding that evidence of general behavioral characteristics of sexually abused victims need not be subjected to the same standard as evidence based on "novel scientific technique" per *Frye v. United States*, 293 F.1013 (D.C. Cir. 1923); *United States v. Hadley*, 918 F.2d 848, 853 (9th Cir.1990) (same); *United States v. Perrault*, *supra*, 2019 WL 1024284 at *4.

Karen Blackwell's expert testimony does not involve any new scientific theory or novel idea. Rather, this type of expert testimony has been determined by courts to be properly admitted under Rule 702.  Ms. Blackwell is well qualified, and her opinions are based on her education, training and most importantly, her extensive experience in having personally conducted thousands of forensic interviews involving sexually abused minors, including adolescents. A *Daubert* hearing is not required, and this Court should find that Karen Blackwell's proposed testimony is relevant, reliable and admissible because it will "help the trier of fact to understand the evidence or determine a fact in issue."

## **MS. BLACKWELLS' TESTIMONY SHOULD NOT BE EXCLUDED UNDER RULE 403**

Finally, defendant argues that Ms. Blackwell's testimony should be excluded under Rule 403. However, as defendant concedes, such exclusion is **only** warranted if the "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury….." (Doc. # 59, at 8). Defendant then claims that because the victim's age is not an element of the crime, testimony from an expert regarding adolescent sexual abuse is prejudicial because defendant will then be forced to contend with issues regarding the age of the victim.

Defendant's argument lacks merit. Preliminarily, it is not possible (or proper) to remove "age" from this trial as the victim's age, as well as the defendant's age are relevant to the context and circumstances of the crime, and the victim's delayed disclosure. Further, because Ms. Blackwell is well qualified to offer the disclosed expert testimony that will "help the trier of fact understand the evidence or determine a fact in issue, her testimony has clear probative value. The jury will be properly instructed on the law, identifying for them what are and are not the issues in this case. Thus, the defendant's bald claim that allowing Ms. Blackwell to provide appropriate expert testimony somehow "shifts the focus" improperly (Rule 702 Motion, p. 9) does not establish that unfair prejudice, confusing or misleading of the jury substantially outweighs the probative value of her testimony.

## **CONCLUSION**

Accordingly, the defendant's Rule 702 Motion should be denied.

>Respectfully submitted,
>
>Jason R. Dunn
>United States Attorney
>
>By: s/Patricia Davies
>Patricia Davies
>Andrea Surratt
>Assistant U.S. Attorneys
>United States Attorney's Office
>1801 California Street, Suite 1600
>Denver, Colorado 80202
>Telephone: (303) 454-0100
>FAX: (303) 454-0406
>E-mail: patricia.davies@usdoj.gov
>Andrea.Surratt@usdoj.gov
>Attorneys for the United States

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of October, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

By: s/Amy McDaniel
Amy McDaniel
Legal Assistant
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202

14