IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAKOTA MICHAEL HELLER,

    Defendant.

---

# ORDER

---

This matter comes before the Court on defendant's Motion to Exclude Expert Testimony and for *Daubert* Hearing [Docket No. 59].

Defendant requests that the Court prohibit Karen Blackwell from testifying on the process of "grooming" and delayed disclosure as they relate to child sex abuse. Docket No. 59 at 1. Ms. Blackwell is a Child/Adolescent Forensic Interviewer with the Federal Bureau of Investigation. Docket No. 62-1 at 1. Defendant proffers three reasons for exclusion. First, defendant argues that the government's Federal Rule of Criminal Procedure 16(a)(1)(G) disclosure was insufficient. Docket No. 59 at 2. Second, defendant claims that, under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), Ms. Blackwell's testimony is both unreliable and irrelevant. *Id.* at 4-8. Third, defendant contends that, under Federal Rule of Evidence 403, the probative value of Ms. Blackwell's testimony is substantially outweighed by prejudice and confusion.

Rule 16 requires a written summary of proposed expert testimony that "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(a)(1)(G). The government sent a letter to defendant dated September 13, 2019 that summarized Ms. Blackwell's opinions and which attached her curriculum vitae. Docket No. 59-1. Defendant concedes that the notice provides an adequate summary of Ms. Blackwell's opinions and qualifications, Docket No. 59 at 2-3, but argues that, without "studies and literature" that show on what Ms. Blackwell has based her opinions, the summary is deficient as to the "bases and reasons" for those opinions. *Id.* at 3.

The Court finds no deficiency in the government's Rule 16 disclosure. The government did not cite any articles or literature that form the bases of Ms. Blackwell's opinions, but the government's disclosure is reasonably interpreted to mean that Ms. Blackwell's opinion, as informed by the literature, is primarily based on "the thousands of forensic interviews that she has personally conducted." Docket No. 59-1 at 1. The Court finds that the failure to cite literature or studies does not render the disclosure insufficient under Rule 16. *See United States v. Lipscomb*, 539 F.3d 32, 38 (1st Cir. 2008) ("[Because] those conclusions were based on the officers' experience . . . [and] the defense had full notice of the *actual opinions* to which the detectives intended to testify, we are unpersuaded by the defendant's criticism of the lack of detail regarding the *bases* for those opinions.").

Defendant argues that, even if the disclosure is sufficient under Rule 16, Ms. Blackwell's testimony fails to meet the requirements of Rule 702. Docket No. 59 at 4. Rule 702 states that "[a] witness who is qualified as an expert by knowledge, skill,

2

experience, training, or education may testify in the form of an opinion . . . if . . . the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." When assessing evidence in light of Rule 702, courts must find that the evidence is relevant and reliable. *Daubert*, 509 U.S. at 589. While a defendant may request a *Daubert* hearing, the district court is not required to hold one. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999); *United States v. Mathews*, 928 F.3d 968, 979 (10th Cir. 2019) (citing *United States v. Nichols*, 169 F.3d 1255, 1262 (10th Cir. 1999)).

Defendant contends that Ms. Blackwell's testimony about grooming and delayed disclosure is irrelevant because (1) there is no evidence that defendant groomed the alleged victim before the alleged sexual assault and (2) jurors already understand delayed disclosure by sexual assault victims, so any testimony on that subject is unhelpful to the jury. Docket No. 59 at 5-6.

The government has not identified grooming behavior before the alleged assault in this case. However, the government intends to introduce evidence that defendant used grooming of the alleged victim to delay or prevent disclosure of the incident. Docket No. 62 at 8. Therefore, while generalized testimony from Ms. Blackwell about pre-assault grooming behavior appears irrelevant, post-assault behavior is not.

