IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAKOTA MICHAEL HELLER,

    Defendant.
_____

**ORDER**
_____

This matter comes before the Court on the Motion to Exclude 404(b) Evidence [Docket No. 60], wherein the defendant Dakota Michael Heller seeks to exclude certain photographs and videos of sleeping boys that the government intends to introduce through Fed. R. Evid. 404(b).[1] See Docket No. 52 (Rule 404(b) notice). The government has filed a response. See Docket No. 67.

The act charged in this case is alleged to have taken place on April 3, 2017. The government anticipates introducing evidence at trial that will show as follows: The defendant and Minor #1 were on an international flight returning to the United States. The defendant swapped seats in order to sit next to Minor #1, who was 16 years old at the time. At Minor #1's request, the defendant gave Minor #1 Ambien. Docket No. 67 at 2. Two or three hours later, when Minor #1 was groggy, the defendant placed a

---

[1] The government's notice identified a third category of Rule 404(b) evidence, but the government has indicated that it will no longer attempt to introduce it. See Docket No. 67 at 1.

blanket over his and Minor #1's laps, moved his hand inside Minor #1's shorts and underwear, and had sexual contact with Minor #1. Minor #1 fell asleep afterwards. When Minor #1 woke up to use the bathroom, Minor #1 realized what had happened. Docket No. 52 at 3.

The Rule 404(b) evidence that the government seeks to introduce are videos and photographs from the defendant's cellular telephone. Exhibits A1 to A4 to the government's Rule 404(b) notice consist of four video clips, apparently taken in succession, of the crotch of a boy wearing shorts who is sleeping in a moving vehicle. There is no interaction between the boy and anyone else in the car. Exhibits B1 to B4 are two very short videos and two photographs of the lower half of a boy wearing shorts sleeping face down on a couch. There is no interaction between anyone and the boy.

The government represents that Exhibits A1 to A4 were created in June 2018, a year after the charged conduct, and that Exhibits B1 to B4 were created almost two years after the charged conduct. Docket No. 67 at 4-5. The government states that both boys were around 13 or 14 years old at the time. *Id*. at 5.

In determining whether to admit evidence under Rule 404(b), the Court looks to the four-part test in *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988), which requires that:

> (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

2

*United States v. Roberts*, 185 F.3d 1125, 1141 (10th Cir. 1999) (internal quotations and citation omitted). The fact that similar acts occurred after the charged incident does not necessarily preclude their admissibility. *United States v. Mares*, 441 F.3d 1152, 1157 (10th Cir. 2006). Although Rule 404(b) evidence must be similar to the charged offense, it does not need to be identical. *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000). Similarity may be shown through "physical similarity of the acts or through the 'defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic offense and charged offenses.'" *United States v. Queen*, 132 F.3d 991, 996 (4th Cir. 1997) (quoting *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978)). "The more similar the act or state of mind is to the charged crime, the more relevant it becomes." *Zamora*, 222 F.3d at 762.

Both sides agree that the only issue at trial is whether, when the sexual contact with Minor #1 occurred, the defendant reasonably believed that he acted with Minor #1's permission. *See* Docket No. 52 at 5; Docket No. 60 at 5. There is no dispute that the defendant is sexually attracted to teenage boys. The defendant does not deny that he intended to engage in sexual contact with Minor #1. Docket No. 60 at 4.

The government claims that its Rule 404(b) evidence is probative of the defendant's lack of mistake as to the issue of whether Minor #1 consented to sexual contact. Docket No. 52 at 9. Specifically, the government argues that the Rule 404(b) evidence shows that the defendant "seeks opportunities to sexualize sleeping teenage boys, knowing (or simply not caring) that those boys have not granted permission or expressed any reciprocal sexual interest in him." *Id.*

The Court finds that, on the issue of consent or permission, there are very few similarities between surreptitiously photographing sleeping boys and the charged conduct. Given that the boys in the Rule 404(b) evidence were asleep, there is no question that the defendant did not have permission to take their photographs. But, as the government concedes, the defendant may not have needed any permission to take the photographs. Docket No. 67 at 4 ("there is no legal bar to recording someone in public"). Moreover, the defendant did not touch the sleeping boys. Whatever mens rea the defendant had when he took the photographs or videos without touching the boys is materially different than the defendant's mens rea when he had sexual contact with Minor #1 while he was awake. The Rule 404(b) evidence would not give the jury any insights into whether the defendant believed, whether correctly or not, that he had Minor #1's permission to have sexual contact. As a result, the Court concludes that the government's Rule 404(b) evidence is so dissimilar to the charged conduct as to be irrelevant.[2]

Because the government's Rule 404(b) evidence does not satisfy the *Huddleston* test, it is

**ORDERED** that the Motion to Exclude 404(b) Evidence [Docket No. 60] is granted.

---

[2] Even if the Rule 404(b) evidence was relevant and admissible, the Court finds that, because there is other evidence of the defendant being sexually attracted to minor boys, the probative value of the Rule 404(b) evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and needlessly presenting cumulative evidence. Fed. R. Evid. 403. For example, while it may not have been illegal to take videos or photographs of sleeping boys, the jury is likely to regard such behavior as highly improper and alarming.

DATED October 22, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge