**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  DAKOTA MICHAEL HELLER,

    Defendant.

_____

**GOVERNMENT'S PROPOSED QUESTIONS FOR JUROR VOIR DIRE**
_____

The United States of America, by and through United States Attorney Jason R. Dunn and undersigned counsel, respectfully submits the following proposed questions for juror *voir dire*, intending that it supplement the Court's typical inquiries.

**A. General Information**

1. Do you have children? What genders and ages?
2. What are your hobbies?
3. What newspapers, magazines, or online websites do you read?
4. Where do you ordinarily get your news?
5. Do you use social media to communicate with family or friends?
6. Do you use text messaging?
7. Have you ever been called as a witness in a trial? If yes,
    i. When and in what court?
    ii. What type of case was it?

B. **Crime Victim / Charged With Crime**

1. Have any prospective jurors, relatives, or close friends ever been the victim of a crime? If so, what was the crime? If you would prefer not to speak in open Court, this information can be handled privately. Would anything about that experience affect your ability to be fair and impartial in this case?

2. Have any prospective jurors, or relatives, or close friends ever been charged with a crime? If so, what was the crime? Was the case resolved in a trial or by plea of guilty? What sentence was imposed? Would that experience interfere with your ability to decide this case fairly and impartially?

C. **Sexual Crimes**

1. Is there any juror who will have difficulty sitting and listening to testimony concerning matters of a graphic sexual nature and then discussing it with other members of the jury?

2. Have you, a close friend, or a family member ever been accused of a sexual crime? Have you, a close friend, or a family member ever been the victim of a sexual crime?

3. If the victim's behavior before, during, or after the alleged abusive sexual contact in this case is not what you would personally expect from someone who has been sexually abused, will you automatically disbelieve him? Can each of you commit to listening to and considering the victim's reasons for why he acted as he did?

4. Does any juror believe that an individual who is a victim of abusive sexual contact must have acted or reacted in a certain way in order for his account to be believable?

     5.     Do all jurors agree that people handle traumatic situations differently?

     6.     Would anyone require that the victim yell, call for help, or immediately run away from the abusive sexual contact in order to believe beyond a reasonable doubt that the victim was sexually abused?

     7.     Does any juror believe that there needs to be some kind of physical injury in order for abusive sexual contact to have occurred?

     8.     Does anyone believe abusive sexual contact only happens between people who don't know each other well?

     9.     Does any juror believe that abusive sexual contact could not occur in a relationship where the victim trusted the person who is alleged to have sexually abused him?

     10.     Is there anyone here who would have a problem finding the defendant guilty because the only eyewitness to the abusive sexual contact is the victim?

     11.     To the extent the charges in this case involve allegations of "abusive sexual contact," which can involve sensitive and difficult topics, do any of you believe that it would be impossible to be a fair and impartial juror simply based on the nature of the charge?

### D. Applying United States Criminal Law to Acts on an International Flight

     1.     Is there any juror who thinks it would be unfair, for any reason, to hold a defendant criminally responsible for acts committed on an international flight?

### E. Law Enforcement

     1.     Has anyone had any negative encounters with the Federal Bureau of Investigation (FBI)?  As a result of those encounters, do you believe it would be difficult

to assess the credibility of a witness from the FBI?

    2.       Have you or any member of your family ever had any experience with law enforcement or the government that would cause you to be biased against the government in this case?

    **F.  Organized Religion**

    1.       Does any juror have strong views (negative or positive) about people who are involved in a church or other organized religion?

    2.       Is there anyone here who would have difficulty listening to the testimony of someone involved in organized religion and judging fairly that witness's credibility?

    3.       Even if you do not agree with some of the views held by a particular church or member of a church, can you nonetheless, put aside your disagreement with their beliefs on other subjects, listen to the evidence and be a fair and impartial juror in this case?

    **G.  Types of Evidence**

    1.       Understanding that you as jurors know very little about the case at this point in time, is there anyone who believes that they would absolutely require the government to present a certain type or kind of evidence before they could find someone guilty of a crime?

    2.       Is there anyone who could not find someone guilty of a crime if the government's case was based primarily on witness testimony rather than physical objects or documents?

    **H.  Lawsuit / Complaint Against the United States**

    1.       Have you or any members of your family ever been engaged in a lawsuit

against the United States government or a department of the United States government?

2.     Have you are any members of your family filed a complaint, administrative or other action, against the United States government or a department of the United States government?

**I.  Reservations About Being A Juror / Reasonable Doubt**

1.     Do any of you believe that just because there are two sides, there is automatically reasonable doubt? Can you accept that that is the nature of a trial and one of your jobs is to resolve those conflicts?

2.     Does any juror have any religious, moral, or philosophical reservations about sitting as a juror in a criminal case, or returning a verdict of guilty, if such a verdict is supported by the evidence?

Respectfully submitted this 23rd day of October, 2019,

JASON R. DUNN
UNITED STATES ATTORNEY
DISTRICT OF COLORADO

By:  *s/ Patricia Davies & Andrea Surratt*
Assistant United States Attorneys
U.S. Attorney's Office
1801 California Street, Suite1600
Denver, CO. 80202
Telephone (303) 454-0100
Email: Patricia.Davies@usdoj.gov
          Andrea.Surratt@usdo.gov
Attorneys for the Government

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of October, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/ *Amy McDaniel*
Amy McDaniel
Legal Assistant
U.S. Attorney's Office
1801 California Street, Suite1600
Denver, CO. 80202