IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Criminal Case No. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.  DAKOTA MICHAEL HELLER,

     Defendant.

---

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

---

## GOVERNMENT'S INSTRUCTION No. 1

## INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges.   I am one of the judges, you are the other.   I am the judge of the law.   You, as jurors, are the judges of the facts.   I presided over the trial and decided what evidence was proper for your consideration.   It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses.   Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

Tenth Circuit Pattern Jury Instructions § 1.03.

**GOVERNMENT'S INSTRUCTION No. 2**

**DUTY TO FOLLOW INSTRUCTIONS**

You, as jurors, are the judges of the facts.   But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.   You must not substitute or follow your own notion or opinion as to what the law is or ought to be.   It is your duty to apply the law as I explain it to you, regardless of the consequences.   However, you should not read into these instructions, or anything else I may have said or done, as any suggestion as to what your verdict should be.   That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.   That was the promise you made and the oath you took.

TENTH CIRCUIT PATTERN JURY INSTRUCTIONS § 1.04.

**GOVERNMENT'S INSTRUCTION No. 3**

**PRESUMPTION OF INNOCENCE—BURDEN OF PROOF—REASONABLE DOUBT**

The government has the burden of proving the defendant guilty beyond a reasonable doubt.   The law does not require a defendant to prove his innocence or produce any evidence at all.   The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.   There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.   It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.   A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case.   If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty.   If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

TENTH CIRCUIT PATTERN JURY INSTRUCTIONS § 1.05.

## GOVERNMENT'S INSTRUCTION No. 4

### EVIDENCE—DEFINED

You must make your decision based only on the evidence that you saw and heard here in court.   Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence.   The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence.   My legal rulings are not evidence.   And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.   [I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.]   [And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.]   You must completely ignore all of these things.   Do not even think about them.   Do not speculate about what a witness might have said [or what an exhibit might have shown].   These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

TENTH CIRCUIT PATTERN JURY INSTRUCTIONS § 1.06.

**GOVERNMENT'S INSTRUCTION No. 5**

**EVIDENCE—DIRECT AND CIRCUMSTANTIAL—INFERENCES**

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case.   One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence.   The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience.   An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

TENTH CIRCUIT PATTERN JURY INSTRUCTIONS § 1.07.

## GOVERNMENT'S INSTRUCTION No. 6

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.   In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.   An important part of your job will be making judgments about the testimony of the witnesses [, including the defendant,] who testified in this case.   You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was.   In making that decision, I suggest that you ask yourself a few questions:   Did the witness impress you as honest?   Did the witness have any particular reason not to tell the truth?   Did the witness have a personal interest in the outcome in this case?   Did the witness have any relationship with either the government or the defense?   Did the witness seem to have a good memory?   Did the witness clearly see or hear the things about which he/she testified?   Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?   Did the witness's testimony differ from the testimony of other witnesses?   When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail.   And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

[The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt.   I want you to clearly understand, please, that the Constitution of the United States grants to a defendant the right to remain silent.   That means the right not to testify or call any witnesses.   That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.]

In reaching a conclusion on any particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

TENTH CIRCUIT PATTERN JURY INSTRUCTIONS § 1.08.

**GOVERNMENT'S INSTRUCTION No. 7**

**WITNESS TESTIFYING TO OPINIONS**

During the trial you heard the testimony of Karen Blackwell, who expressed opinions concerning the process of victimization, that is "grooming" of sexual abuse victims to prevent or delay disclosure, and factors affecting victims' disclosures of alleged sexual abuse.   In some cases, such as this one, specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue.   A witness who has knowledge, skill, experience, training, or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion.   You should consider opinion testimony just as you consider other testimony in this trial.   Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

TENTH CIRCUIT PATTERN JURY INSTRUCTIONS § 1.17.

**GOVERNMENT'S INSTRUCTION No. 8**

**CAUTIONARY INSTRUCTION DURING TRIAL**

**(Transcript of Recorded Conversation)**

During this trial, you have heard sound recordings of certain conversations.   These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence.   You were also given transcripts of those recorded conversations.

Keep in mind that the transcripts are not evidence.   They were given to you only as a guide to help you follow what was being said.   The recordings themselves are the evidence.   If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read.   If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

TENTH CIRCUIT PATTERN JURY INSTRUCTIONS § 1.40.

10

**GOVERNMENT'S INSTRUCTION No. 9**

**SEXUAL CONTACT WITHOUT PERMISION**

The defendant, DAKOTA HELLER, is charged in the Indictment with sexual contact with another person without that person's permission, within the special aircraft jurisdiction of the United States.   In order for you to find the defendant, DAKOTA HELLER, guilty of this charge, the Government must prove the following elements beyond a reasonable doubt:

1. The defendant, DAKOTA HELLER, knowingly engaged in sexual contact with CHRISTOPHER;

2. At the time the defendant, DAKOTA HELLER, engaged in the sexual contact, he did not reasonably believe that he had CHRISTOPHER's permission for the sexual contact; and

3. The offense was committed within the special aircraft jurisdiction of the United States.

If you find from your consideration of all the evidence that the Government has proved each of these elements beyond a reasonable doubt, then you should find the defendant, DAKOTA HELLER, guilty.

If, on the other hand, you find from your consideration of all the evidence that the Government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant, DAKOTA HELLER, not guilty.

18 U.S.C. § 2244(b).

**GOVERNMENT'S INSTRUCTION No. 10**

**"SEXUAL CONTACT" DEFINED**

As used in these instructions, "sexual contact" is defined as the intentional touching, either directly or through the clothing, of the [genitalia, groin, or inner thigh] of any person with an intent to abuse, humiliate, harass, or degrade, or to arouse or gratify the sexual desire of any person.

18 U.S.C. § 2246(3).

**GOVERNMENT'S INSTRUCTION No. 11**

**"SPECIAL AIRCRAFT JURISDICTION OF THE UNITED STATES" DEFINED**

As used in these instructions, "special aircraft jurisdiction of the United States" is defined as an aircraft outside the United States that has its next scheduled destination in the United States.   The parties have entered a stipulation as to this element, and I instruct you that based on the stipulations, you can treat it as proved.

49 U.S.C. § 46501(2)(D)(i), Stipulation.

**GOVERNMENT'S INSTRUCTION No. 12**

**VENUE**

In addition, before the defendant can be convicted of a given charge, the Government must establish what is called venue.   In this case, this means that you must determine that the defendant was arrested in the District of Colorado, which encompasses the entire state of Colorado.

Unlike all the other elements of the offense, which must be proved beyond a reasonable doubt, the Government is only required to prove venue by a preponderance of the evidence; that is, that it is more probable than not.

18 U.S.C. § 3238.

14

**GOVERNMENT'S INSTRUCTION No. 13**

**ON OR ABOUT**

You will note that the indictment charges that the crime was committed on or about April 3, 2017.   The government must prove beyond a reasonable doubt that the defendant, DAKOTA HELLER, committed the crime reasonably near April 3, 2017 as charged in the indictment.

TENTH CIRCUIT PATTERN JURY INSTRUCTIONS § 1.18.

**GOVERNMENT'S INSTRUCTION No. 14**

**KNOWINGLY-DELIBERATE IGNORANCE**

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident.   Although knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact.   Knowledge can be inferred if the defendant was aware of a high probability of the existence of the fact that he did not have Christopher's permission when the defendant knowingly engaged in sexual contact (as defined in these instructions), unless the defendant did not actually believe that he acted without Christopher's permission.

Tenth Circuit Pattern Jury Instructions § 1.37.

16

**GOVERNMENT'S INSTRUCTION No. 15**

**PROOF OF KNOWLEDGE OR INTENT**

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.   In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made, or acts done by the person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.   It is entirely up to you, however, to decide what facts to find from the evidence received during the trial.

No matter what you infer, you must remember that the burden is always on the government to prove the elements of the crime beyond a reasonable doubt.

1A Kevin F. O'Malley, et al., *Federal Jury Practice & Instructions – Criminal* § 17.07 (6th ed.; Feb. 2018 update); *United States v. John*, 849 F.3d 912, 920 (10th Cir. 2017).

17

**GOVERNMENT'S INSTRUCTION No. 16**

**USE OF PSEUDONYM**

During the trial, you have heard testimony and seen exhibits that refer to the victim of this alleged crime as "Christopher."   This has been done to protect the privacy of that individual. The fact that trial testimony or exhibits refer to "Christopher" in no way affects the authenticity or admissibility of this evidence.

DOCUMENT #22, 18 U.S.C. § 3509(d)(3); *United States v. Gutierrez de Lopez*, 761 F.3d 1123, 1141 (10th Cir. 2014).

**GOVERNMENT'S INSTRUCTION No. 17**

**STIPULATIONS OF THE PARTIES**

You may accept the parties' stipulated facts as facts proven beyond a reasonable doubt.

The government and the defendant have stipulated – that is, they have agreed – that certain facts

have been proven beyond a reasonable doubt:

[The parties will alert the Court as to any stipulations].

**GOVERNMENT'S INSTRUCTION No. 18**

**CAUTION—PUNISHMENT**

If you find the defendant guilty, it will be my duty to decide what the punishment will be.

You should not discuss or consider the possible punishment in any way while deciding your

verdict.

TENTH CIRCUIT PATTERN JURY INSTRUCTIONS § 1.20.

**GOVERNMENT'S INSTRUCTION No. 19**

**DUTY TO DELIBERATE—VERDICT FORM**

After closing arguments, the court security officer will escort you to the jury room.   Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.   The second thing you should do is review the instructions.   Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations.   Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree.   Your verdict must be unanimous.   Your deliberations will be secret.   You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so.   Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.   During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.   But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts.   You must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

[Explain the Verdict Form]

21

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty.   At the conclusion of your deliberations, you will have your foreperson complete the verdict form and then, together with all other jurors, date and sign the verdict form and notify the Court through a note given to the court security officer that you have reached a verdict.   The foreperson should keep the verdict form until the Court asks for it in open court.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer.   I will either reply in writing or bring you back into the court to respond to your message.   Under no circumstances should you reveal to me the numerical division of the jury.

TENTH CIRCUIT PATTERN JURY INSTRUCTIONS § 1.23.