**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    DAKOTA MICHAEL HELLER,

    Defendant.

---

**MOTION TO EXEMPT VICTIM FROM WITNESS SEQUESTRATION ORDER**

---

    The Government, through the undersigned Assistant United States Attorneys, respectfully requests that the Court exempt the victim in this case from the Court's witness sequestration order.

## BACKGROUND

    During the final trial preparation conference on October 25, 2019, the defendant requested sequestration of the Government's witnesses. The Government did not object, except as to the victim (and the FBI special agent who will serve as the Government's advisory witness). Specifically, the Government requested that the victim be allowed to remain in the courtroom subsequent to his testimony that will be elicited in the Government's case-in-chief. The defendant objected, unless the Government could promise that the victim would not be recalled as a witness later in the trial. The defendant did not offer any specific concerns about how, or the ways in which, the

1

victim's testimony would be altered if he were to hear the testimony of the other witnesses.

The Court granted the defendant's request for sequestration, including as to the victim, unless the Government can promise that the victim will not be called in rebuttal.

## LEGAL FRAMEWORK & ARGUMENT

Pursuant to Federal Rule of Evidence 615, upon the request of a party, witnesses must be excluded so that they do not hear the testimony of other witnesses. But Rule 615 recognizes an exception for "a person authorized by statute to be present." Fed. R. Evid. 615(d). Here, the Crime Victims' Rights Act (the "CVRA") applies. The CVRA provides that a crime victim has "[t]he right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding." 18 U.S.C. § 3771(a)(3). Thus, the burden is on the defendant to show, by clear and convincing evidence, that the victim's testimony would be altered—materially—by listening to other witnesses' testimony.

Moreover, "[a] mere *possibility* that a victim-witness may alter his or her testimony as a result of hearing others testify is . . . insufficient to justify excluding him or her from trial. Rather, a district court must find by clear and convincing evidence that it is *highly likely,* not merely *possible,* that the victim-witness will alter his or her testimony." *In re Mikhel*, 453 F.3d 1137, 1139 (9th Cir. 2006) (emphasis in original; footnotes omitted); *see also United States v. Jim*, No. CR 10–2653 JB, 2012 WL 119599, at *2–4 (D.N.M. Jan. 8, 2012) (unpublished) (recognizing that "[t]he Ninth Circuit and the Eleventh Circuit have both recognized that the CVRA makes a crime

2

victim 'a person authorized by statute to be present' under rule 615(d)" and granting the Government's motion to permit the victim-witness to be present during other testimony because the defendant had "not shown, by clear-and-convincing evidence, that [the victim's] testimony will be materially altered").

Finally, "even where a victim-witness may be properly excluded pursuant to § 3771(a)(3)," the CVRA requires that "'the court shall make every effort to permit the fullest attendance possible by the victim and shall consider reasonable alternatives to the exclusion of the victim from the criminal proceeding.'" *In re Mikhel*, 453 F.3d at 1139 (quoting 18 U.S.C. § 3771(b)(1)).

As an initial matter, the Government will ask the victim to remain outside the courtroom until he testifies, thereby ensuring he does not hear any other testimony prior to his testimony in the Government's case-in-chief. At present, the Government does not expect to the recall the victim after his testimony is concluded. But, because the Government does not know what the defendant's witnesses will say, the Government cannot *promise* that it will not recall the victim. The hypothetical possibility of rebuttal testimony is not a reason to exclude the victim from remaining in the courtroom.

There has been no showing—by clear and convincing evidence or otherwise—that allowing the victim to remain in the courtroom following his testimony would be highly likely to materially alter any subsequent testimony. Indeed, given the facts of this case, the Government is not aware of another witness who could say *anything* that could conceivably change the victim's testimony, and the defendant has pointed to no such testimony or witness.

Even if the defendant can show, by clear and convincing evidence, that theoretical rebuttal testimony from the victim would be highly likely to be materially altered by remaining in the courtroom, there are reasonable alternatives to sequestration.  18 U.S.C. § 3771(b)(1)).  As already mentioned, the Government does not request that the victim be allowed in the courtroom prior to his testimony, even though the CVRA allows it.  And to the extent the victim does have to be called in rebuttal, the Government does not object to the defendant cross-examining the victim on the fact that he has been in the courtroom for the remaining witnesses' testimony.

## CONCLUSION

The Government respectfully requests that the Court exempt the victim in this case from its sequestration order.

Respectfully submitted this 25th day of October, 2019.

>
> JASON R. DUNN
> UNITED STATES ATTORNEY
> DISTRICT OF COLORADO
>
> By:   *s/ Patricia Davies & Andrea Surratt*
> Assistant United States Attorneys
> U.S. Attorney's Office
> 1801 California Street, Suite1600
> Denver, CO. 80202
> Telephone (303) 454-0100
> Email: Patricia.Davies@usdoj.gov
>           Andrea.Surratt@usdo.gov
> Attorneys for the Government