IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

DAKOTA MICHAEL HELLER,

       Defendant.
_____

**MOTION TO RECONSIDER ORDER DENYING DEFENDANT'S MOTION *IN LIMINE***
_____

Dakota Michael Heller, through counsel, moves this Court to reconsider its Order denying his motion in limine to exclude all confidential communications made under the clergy-communicant privilege. Reconsideration is appropriate because the Court's order is based on a misapprehension of facts and law. *See United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) ("A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law.").

### A. Mr. Heller had a reasonable expectation of confidentiality during the group conversation.

This court concluded that Mr. Heller did not have a "reasonable expectation of confidentiality" in the "group conversation" because "the participants at the group conversation made it clear that that they were going to 'report' defendant to law enforcement and alert other families at the church of his alleged wrongdoing." Order 4. This conclusion is erroneous for two reasons.

First, that the participants were going to report the alleged wrongdoing to law enforcement and other church families does not mean that they were going to disclose Mr. Heller's communications made during the group conversation. That's because the participants did not learn of the alleged wrongdoing from Mr. Heller himself, let alone during that conversation. Christopher, the alleged victim, brought the allegations to light. "The protection of the privilege extends only to *communications* and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing." *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981). For example, a "client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney." *Id.* at 396. Likewise, that Mr. Heller made confidential statements during the group conversation does not preclude the participants from disclosing information they independently knew. The clergy privilege protects Mr. Heller's specific communications, not the facts underlying them. Thus, consistent with the clergy privilege, the participants could, and indicated they would, report Christopher's allegations to law enforcement and other church families. Such disclosure did not defeat the clergy privilege or Mr. Heller's reasonable expectation of confidentiality in his communications.

Second, even if the pastor's comments implied that Mr. Heller's communications would be disclosed along with the substance of the allegations, that would not defeat Mr. Heller's reasonable expectation of confidentiality up to that point. Mr. Heller was clearly taken aback when Pastor Carlucci said he was going to tell other church families about the allegations. That the pastor had to tell Mr. Heller that he was not keeping this

a secret and that Mr. Heller reacted surprisingly suggest that, up to that point, Mr. Heller reasonably believed that anything discussed would not leave the group. Accordingly, he had a reasonable expectation of confidentiality and any of his previous statements are protected by the clergy-communicant privilege.

### B. Mr. Heller sought advice from Pastor Quesada in a spiritual capacity.

This Court also found that Mr. Heller's "communications with Quesada do not fall within the priest-penitent privilege because defendant's communications with Quesada did not take place in a spiritual or professional capacity." Order 6. The basis of this finding was that Quesada provided an affidavit stating as much and, relying on *Morales v. Portuondo*, 154 F. Supp. 2d 706, 729 (S.D.N.Y. 2001), this Court stated it was "in no position to second-guess Quesada's opinion on that subject." Order 6. This Court's reliance on *Morales* was erroneous.

Rule 501 provides that federal common law governs a claim of privilege. Fed. R. Evid. 501. *Morales*, however, was a federal habeas review of a state court conviction applying state law. *Morales*, 154 F. Supp. 2d at 728-29. The *Morales* court found that the penitent had spoken to a catholic priest "in confidence and for the purpose of obtaining spiritual guidance," *id.* at 728, which would be sufficient to invoke the clergy privilege under the federal common law. "Nonetheless, [the court] h[e]ld that the statements [were] not rendered inadmissible by virtue of § 4505," the New York statute governing the priest-penitent privilege. Thus, *Morales* was expressly based on a New York state law, not the federal common law.

The court's application of the New York statute, whereby formal Catholic rules of confession are required to invoke the privilege, appear to be the minority approach, and therefore not indicative of the federal common law. "A more prevalent approach, however, has been to allow the privilege so long as communications were made while seeking religious or spiritual advice." 2 Testimonial Privileges § 6:12 (3d ed.) (Sept. 2019 update). Contrary to *Morales*, "the modern trend of cases construing the scope of the clergy-communicant privilege is to read it more broadly than merely being applicable to 'confessions' in the penitential sense, but to apply it to communications for religious counseling.'" *Id.* (quoting *Scott v. Hammock*, 133 F.R.D. 610, 616 (D. Utah 1990); *accord In re Grand Jury Investigation*, 918 F.2d 374, 386 (3d Cir. 1990) ("[T]he modern view of the privilege is more expansive than the traditional one," which only "protected a penitential relationship in which a person privately confessed his or her sins to a priest, in order to receive some form of church sanctioned discipline or absolution."). Accordingly, *Morales*'s approach is contrary to the federal common law and does not control here.

Under the federal common law approach to the clergy-communicant privilege, Mr. Heller's communications with Pastor Quesada are privileged if he was seeking spiritual guidance with a reasonable expectation of confidentiality, notwithstanding Pastor Quesada's representation that she did not minister Mr. Heller and that the two only spoke as friends. It is Mr. Heller's reasonable belief that governs, and as the attached affidavit establishes, he actively sought her spiritual guidance because she was a pastor and he believed their communications to be confidential. *See,* Attachment 1. Accordingly, his communications are protected by the clergy-communicant privilege,

notwithstanding that the two were also friends.  *See, e.g.*, *State v. Jackson*, 77 N.C. App. 832, 834 (Ct. App. N.C. 1985) (applying privilege where it was "impossible to determine to what extent defendant confided in [his aunt] as a relative and to what extent as a minister").

### C. Conclusion

This Court should reconsider its order and exclude all communications subject to the clergy-communicant privilege.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/Jacob Rasch-Chabot
JACOB RASCH-CHABOT
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
jacob.rasch-chabot@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2019, I electronically filed the foregoing ***MOTION TO RECONSIDER ORDER DENYING DEFENDANT'S MOTION IN LIMINE*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Patricia W. Davies, Assistant United States Attorney
Email: patricia.davies@usdoj.gov

Andrea L. Surratt, Assistant United States Attorney
Email: andrea.surratt@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Dakota Michael Heller  (via Mail)

s/Jacob Rasch-Chabot
JACOB RASCH-CHABOT
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
jacob.rasch-chabot@fd.org
Attorney for Defendant
