IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**



Criminal Case No. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DAKOTA MICHAEL HELLER,

      Defendant.

---

## JURY INSTRUCTIONS

---

**INSTRUCTION NO. 1**

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges; you are the other.  I am the judge of the law.  You, as jurors, are the judges of the facts.  I presided over the trial and decided what evidence was proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case – for example, instructions about the burden of proof and insights that may help you to judge the believability of the witnesses.  Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return.  These instructions will be given to you for use in the jury room, so you need not take notes.

**INSTRUCTION NO. 2**

You, as jurors, are the judges of the facts.  But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be.  That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took.

**INSTRUCTION NO. 3**

The government has the burden of proving the defendant guilty beyond a reasonable doubt.  The law does not require a defendant to prove his innocence or produce any evidence at all.  The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.  A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case.  If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty.  If, on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

**INSTRUCTION NO. 4**

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to.  If I told you that certain evidence was admitted for a limited purpose, you must consider that evidence only for that limited purpose and not for any other purpose.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  I also instructed you to disregard certain answers witnesses gave.  You must completely ignore these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

**INSTRUCTION NO. 5**

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

**INSTRUCTION NO. 6**

During this trial, you have heard sound recordings of certain conversations. These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence.  You were also given transcripts of those recorded conversations.

Keep in mind that the transcripts are not evidence.  They were given to you only as a guide to help you follow what was being said.  The recordings themselves are the evidence.  If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read.  If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

**INSTRUCTION NO. 7**

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses who testified in this case.  You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was.  In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome in this case?  Did the witness have any relationship with either the government or the defense?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he/she testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail.  And you should keep in mind that innocent misrecollection – like failure of recollection – is not uncommon.

In reaching a conclusion on a particular point, or in ultimately reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

**INSTRUCTION NO. 8**

You have heard the testimony of witnesses who, before this trial, may have made statements that are different from their testimony here in court.

These earlier statements were brought to your attention only to help you decide on the credibility of those witnesses.  You cannot use the prior inconsistent statements as proof of anything else.  You can only use it as one way of evaluating the witnesses' testimony here in court.

**INSTRUCTION NO. 9**

The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt.  You must understand that the Constitution of the United States grants to a defendant the right to remain silent.  That means the right not to testify.  That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.

**INSTRUCTION NO. 10**

During the trial you heard the testimony of Karen Blackwell, who expressed opinions concerning the process of "grooming" and the process of disclosure.

In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue.  A witness who has knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

You are not required to accept such an opinion.  You should consider opinion testimony just as you consider other testimony in this trial.  Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

**INSTRUCTION NO. 11**

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

**INSTRUCTION NO. 12**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged.  The defendant is not on trial for any act, conduct, or crime not charged in the indictment.

## INSTRUCTION NO. 13

The defendant is charged in the indictment with a violation of 18 U.S.C. § 2244(b).  This law makes it a crime for any person to knowingly engage in sexual contact with another person without that person's permission, within the special aircraft jurisdiction of the United States.

To find the defendant guilty of this crime, you must find that the government has proved each of the following elements beyond a reasonable doubt:

*First*:  the defendant knowingly had sexual contact with Christopher;

*Second*:  at the time of the sexual contact, the defendant knew he did not have Christopher's permission for the sexual contact; and

*Third*:  the offense was committed within the special aircraft jurisdiction of the United States.  The United States and the defendant have stipulated to this element. Therefore, you must consider this element as having been proven beyond a reasonable doubt.

"Sexual contact" means the intentional touching, either directly or through the clothing, of the genitalia of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

"Special aircraft jurisdiction of the United States" includes any of the following aircraft in flight:

(1) a civil aircraft of the United States, which means an aircraft registered with the United States Federal Aviation Administration; or

(2) another aircraft in the United States; or

(3) another aircraft outside the United States—

(i) that has its next scheduled destination or last place of departure in the United States, if the aircraft next lands in the United States.

"Aircraft in flight" means an aircraft from the moment all external doors are closed after the passengers have been boarded through the moment when one external door is opened to allow passengers to leave the aircraft.

**INSTRUCTION NO. 14**

The alleged victim's age is not an element of the charged offense.  That the alleged victim was a minor (under the age of eighteen) does not mean that he was legally unable to consent to any sexual contact with an adult.  The age of consent under federal law is sixteen.

## INSTRUCTION NO. 15

When the term "knowingly" is used in these instructions, it means that the act

was done voluntarily and intentionally, and not because of mistake or accident.

**INSTRUCTION NO. 16**

If you find the defendant guilty, it will be my duty to decide what the punishment will be.  You should not discuss or consider the possible punishment in any way while deciding your verdict.

## INSTRUCTION NO. 17

After closing arguments, the court security officer will escort you to the jury room. Any exhibits admitted into evidence will also be placed in the jury room for your review. When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times, you are judges – judges of the facts. You must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

**[Reading of Verdict Form]**

The foreperson will write the unanimous answer of the jury in the space provided, either guilty or not guilty.  At the conclusion of your deliberations, you will have your foreperson complete the verdict form and then, together with all other jurors, date and sign the verdict form and notify the Court through a note given to the court security officer that you have reached a verdict.  The foreperson should keep the verdict form until the Court asks for it in open court.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer.  I will either reply in writing or bring you back into the court to respond to your message.  Under no circumstances should you reveal to me the numerical division of the jury.