IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-CR-00224-PAB

UNITED STATES OF AMERICA,

Plaintiff,

vs.

DAKOTA MICHAEL HELLER,

Defendant.

---

REPORTER'S TRANSCRIPT
Trial to Jury, Vol. 4

---

Proceedings before the HONORABLE PHILIP A. BRIMMER, Chief Judge, United States District Court for the District of Colorado, commencing at 10:50 a.m., on the 31st day of October, 2019, in Courtroom A701, United States Courthouse, Denver, Colorado.

APPEARANCES

Patricia Davies and Andrea Surratt, U.S. Attorney's Office, 1801 California Street, Suite 1600, Denver, CO 80202, appearing for the plaintiff.

Kelly Christl, Natalie Stricklin and Jacob Rasch-Chabot, Office of the Federal Public Defender, 633 17th Street, Suite 1000, Denver, CO 80202, appearing for the defendant.

Proceeding Recorded by Mechanical Stenography, Transcription Produced via Computer by Janet M. Coppock, 901 19th Street, Room A257, Denver, Colorado, 80294, (303) 335-2106

PROCEEDINGS

*THE COURT:* We are back on the record in the Heller case. The jury has -- the jury is not here in the courtroom. The jury has sent out a question. The question reads as follows: Can we see or hear the testimony from Christopher when they were on the plane.

Both the government questioning and the defense.

I interpret the question as asking for a stenographic copy of his testimony or audio recording of his trial testimony.

Any disagreement with that interpretation, Ms. Davies?

*MS. SURRATT:* No, Your Honor.

*THE COURT:* Ms. Christl?

*MS. CHRISTL:* No, Your Honor.

*THE COURT:* Here is what I propose for the answer:

As the Court noted in the preliminary jury instruction: And then I actually have -- the first time I have ever cut and pasted an answer to the jury -- but the court reporter is making stenographic notes of everything that is said. This is basically to assist in any appeals. However, a typewritten copy of the testimony will not be available for your use during deliberations.

Then I add: Similarly, an audio recording of his testimony is not available for your use.

*MS. SURRATT:* No objection, Your Honor.

*MS. CHRISTL:* Your Honor, so I understand what the Court said about the purpose of an appeal with regard -- when you gave the instruction to begin with, is that in the actual set of instructions that this audio recording is for an appeal or is that something you just told them?

*THE COURT:* That's what I told them in the preliminary jury instruction.

*MS. CHRISTL:* Which they do not have back there, correct?

*THE COURT:* No.

*MS. CHRISTL:* So my position is we don't include that language because my -- that it's done for the purpose of an appeal, because my concern is they will then say, well, if we make the wrong decision, there is an appeal. So I would ask you to take that language out about what the purpose of the transcript is for.

*THE COURT:* So instead say -- just go with the second sentence and just say a typewritten -- as I said during -- as I noted in the preliminary jury instruction, a typewritten copy of the testimony will not be available for your use during deliberations.

Any problem with that?

*MS. CHRISTL:* No, Your Honor.

*MS. SURRATT:* No, Your Honor.

*THE COURT:* So I will send the note back to that

effect.

*MS. SURRATT:* One additional issue. Can we approach?

*THE COURT:* Yes.

(At the bench:)

*MS. SURRATT:* So Your Honor, we understand that your practice is to sometimes allow the parties to talk to the jury, but we also understand that if we are to make that request, we need to make it before there is a verdict returned.

*THE COURT:* Correct.

*MS. SURRATT:* The government is asking if either there is a hung jury or acquittal, that we be permitted to talk to the jury.

*THE COURT:* I will make my decision at that time.

*MS. SURRATT:* We do have a reason that we can articulate, if the Court would like to hear it.

*THE COURT:* Let's hear it.

*MS. SURRATT:* As to a hung jury, we will have to make the decision as to whether or not to retry this case, which would obviously involve putting the victim through this whole ordeal again. And the split of the jury and what they thought about the victim would matter to that decision. It's not us. It's the victim, putting them through it again, so we want to talk to the jury for that reason.

If an acquittal, we do this type of case as a matter of course. There is a shocking number of people who get

assaulted on airplanes and this knowledge element is an issue in every single one of these cases. It's not going to go away. It's the hardest piece of these cases. So we would want to talk to the jury to see how they thought about it.

*THE COURT:* Response?

*MS. CHRISTL:* Your Honor, I guess as long as the defense would be granted the same permission.

*THE COURT:* Yeah, I mean, if I allowed it, and I may not -- I have done it one time and I didn't particularly think it worked out too well -- but if I do allow it, I would be in the jury room and the attorneys would be in the jury room too, and I would tell the jurors that it's totally optional. They don't have to participate and they don't have to answer any questions. We'll see.

*MS. CHRISTL:* Okay.

*MS. SURRATT:* Thank you, Your Honor.

(In open court:)

*THE COURT:* Anything else on behalf of the United States?

*MS. SURRATT:* No, Your Honor.

*THE COURT:* Anything on behalf of Mr. Heller?

*MS. CHRISTL:* No, Your Honor.

*THE COURT:* We will be in recess until there is either a question, a verdict or it's 5:00 o'clock. Thank you.

(Recess at 11:05 a.m.)

(Reconvened at 1:55 p.m.)

*THE COURT:* We are back on the record in the Heller case. We have received another question from the jury.

Have both sides received a copy of the question?

*MS. DAVIES:* Yes, Your Honor.

*MS. CHRISTL:* Yes, Your Honor.

*THE COURT:* The question reads: In instruction 13 we believe the first paragraph which states the US Code is in somewhat of a conflict with what you have asked the jury to consider. What you have asked us to consider in the "second" element.

How are we to proceed with our application of the law in this verdict?

I would propose that we respond as follows: The first paragraph of Instruction No. 13 contains a general description of Section 2244(b).

New paragraph: As noted in the instruction, in order to find the defendant guilty of that crime, you must find that the government has proved each of the listed elements beyond a reasonable doubt.

Reaction to that?

*MS. DAVIES:* No objection from the government.

*MS. CHRISTL:* Your Honor, no objection. I would just ask -- I mean, I think I am fine with that if the Court would consider adding this sentence, that the specific element

instruction controls. Actually, we were just fine with the Court's --

*THE COURT:* Yeah, the instruction really isn't unclear. It tells them that they have to focus on the element. But I think the way that I have it worded, you know, No. 1, it would tell them that what they are looking at in the very first paragraph, it's just the general description of what they need. In order to find the defendant guilty, they have to focus on those elements. That should answer the question.

*MS. CHRISTL:* I agree, Your Honor.

*THE COURT:* I will prepare that answer. We will send it back to them, and then I will have Ms. Buchanan give you copies of that answer if you would like, all right?

We will be in recess, then, until we get another question, a verdict, or it's 5:00 o'clock, all right?

The Court will be in recess.

(Recess at 1:57 p.m.)

(Reconvened at 3:05 p.m.)

*THE COURT:* We are back on the record in the Heller case. The jury has sent out a note that indicates as follows: We cannot come to a unanimous decision. What do we need to do?

United States, as I understand it, has proposed that the Court give essentially a modified *Allen* instruction. Let me ask the government to what extent does that proposed instruction or how does it compare to the 10th Circuit pattern

instruction 1.42?

*MS. DAVIES:* I took it directly from Westlaw, the 10th Circuit pattern instruction, changing only the title.

*THE COURT:* Any additional suggestions in terms of the response to the jury's note by the government?

*MS. DAVIES:* I guess the only question, Your Honor, is if we are at the point where an *Allen* instruction is appropriate. They obviously have not been deliberating that long. On the other hand, this was not a long trial and it appears that even though the evidence came in in two days, slightly around, they have reached that point. So I guess I am looking to the Court's experience in terms of whether the timing at this juncture is appropriate.

*THE COURT:* I mean, what would -- if we didn't give this instruction, the alternative would be what?

*MS. DAVIES:* The alternative, rather than a formal instruction, just some short direction from the Court asking them to try a little harder or a little longer. This is obviously the full *Allen* instruction.

*THE COURT:* Right. Okay.

Ms. Christl, suggested response to the note on behalf of Mr. Heller?

*MS. CHRISTL:* Yes, Your Honor. I think at this point the jury has been out almost a full day and the trial only lasted two days. I think at this point we would ask the Court

to hang the jury. With regard to the *Allen* instruction, we would object to that instruction going back. We would object to a note from the Court saying keep going.

And if the Court is at all inclined to give the *Allen* instruction, I think we would have a strenuous objection to the second paragraph of it. That says that this is an important case and if you should fail to agree upon a verdict, the case is left open and must be tried again. Obviously, another trial would require the parties to make another large investment of time and effort, and there is no reason to believe that the case can be tried again by either side better or more exhaustively than it has been tried before you.

I don't understand the point of that paragraph. Like who cares how much work it is for us? And I think that that second sentence, that if you should fail to agree upon a verdict, the case is left open and must be tried again, is not true. It may be tried again, but I don't think it's a must be tried again.

*THE COURT:* All right. Any response to that by the government as to those points?

*MS. DAVIES:* Your Honor, this is the standard 10th Circuit pattern instruction. It's obviously been applied in a number of cases and found to be appropriate. I have not heard anything articulated by the defendant as to why in this case under the facts here that that is not properly included and it

is part of the standard instruction.

*THE COURT:* Yeah. I haven't found in the cases that I have looked at, I haven't seen any objections or commentary about that second paragraph, but what would be the problem if we omitted it, assuming that I did give a modified *Allen* instruction?

*MS. DAVIES:* Because, Your Honor, I am assuming the 10th Circuit included that language.

*THE COURT:* The 10th Circuit didn't include the language necessarily. The instruction committee did.

*MS. DAVIES:* The people who put together the instructions for the 10th Circuit included that language because they thought it was appropriate to let jurors know the practical effect of their giving up too easily and early, and that is that there is -- and I will represent there is a likelihood of retrial here, so that is, in fact, the truth. And letting juries understand the consequences of them simply putting a white flag up is something that has been deemed appropriate in an *Allen* instruction.

*THE COURT:* Anything else, Ms. Christl?

*MS. CHRISTL:* Your Honor, I think -- just that we would object. And if the Court is going to give that second paragraph of the instruction, I would ask that you take out the word -- take out that second sentence about "If you should fail to agree, the case is left open and must be tried again." I

don't think that's a correct statement of the law.

Yes, perhaps this case will be tried again. At one point there was discussion in this case about perhaps Mr. Heller pleading guilty to a misdemeanor. I think that is a possibility. I don't think that this is a case where he will absolutely be tried again.

*THE COURT:* Yeah, okay. Next question, and that is as you can tell from the language of the 10th Circuit pattern instruction, this is an instruction that's typically read to the jury. The jury is typically brought into the courtroom. The Court reads something to the jury and then sends them back out. It sounds like both of you are contemplating that the Court would just send this back to them.

Comment on that issue?

*MS. DAVIES:* Your Honor, if the Court's experience is to bring the jury in, then I would approve that that be the approach in this case.

*THE COURT:* Ms. Christl?

*MS. CHRISTL:* Judge, our preference is that you just send the instruction back in response to the note essentially saying that this is a further instruction from the Court if you are going to do it, but again we do object.

*THE COURT:* I am going to overrule the objection. I am going to omit the second paragraph. I am going to bring the jury in and read the remainder of the instruction. This is the

10th Circuit Pattern Instruction 1.42 and I don't believe that it would be unduly coercive. Of course, the last instruction that the Court gave already includes some language and includes some of the language here, but I think it would be appropriate.

I looked at a number of different cases. One of the most recent cases that the Court found is *United States v. Sharp*, which is reported at 749 F.3d 1267. That was a similar situation where there already had been an instruction, but the Court -- the 10th Circuit didn't find that there was undue coercion. You can look at a number of different factors. I don't find any of those factors would apply here, so I am going to at this time ask that Ms. Buchanan go ahead and ask the jury to return to the courtroom.

*MS. CHRISTL:* Your Honor, may we approach, please, before the jury comes out?

*THE COURT:* I'm not sure since the jury is going to be coming out.

*MS. CHRISTL:* I guess I just want to put on the record that some people in the courtroom appear to be very emotional, and I am not sure that that's a good thing for the jury to see.

*THE COURT:* I don't notice anyone being particularly emotional.

*MS. CHRISTL:* Your Honor, I believe someone just stepped out of the courtroom because --

*THE COURT:* Well, then that doesn't seem to be too

much of a problem.

(Jury present.)

*THE COURT:* All right. Thank you. Please be seated.

All right, ladies and gentlemen. You sent out a note. And in response to that note, let me read to you this jury instruction, all right?

Members of the jury, I am going to ask that you return to the jury room and deliberate further. I realize that you are having some difficulty reaching a unanimous agreement, but that is not unusual. Sometimes, after further discussion, jurors are able to work out their differences and agree.

You are reminded that the defendant is presumed innocent, and that the government, not the defendant, has the burden of proof and it must prove the defendant guilty beyond a reasonable doubt. Those of you who believe that the government has proved the defendant guilty beyond a reasonable doubt should stop and ask yourselves if the evidence is really convincing enough, given that other members of the jury are not convinced. And those of you who believe that the government has not proved the defendant guilty beyond a reasonable doubt should stop and ask yourselves if the doubt you have is a reasonable one, given that other members of the jury do not share your doubt. In short, every individual juror should reconsider his or her views.

It is your duty, as jurors, to consult with one

another and deliberate with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.

In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if you are convinced it is erroneous, but do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict. What I have just said is not meant to rush or prejudice you into agreeing on a verdict. Take as much time as you need to discuss things. There is no hurry.

I will ask you now -- I will ask now that you retire, once again, and continue your deliberations with these additional comments in mind to be applied, of course, in conjunction with all of the instructions I have previously given to you.

All right. Ladies and gentlemen. I am going to excuse you to re-commerce your deliberations. Thank you.

(Jury excused.)

All right. Thank you. Please be seated.

Anything else on behalf of the United States at this time?

*MS. DAVIES:* No, Your Honor. Thank you.

*THE COURT:* Anything else on behalf of Mr. Heller at this time?

*MS. CHRISTL:* No, Your Honor. Assuming we don't hear before 5:00, do you want us to come back?

*THE COURT:* Yes, if you would come back a little before 5:00 so we would be ready to excuse the jury at that time. We will be in recess. Thank you.

(Recess at 3:20 p.m.)

(Reconvened at 4:16 p.m.)

*THE COURT:* Back on the record in the Heller case. I got to thinking that since it's Halloween and, as I recall, many of the jurors have young children, that I would ask -- that I would have Ms. Buchanan ask if they wanted to leave early and apparently they do. So I am going to bring the jury in at this time and excuse them for the day.

Go ahead, Ms. Buchanan.

(Jury present.)

*THE COURT:* Ladies and gentlemen, I got to thinking I should have asked you this when you were out here before, but given the fact it's Halloween, as I recall, some of you I think have some young children. And the difference between leaving here at 5:00 and getting home potentially after it's dark already and being able to leave now before it starts getting dark could be a big difference for people with kids.

I am going to let you go at this time. Keep the admonitions overnight, if you would. Also tomorrow do the same thing that you did today. You can decide what time to come back. Just make sure you are all in agreement about when to come back and then commence your deliberations. Keep the admonitions in mind. Hope you have a good evening, ladies and gentlemen. The jury is excused. Thank you.

(Jury excused.)

All right. Thank you. Please be seated.

Ms. Davies, anything on behalf of the United States?

*MS. DAVIES:* No, Your Honor. Thank you.

*THE COURT:* Thank you.

Ms. Christl, anything on behalf of Mr. Heller?

*MS. CHRISTL:* No, Your Honor.

*THE COURT:* Then we will be in recess until we get a question, verdict, or I guess it would be 5:00 o'clock tomorrow, all right?

The Court will be in recess.

(Recess at 4:20 p.m.)

REPORTER'S CERTIFICATE

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter. Dated at Denver, Colorado, this 14th day of November, 2019.

S/Janet M. Coppock