IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DAKOTA HELLER,

        Defendant.

_____

**UNOPPOSED MOTION TO CONTINUE TRIAL SET FOR DECEMBER 16, 2019**
_____

Defendant Dakota Heller, through undersigned counsel, moves this Court for an Order to continue the trial, currently set for December 16, 2019, to a date in late February, 2020. He further seeks the Court exclude 45 days from the Speedy Trial Act computation. In support:

### INTRODUCTION

1. Mr. Heller is charged in a one-count indictment alleging abusive sexual contact. Mr. Heller was arraigned on May 14, 2019. The first trial, which began on October 28, 2019, resulted in a mistrial because the jury was unable to reach a verdict. The government elected to re-try Mr. Heller. [ECF Doc. 116]. The parties agree the trial should commence within 70 days from the date of the mistrial, pursuant to 18 U.S.C. § 3161(e). That date would be January 10, 2020. [ECF Doc. 117].

2. The government noticed expert witness Karen Blackwell in the first trial. Mr. Heller moved to exclude the witness altogether or limit the testimony in several respects, including that any testimony be limited to rebuttal. In so requesting, Mr. Heller intended

to convey his position, perhaps inarticulately, that the expert testimony could only be relevant and admissible if he introduced new evidence in his case-in-chief that opened the door to such testimony—e.g., if Mr. Heller took the stand to testify about his relationship with Christopher after the sexual contact. Mr. Heller's request assumed the general rule that "[e]vidence offered in rebuttal may be introduced only to counter new facts presented in the defendant's case in chief." *See United States v. Byers*, 649 F.3d 197, 213 (4th Cir. 2011). This Court appeared to grant Mr. Heller's intended relief, ordering that "Ms. Blackwell's testimony be limited to rebuttal." [ECF Doc. 65]. The Defendant understood the Court's ruling to mean that the expert's testimony would only be relevant and admissible if the defendant opened the door to her testimony in his case-in-chief. Thus, the defense, knowing it would not open that door in its case-in-chief, did not seek an expert witness to counter Ms. Blackwell. Only during trial did Mr. Heller understand that the Court's only intent in limiting Ms. Blackwell's testimony to rebuttal was to create a clear separation in time from Christopher's testimony.

3. For the retrial, Mr. Heller has retained an expert witness to rebut claims made by Karen Blackwell at trial regarding memory and disclosure. The government filed a new or supplemental expert disclosure for Karen Blackwell for the retrial regarding a sex abuse victim's "frozen response." While the defendant is filing an objection to this new disclosure, the expert witness retained by the defendant will offer a rebuttal to this opinion.

4. The Defendant has provided this expert disclosure to the government today. This expert witness is necessary to the Defendant in the retrial. This particular witness's

area of expertise is precisely what the Defendant needs to rebut the government's expert and offer information that will assist the jury in determining facts at issue.

5. The Defendant's expert witness is unavailable to testify during the week of December 16. She is testifying in another trial that week. Furthermore, she will be testifying at a military trial out of the country in late January. She is available to travel to Colorado to testify in this case in late February.

6. The Defendant has consulted with the attorneys for the government. They do not oppose this continuance.

## LAW REGARDING REQUESTS FOR CONTINUANCES

7. This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as

necessitating the continuance results in the need for additional time. *See id.* at 1271.

8. In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

9. Defense counsel's request for a continuance satisfies the criteria in 18 U.S.C. § 3161(h)(7) and factors in *United States v. West*. Counsel has been diligent in preparing for trial. The Defendant maintains that his interpretation of this Court's order limiting the government's expert testimony to rebuttal was a reasonable, albeit incorrect, one. Had Mr. Heller correctly interpreted the order, the Defendant would have retained an expert sooner. If this Court grants a continuance to late February, the witness will be available. While the Defendant understands the inconvenience to the government and its witnesses, the government has chosen to re-try this case despite other available options. Mr. Heller would be prejudiced if not able to call this witness in his defense.

## CONCLUSION

Wherefore, Mr. Heller respectfully requests this Court for an Order to continue the trial and exclude 45 days from the Speedy Trial Act computation as authorized by 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Kelly Christl
KELLY CHRISTL
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Email:  Kelly_Christl@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2019, I electronically filed the foregoing ***Unopposed Motion to Continue Trial Set For December 16, 2019*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Patricia W. Davies, Assistant United States Attorney
Email: patricia.davies@usdoj.gov

Andrea L. Surratt, Assistant United States Attorney
Email: andrea.surratt@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Dakota Michael Heller  (via Mail)

s/Kelly Christl
KELLY CHRISTL
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
kelly.christl@fd.org
Attorney for Defendant