IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DAKOTA MICHAEL HELLER,

      Defendant.

_____

### DEFENDANT'S OBJECTION TO GOVERNMENT'S EXPERT WITNESS
_____

Dakota Michael Heller, through counsel, submits the following objections to the government's proposed expert witness.

**A.    Previous objections and this Court's rulings thereon**

As an initial matter, Mr. Heller incorporates his previous objections to the testimony of Ms. Blackwell.  (Motion to Exclude Testimony, ECF No. 59.)  Presumably, this Court's prior rulings with respect to those objections still stand.  (Order, 10/11/2019, ECF No. 65.)  Specifically, (1) "generalized testimony from Ms. Blackwell about pre-assault grooming behavior appears irrelevant"; (2) "Ms. Blackwell should limit her testimony about post-assault grooming behavior to mid- to late teenagers"; (3) "Ms. Blackwell may testify about delayed reporting by mid- to late teenagers"; and (4) "the Court will limit Ms. Blackwell's testimony to the government's rebuttal case."  (*Id.*)

**B.      Requested modifications to this Court's prior rulings**

Mr. Heller has two requests with respect to this Court's prior order.  First, Mr. Heller requests that this Court narrow Ms. Blackwell's testimony about post-assault grooming and delayed reporting from "mid- to late teenagers" to male teenagers aged 16 or older.  As previously discussed, 16 is the federal age of consent and the "generic" age of consent.  *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1569 (2017) ("Age of consent, usually 16, denotes the age when one is legally capable of agreeing to sexual intercourse" (quoting B. Garner, A Dictionary of Modern Legal Usage 38 (2d ed. 1995) (brackets, ellipses omitted)).  Christopher was 16 years old at the time of the sexual contact.  It is important that the expert's testimony be limited to sexual abuse victims who have reached an age that the federal law, and the law in a majority of jurisdictions, deems mature enough to consent to sexual contact, as the alleged victim in this case was.  Moreover, because the expert's disclosure suggests that gender is a factor relevant to the processes of victimization and disclosure, her testimony should be limited to male victims.

Second, as previously explained, when Mr. Heller requested that Ms. Blackwell's testimony be limited to rebuttal, Mr. Heller intended to convey that this Court should conclude that her testimony would be admissible only if Mr. Heller opened the door to her testimony through new evidence he introduced in his case-in-chief.  *See United States v. Byers*, 649 F.3d 197, 213 (4th Cir. 2011) ("Evidence offered in rebuttal may be introduced only to counter new facts presented in the defendant's case in chief.").  This Court granted that request to limit her testimony to rebuttal, but, as Mr. Heller now understands, it did so solely to create a separation in time between Christopher's

testimony and the expert's testimony; the admissibility of the expert's testimony was not conditioned on Mr. Heller opening the door in his case-in-chief. With that understanding, Mr. Heller does not request that the expert be permitted to testify in the government's rebuttal case. Rather, Mr. Heller's position is that, if the expert's testimony is relevant and admissible regardless of whether he opens the door, then the expert should testify in the government's case-in-chief after Christopher testifies, with some separation so as to avoid the appearance of improper bolstering.

### C. Objection to Ms. Blackwell's testimony re: "frozen response"

The government has expanded its original disclosure to include that Ms. Blackwell will testify that sexual abuse victims may exhibit a "frozen response." While that term is not further defined, presumably it means that a victim may respond to sexual abuse by doing nothing at all, exhibiting no signs of resistance. This expert opinion should be excluded because it will not "help the trier of fact to understand the evidence or determine a fact in issue." Fed. R. Evid. 702(a). As the proponent of the evidence, it is the government's burden to establish its helpfulness to the jury.

As the previous trial made clear, Mr. Heller concedes that he knowingly engaged in the sexual contact, and that Christopher did not, in fact, give permission for the sexual contact. Thus, the only relevant issue is Mr. Heller's subjective knowledge—whether Mr. Heller subjectively knew that he did not have Christopher's permission. This is the only disputed issue that the jury must resolve. That an expert's specialized knowledge allows them to opine that sometimes a victim might exhibit a "frozen response" sheds no light on this disputed issue. While it might help explain whether Christopher did, in fact, give permission for sexual contact, that is not an issue the jury

3

must resolve—Mr. Heller concedes that he did not.  Unless the government can demonstrate that *Mr. Heller* knows that a frozen response is consistent with sexual abuse, and therefore he knew that Christopher's frozen response was indicative of lack of permission, then the testimony is simply not relevant or helpful to the jury.

### D. Objection to Ms. Blackwell's testimony re: physiological responses

The same is true with respect to Ms. Blackwell's opinion that a male may become sexually aroused and ejaculate even though the incident is sexual abuse.  This only goes to the undisputed question of whether Christopher actually consented to the sexual contact.  Mr. Heller does not claim that he did.  Mr. Heller's only defense is that he *thought* Christopher had given permission for the sexual contact.  Thus, Ms. Blackwell's opinion that a victim of sexual abuse may become aroused and ejaculate is only relevant if Mr. Heller knew that; that is, if Mr. Heller knew that sexual arousal was not necessarily indicative of permission.  That an expert with specialized training and experience has that knowledge is irrelevant and unhelpful to the jury.

Moreover, nothing in the government's disclosure indicates that Ms. Blackwell is qualified to opine as an expert in physiology.  She is not a medical doctor, nor does she have a degree in any biological science; she has a master of social work and her bachelor of science is in business administration.  Accordingly, the government has not met its burden to show that Ms. Blackwell has the requisite "scientific, technical, or other specialized knowledge," that her proposed testimony is "based on sufficient facts or data . . . [and] the product of reliable principles and methods," nor that she "has reliably applied the principles and methods to the facts of this case."  Fed. R. Evid. 702.  Accordingly, this evidence should be excluded.

**Conclusion**

This Court should exclude the proposed expert testimony of Ms. Blackwell, in particular her opinion with respect to a victim's "frozen" response and physiological response.

>
> Respectfully submitted,
>
> VIRGINIA L. GRADY
> Federal Public Defender
>
>
> s/Jacob Rasch-Chabot
> JACOB RASCH-CHABOT
> Assistant Federal Public Defender
> 633 17th Street, Suite 1000
> Denver, CO  80202
> Telephone:  (303) 294-7002
> FAX:  (303) 294-1192
> jacob.rasch-chabot@fd.org
> Attorney for Defendant

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on November 22, 2019, I electronically filed the foregoing ***DEFENDANT'S OBJECTION TO GOVERNMENT'S EXPERT WITNESSES*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

  Patricia W. Davies, Assistant United States Attorney
  Email: patricia.davies@usdoj.gov

  Andrea L. Surratt, Assistant United States Attorney
  Email: andrea.surratt@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

  Dakota Michael Heller  (via Mail)

           s/Jacob Rasch-Chabot
           JACOB RASCH-CHABOT
           Assistant Federal Public Defender
           633 17th Street, Suite 1000
           Denver, CO  80202
           Telephone:  (303) 294-7002
           FAX:  (303) 294-1192
           jacob.rasch-chabot@fd.org
           Attorney for Defendant