IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DAKOTA MICHAEL HELLER,

        Defendant.

_____

## MOTION TO DISMISS COUNT TWO FOR PROSECUTORIAL VINDICTIVENESS
_____

Dakota Michael Heller, through counsel, Assistant Federal Public Defender Jacob Rasch-Chabot, moves this Court to dismiss Count 2 of the Superseding Indictment based on prosecutorial vindictiveness.

## FACTS

A grand jury indicted Mr. Heller on one count of engaging in abusive sexual contact in violation of 18 U.S.C. § 2244(b). (Indictment 1, ECF No. 1). The statutory maximum term of imprisonment for that offense is two years. (*Id.* at 3.)

Initial discovery the government produced in May 2019 indicated that the basis of the offense was that Mr. Heller allegedly masturbated Christopher on an airplane while Christopher was asleep, or half-conscious, as a result of taking Ambien, and that Christopher only realized what happened when he fully woke up hours later. For example, in an interview with Agent Jones in January 2019, Gabe Kinzley reported that Christopher had told him that, after taking Ambien on the flight from Dubai to Seattle,

"Heller had placed his hand down [Christopher's] pants while [Christopher] was asleep." (INV_30.)  In a subsequent interview, Christopher stated that, after he took Ambien, Mr. Heller masturbated him while he was "half asleep, but not fully unconscious."  (INV_50.) According to the affidavit in support of a search warrant, Christopher told Agent Jones that he "did not fully recognize or comprehend what was occurring while Heller was making contact with [Christopher's] genitals until after the contact."  (INV_118.)

Despite evidence that Christopher was under the influence of a sedative, was asleep or half-conscious, and did not recognize or comprehend the sexual contact, the government did not charge him with engaging in a sexual act with a person "incapable of appraising the nature of the conduct" or "physically incapable of declining participation in, or communicating unwillingness to engage in" that sexual contact in violation of § 2244(a)(2).  *See* § 2242(2) (cross-referenced in § 2244(a)(2)); *United States v. Demery*, 674 F.3d 776, 779-80 (8th Cir. 2011) (affirming conviction under 2244(a)(2) where victim was not "fully awake").  A conviction under § 2244(a)(2) carries a statutory maximum of three years in prison.

Charged only with a violation of § 2244(b), with a stat max of two years, the parties entered plea negotiations, exploring the possibility of allowing Mr. Heller to plead down to a simple assault.  (*See* Attachment A.)  The offer was contingent on a determination that Mr. Heller was "low risk" following a psycho-sexual evaluation and the government getting input from Christopher about the deal.  (*Id.*)  Mr. Heller was determined to be "low risk," but evidently, the victim did not approve of the deal. Accordingly, a firm plea offer never materialized, and Mr. Heller proceeded to trial.

Following a three-day trial, this Court declared a mistrial due to a hung jury.

Mr. Heller again offered to the government that he would plead guilty to simple assault to avoid a retrial. Instead, however, the government responded by threatening to file a superseding indictment charging him with a second count alleging a violation of § 2244(a)(2), which carries a greater stat max of three years—that is, unless Mr. Heller pled guilty to the original charge, the very one that a jury just failed to convict him of. (*See* Attachment B.) Mr. Heller declined to plead guilty. The government followed through with the superseding indictment.

Mr. Heller now moves to dismiss the second count of the superseding indictment on grounds of prosecutorial vindictiveness.

## ARGUMENT

"To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, and for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is 'patently unconstitutional.'" *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978).

"Vindictive prosecution occurs when the government retaliates against a defendant for exercising his or her constitutional or statutory rights, such as the right to file an appeal or the right to present a defense." *United States v. Ray*, 899 F.3d 852, 860 (10th Cir. 2018). "To succeed on a claim of prosecutorial vindictiveness, the defendant must show either actual or presumptive vindictiveness." *Id.* "To establish presumptive vindictiveness . . . the defendant must show that 'as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or punitive animus towards the defendant because he exercised his specific legal right.'" *Id.* (quoting *United States v. Wall*, 37 F.3d 1443,

3

1448 (10th Cir. 1994)). "Thereafter, the burden shifts to the prosecution to justify its charging decisions with legitimate, articulable, objective reasons." *United States v. Wood*, 36 F.3d 945, 946 (10th Cir. 1994).

A presumption of vindictiveness arises when a defendant successfully appeals a conviction and then faces greater charges on retrial. *Id.* at 947 (calling new charges "inherently suspect"); *see also Wall*, 37 F.3d at ("[T]here is a presumption of vindictiveness when a defendant successfully attacks his first conviction and then receives a harsher sentence on retrial, or when the prosecutor clearly has a considerable stake in discouraging convicted misdemeanants from appealing by charging a successful appellant with a felony covering the same facts." (internal quotation marks omitted)). However, that same presumption does not necessarily apply when new charges are added following a mistrial. "Generally, where, as here, a modification in a charging decision follows a mistrial occurring for neutral reasons, such as a hung jury, and without objection from the government, no presumption of vindictiveness is raised because there is no reason why the prosecutor would consider the defendant responsible for the need for a new trial." *United States v. Contreras*, 108 F.3d 1255, 1263 (10th Cir. 1997). Instead, a totality-of-the-circumstances test applies. *Id.* ("Consequently, to determine whether a reasonable likelihood of vindictiveness exists, we must look to the totality of the objective circumstances surrounding the prosecutorial decision."). Here, the totality of the circumstances raise a "realistic or reasonable likelihood" that the government would not have brought an additional charge carrying a higher statutory maximum penalty "but for hostility or punitive animus towards" Mr. Heller "because he exercised his specific legal right[s]": namely, that he

4

exercised his right to trial, presented a defense that denied the government a conviction, and is again exercising his rights to trial and to present a defense. *Ray*, 899 F.3d at 860. This raises a presumption of vindictiveness, and "the burden shifts to the prosecution to justify its charging decisions with legitimate, articulable, objective reasons." *Wood*, 36 F.3d at 946.

As an initial matter, however, Mr. Heller challenges the notion that additional charges following a hung jury are not entitled to the same presumption of prosecutorial vindictiveness as new charges following a successful appeal.[1] The Tenth Circuit has said that a hung jury is a "neutral reason" and "there is no reason why the prosecutor would consider the defendant responsible for the need for a new trial." *Conteras*, 108 F.3d at 1263. This makes little sense. Of course the defendant is responsible for the need for a new trial. At least that is true where, as here, during the course of trial, the defendant exercises his constitutional rights to confront and cross-examine the witnesses against him, to call witnesses in his favor, and to choose to testify or not testify himself. *See* U.S. Const. am. V, VI. As a direct result of this exercise of his constitutional rights, the government was unable to convince a unanimous jury that Mr. Heller was guilty beyond a reasonable doubt, leading to a hung jury and mistrial. Thus, Mr. Heller is responsible for the need for a new trial, and this fact alone should be sufficient to raise a presumption of vindictiveness when the government adds any new charges. Indeed, as the Tenth Circuit has recognized, a "change in a charging decision made after an initial trial . . . is much more likely to be improperly motivated than is a

---

[1] Of course, this Court is bound by Tenth Circuit precedent, so Mr. Heller states this argument for potential preservation.

pre-trial decision." *Wood*, 36 F.3d at 946.  It is immaterial whether the retrial is caused by a hung jury or a reversal on appeal.

In any event, the totality of the circumstances here raise a reasonable probability that the decision to bring new charges was not an objective exercise of prosecutorial discretion, but improperly motivated by hostility or animus toward Mr. Heller for his exercise of constitutional rights to go trial, present a defense, and do it all over again. Tellingly, the government's initial assessment of its case was to charge one count with a two-year stat max and plead it down to a misdemeanor simple assault.  Based on input from the alleged victim, the government declined to formally offer a plea to misdemeanor simple assault.  However, neither did the government find it appropriate to supersede with a second count carrying a greater possible term of imprisonment. Instead, the parties proceeded to trial on the original count.  Then, Mr. Heller exercised his rights to confront witnesses, call his own witnesses, and decline to be a witness against himself, which denied the government its sought after conviction.  Only after failing to secure a conviction at the first trial did the government threaten to "up the ante" if Mr. Heller again exercised his rights to go trial and present a defense.  Again, as the Tenth Circuit has recognized, a "change in a charging decision made after an initial trial . . . is much more likely to be improperly motivated than is a pre-trial decision."  *Wood*, 36 F.3d at 946.  Thus, at the very least, there is a "reasonable likelihood" that the government's post-trial decision to charge Mr. Heller with a more serious count was improperly motivated.  Accordingly, it is the government's burden to justify its decision with legitimate, articulable, objective reasons.

6

The government is likely to assert that it pursued the new charge based on new evidence it acquired only after the first trial, e.g., its expert witness on Ambien and Mr. Heller's Ambien prescription. While the government may have recently acquired this evidence that arguably bolsters its case under § 2244(a)(2), the government already knew the factual basis underlying the charge, possessed sufficient evidence supporting such a charge, and could have easily obtained this evidence prior to the first trial. It *chose* not to. The government had evidence that Christopher was under the influence of Ambien given to him by Mr. Heller, that Christopher was either asleep or half-asleep when Mr. Heller engaged in the sexual contact, and that Christopher did not appreciate or understand the nature of the contact until later. This evidence alone is sufficient to support a conviction under § 2244(a)(2). *See Demery*, 674 F.3d at 779-80 (affirming conviction under 2244(a)(2) where victim was not "fully awake"). The government easily could have indicted Mr. Heller on a § 2244(a)(2) count, hired an expert, and subpoenaed his prescription records before the first trial. That it did not do so until after it failed to convict Mr. Heller at the first trial suggests that its subsequent decision to supersede on a more serious charge was the result of prosecutorial vindictiveness.

7

## CONCLUSION

This Court should dismiss count 2 of the superseding indictment.

>Respectfully submitted,
>
>VIRGINIA L. GRADY
>Federal Public Defender
>
>
>s/Jacob Rasch-Chabot
>JACOB RASCH-CHABOT
>Assistant Federal Public Defender
>633 17th Street, Suite 1000
>Denver, CO  80202
>Telephone:  (303) 294-7002
>FAX:  (303) 294-1192
>jacob.rasch-chabot@fd.org
>Attorney for Defendant

CERTIFICATE OF SERVICE

    I hereby certify that on December 31, 2019, I electronically filed the foregoing **MOTION TO DISMISS COUNT TWO FOR PROSECUTORIAL VINDICTIVENESS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

    Patricia W. Davies, Assistant United States Attorney
    Email: patricia.davies@usdoj.gov

    Andrea L. Surratt, Assistant United States Attorney
    Email: andrea.surratt@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Dakota Michael Heller  (via Mail)

                                          s/Jacob Rasch-Chabot
                                          JACOB RASCH-CHABOT
                                          Assistant Federal Public Defender
                                          633 17th Street, Suite 1000
                                          Denver, CO  80202
                                          Telephone:  (303) 294-7002
                                          FAX:  (303) 294-1192
                                          jacob.rasch-chabot@fd.org
                                          Attorney for Defendant