Even if relevant, defendant argues that Ms. Blackwell's proposed grooming testimony is unreliable. Docket No. 59 at 7. To support this contention, defendant relies on a study where the authors review grooming literature and conclude that grooming does not have a consistent definition and grooming behavior cannot be

3

identified with any reliability.  *Id.* at 8 (citing Natalie Bennett & William O'Donohue, *The Construct of Grooming in Child Sexual Abuse*, 23 J. Child Sexual Abuse 957, 974 (2015)).  This article, however, focuses on pre-assault behavior and does not discuss or explore post-assault grooming.  The article does not call into question the reliability of Ms. Blackwell's testimony on post-assault grooming.

Other courts have allowed grooming testimony.  *See, e.g.*, *United States v. Batton*, 602 F.3d 1191, 1200-02 (10th Cir. 2010) and cases cited therein.  The Court agrees with the rationale of those cases.  Moreover, Ms. Blackwell has conducted thousands of forensic interviews and defendant does not challenge her qualifications.

Defendant also questions the relevancy of Ms. Blackwell's proposed testimony as it applies to victims who are not the same age or gender as the alleged victim.  Docket No. 59 at 7.  The Court agrees that generalized testimony unrelated to the age of the alleged victim would be overbroad.  Therefore, Ms. Blackwell should limit her testimony about post-assault grooming behavior to mid- to late teenagers.  Ms. Blackwell must also focus her testimony on post-assault grooming as opposed to grooming behavior generally or pre-assault behavior that may benefit a perpetrator post-assault.

In addition to grooming behavior, the government disclosure states that Ms. Blackwell will testify regarding child sexual assault victims' delayed reporting.  The government indicates that, as with her testimony regarding grooming, Ms. Blackwell will not testify to the facts of this case, but rather will testify generally about victims' delayed reporting.  Defendant argues that delayed reporting is common knowledge and, therefore, unhelpful to the jury.  *Id.* at 6.  Defendant cites the following portion from the

4

government's disclosure: "Child sexual abuse victims may often delay their disclosures, and/or give partial disclosures. These occurrences can be due to any number of factors. Failure to disclose and/or partial disclosure may be a coping mechanism for the child." *Id.* Defendant admits that this opinion is "not untrue." *Id.* The issue, then, is not reliability, but whether delayed reporting is outside the ken of the average juror. As noted in *Batton*, 602 F.3d at 1200-02, courts have allowed experts in child sexual assault cases to discuss misconceptions that members of the public may have about such crimes. The Court finds that delayed reporting by minors in sexual assault causes is not within the ken of an average juror and that expert testimony on the subject is appropriate. *See United States v. Perrault*, 2019 WL 1024284, at *4 (D.N.M. Mar. 4, 2019). Therefore, Ms. Blackwell may testify about delayed reporting by mid- to late teenagers.

Finally, defendant argues that Ms. Blackwell's testimony violates Rule 403. Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . [or] misleading the jury." Defendant contends that, because the issue in this case is one of consent, Ms. Blackwell's testimony will mislead the jury into considering the age of the alleged victim and will be prejudicial to defendant because the issue is not child sex abuse. The Court rejects this argument. The age of the alleged victim will be an issue in this trial in any event. Moreover, even if the statute makes the issue of consent relevant, Ms. Blackwell's testimony is nevertheless pertinent because the alleged victim was sixteen years-old at the time of the alleged assault. The defendant's claimed prejudice does not substantially outweigh the probative value of Ms. Blackwell's testimony.

Defendant asks that Ms. Blackwell's testimony be limited to rebuttal. Docket No. 59 at 9. The Court believes that, if Ms. Blackwell testified in the government's case-in-chief, the jury could mistakenly interpret Ms. Blackwell's testimony as inappropriately bolstering the alleged victim's credibility as opposed to explaining the dynamics of grooming or delayed reporting. As a result, the Court will limit Ms. Blackwell's testimony to the government's rebuttal case.

It is therefore

**ORDERED** that defendant's Motion to Exclude Expert Testimony and for *Daubert* Hearing [Docket No. 59] is granted in part and denied in part.

DATED October 11, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge