```
 1                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF COLORADO
 2
     Criminal Action No. 19-CR-00224-PAB
 3
     UNITED STATES OF AMERICA,
 4
          Plaintiff,
 5
     vs.
 6
     DAKOTA MICHAEL HELLER,
 7
          Defendant.
 8   _____

 9                       REPORTER'S TRANSCRIPT
                           Hearing on Motion
10   _____

11        Proceedings before the HONORABLE PHILIP A. BRIMMER,

12   Chief Judge, United States District Court for the District of

13   Colorado, commencing at 10:00 a.m., on the 2nd day of July,

14   2019, in Courtroom A701, United States Courthouse, Denver,

15   Colorado.

16                             APPEARANCES

17        Julia Martinez, U.S. Attorney's Office,

18   1801 California Street, Suite 1600, Denver, CO 80202, appearing

19   for the plaintiff.

20        Kelly Christl,  Office of the Federal Public Defender,

21   633 17th Street, Suite 1000, Denver, CO 80202, appearing for

22   the defendant.

23

24   Proceeding Recorded by Mechanical Stenography, Transcription
       Produced via Computer by Janet M. Coppock, 901 19th Street,
25          Room A257, Denver, Colorado, 80294, (303) 335-2106
```

|    |                                                                      |
|----|----------------------------------------------------------------------|
| 1  | PROCEEDINGS                                                          |
| 2  | *THE COURT:*  The matter before the Court is United                  |
| 3  | States of America v. Dakota Michael Heller.  This is Criminal        |
| 4  | Case 19-CR-224.  I will take entries of appearances, please.         |
| 5  | *MS. MARTINEZ:*  Good morning, Your Honor.  Julia                    |
| 6  | Martinez on behalf of the United States filling in for               |
| 7  | Ms. Davies.                                                          |
| 8  | *THE COURT:*  All right.  And good morning to you.                   |
| 9  | *MS. CHRISTL:*  Good morning, Your Honor. Kelly Christl              |
| 10 | on behalf of Dakota Heller who is present.                           |
| 11 | *THE COURT:*  And good morning to both of you.  Is                   |
| 12 | Mr. Heller on bond?                                                  |
| 13 | *MS. CHRISTL:*  He is, Your Honor.                                   |
| 14 | *THE COURT:*  We are here today on a motion to exclude               |
| 15 | 90 days from speedy trial.  This is Docket No. 23.  And in it        |
| 16 | Mr. Heller is asking to exclude 90 days based upon the amount        |
| 17 | of discovery and also some of the types of discovery that            |
| 18 | Mr. Heller wants to engage in and to some extent Ms. Christl's       |
| 19 | trial schedule.                                                      |
| 20 | So that being said, I will hear from Ms. Christl.                    |
| 21 | *MS. CHRISTL:*  Thank you, Your Honor.                               |
| 22 | Your Honor, and I think while all of those are reasons               |
| 23 | that I am requesting this continuance, probably the biggest          |
| 24 | reason I am asking for a continuance is there is quite a bit of      |
| 25 | investigating that will need to be done in this case.  This is       |

1   a case where the -- who is referred to as minor No. 1 in the
2   Indictment, who is actually an adult now and has been an adult
3   for a little while, is someone that my client has had an
4   ongoing relationship, friendship with for the last two years.
5   So this isn't just investigating the incident that's alleged in
6   the Indictment, but also kind of retracing what's occurred in
7   the last two years.
8           There were several witnesses on the flight who knew
9   both of these individuals and have known them for the last two
10  years as well, so I think that while all of the other reasons
11  are --
12          *THE COURT:*  So there were acquaintances of them on the
13  flight who were witnesses.
14          *MS. CHRISTL:*  Correct.
15          *THE COURT:*  And among the witnesses that you may try
16  to interview, you mentioned a dozen.  What number of the dozen
17  are not those acquaintances?
18          *MS. CHRISTL:*  Your Honor, so there were, if I recall,
19  included in that dozen there was also a statement that my
20  client made not to law enforcement, but to members of his
21  church, and I believe that there were about a dozen people at
22  that.  They called it an intervention.
23          *THE COURT:*  And this took place after the flight
24  sometime later?
25          *MS. CHRISTL:*  Yes, Your Honor.  This took place a

```
 1  couple of months ago which led to --
 2          THE COURT:  Led to the charges.
 3          MS. CHRISTL:  Yes.
 4          THE COURT:  Got it.  And then in terms of are there
 5  people who were on the flight who are witnesses who are not
 6  acquaintances of minor No. 1 and Mr. Heller?
 7          MS. CHRISTL:  This was a large international flight.
 8  However, this was a church group that went on a mission trip,
 9  so there were several members of the church, and if I recall, I
10  know it was -- I think a half dozen potentially.
11          THE COURT:  I see.  So it's not a situation where
12  there was some type of report at the time of the flight.
13          MS. CHRISTL:  That's correct.
14          THE COURT:  Instead, with the intervention or
15  something of that nature things happened later on.
16          MS. CHRISTL:  Correct, Your Honor.  And also because
17  of what's happened in the two years, I anticipate the need to
18  perhaps request subpoenas duces tecum from the Court to get
19  access to possible communication over the last two years.
20          THE COURT:  Right.  Okay.  And why do you think that
21  we should excludes 90 days as opposed to like 60 days?
22          MS. CHRISTL:  Your Honor, I think in part if I do
23  request subpoenas from the Court, I think that that will take
24  some time to get.  And then once I get that information, I'll
25  have to follow up with investigation potentially on that
```

1   information.

2       I can also tell the Court I do have many pretrial
3   cases right now where a notice of disposition has not been
4   filed.  I don't believe the numbers that I cited in my motion
5   have changed since my original filing.  I think I still have I
6   believe it's eight pretrial cases, so it's also my court
7   schedule.

8       *THE COURT:*  And back to the third-party subpoenas,
9   without -- I don't want you to reveal any work product or
10  strategy, but is it possible that some of those would be
11  challenged?

12      *MS. CHRISTL:*  I'm not sure.  And I am going to
13  attempt -- there may be a way to get some of this information
14  through my client's electronic devices, which we will obviously
15  try first.  If that's not accessible, then it's possible that
16  the government would challenge that.  I don't --

17      *THE COURT:*  Like I said, the party to whom the
18  subpoena was directed, you know, like if you are trying to
19  subpoena a church or something like that, I don't know whether
20  there would be an attempt to challenge the subpoena.

21      *MS. CHRISTL:*  Your Honor, I would anticipate that it
22  would be more social media, electronic-type communication like
23  third-party companies or corporations rather than a church,
24  although I may -- I am not sure if the church did any sort of
25  investigation, but certainly that may be relevant as well if I

1   find out that they did.
2           THE COURT:  Okay.  And you anticipate, then, that
3   because of the need for follow-up once the results of the
4   subpoenas come back to you, which could take some period of
5   time, who know, that a 60-day exclusion, for example, would not
6   be sufficient?
7           MS. CHRISTL:  Your Honor, I -- the only way I think a
8   60-day exclusion would be sufficient if I were granted that
9   amount of time to file my motions.  I think based on the
10  information that I get there may be a motion regarding a rape
11  shield type of issue that would toll the clock, but at this
12  time I just don't know.  I mean, I could certainly ensure the
13  Court that I will be diligent about it, and if I know that I am
14  going to file a motion, you know, I won't wait until the last
15  minute to file it if I have the information to file it
16  beforehand.
17          THE COURT:  Sure.  And then by your calculation, how
18  much time remains on speedy trial?
19          MS. CHRISTL:  Your Honor, I believe -- sorry.  I
20  looked at this last week and I don't know if I brought my note
21  with it.  Right now I believe there is about -- if I could have
22  a moment just to review what I looked through to make that
23  determination before.
24          THE COURT:  Let's see what Ms. Martinez has.
25          MS. MARTINEZ:  Ms. Martinez is looking for notes as

| | |
|---|---|
| 1 | well.  Just a moment, Your Honor. |
| 2 |     *THE COURT:*  Sure. |
| 3 |     *MS. CHRISTL:*  Your Honor, I know our initial 70-day |
| 4 | deadline was July 18th, and from the date of the filing of the |
| 5 | motion to today is about five days.  So I believe our speedy |
| 6 | trial deadline right now would be approximately July 20 -- |
| 7 |     *THE COURT:*  Well, the question is -- of course, your |
| 8 | motion tolls it.  The question is always how much remains on |
| 9 | speedy because then you would add that to whatever time you |
| 10 | want to exclude.  And then that's the only way we could then |
| 11 | figure out when we would need to set it. |
| 12 |     *MS. CHRISTL:*  Your Honor, I believe about 20 days are |
| 13 | left on speedy trial. |
| 14 |     *THE COURT:*  Ms. Martinez? |
| 15 |     *MS. MARTINEZ:*  I think I have 22 by my count, but we |
| 16 | are happy to go with 20 just to be on the conservative side. |
| 17 |     *THE COURT:*  Well, we need to go with what's correct, |
| 18 | so let's figure that out. |
| 19 |     *MS. MARTINEZ:*  Your Honor, July 19th was initially the |
| 20 | 70-day deadline.  By my count that is -- |
| 21 |     *THE COURT:*  That's never a good idea to work back. |
| 22 |     *MS. MARTINEZ:*  Okay.  We have excluded -- |
| 23 |     *THE COURT:*  When did the speedy trial clock start? |
| 24 |     *MS. MARTINEZ:*  It started on the date of arrest, yes? |
| 25 |     *MS. CHRISTL:*  Yes. |

```
 1         THE COURT:  It doesn't start on the date of arrest.
 2  Under the statute it starts on the day of his initial
 3  appearance.
 4         MS. CHRISTL:  Your Honor, his initial appearance was
 5  on May 9th.
 6         THE COURT:  Right.
 7         MS. CHRISTL:  2019.
 8         THE COURT:  And then it ran until when?
 9         MS. CHRISTL:  Until June 28th when I filed my motion.
10         THE COURT:  What about June 4?
11         MS. CHRISTL:  Oh, that's correct, Your Honor.  I did
12  file a motion to continue the motions filing deadline.
13         THE COURT:  The government filed a motion for a
14  protective order at that time.
15         MS. CHRISTL:  Oh, I --
16         THE COURT:  Would that toll speedy trial?
17         MS. CHRISTL:  I believe it would, Your Honor.
18         THE COURT:  Until when?  Until when?
19         MS. CHRISTL:  Until the minute order was entered,
20  which I believe was June -- I apologize, Your Honor.  My
21  pleadings are not up-to-date.
22         THE COURT:  Ms. Martinez?
23         MS. MARTINEZ:  I have the same problem, Your Honor.  I
24  am sorry.  I grabbed the file from Ms. Davies this morning and
25  she does not have the docket sheet printed.
```

```
 1              MS. CHRISTL:  Your Honor, it's June 18th.
 2              THE COURT:  So it starts up again on June 18th and it
 3    goes until when?
 4              MS. CHRISTL:  Until I filed my motion to continue on
 5    June 26th.  I am sorry, June --
 6              THE COURT:  Yeah, June 26th.  Yeah, I am walking you
 7    through all that because both sides typically are poor at
 8    calculating speedy trial, but you need to get good at
 9    calculating speedy trial because it's important.  You can't
10    just like work back or -- you always have to take a look, see
11    when the initial appearance, see when the Indictment was filed,
12    whatever it is that triggers the clock, figure out what motions
13    might toll it, like the motion for protective order.
14              So the bottom line is that between May 9th and
15    June 6th, 26 days ran.  It was then tolled until the 18th until
16    the 26th.  That's eight days.  So 26 plus eight equals 34,
17    meaning 36 days left on speedy trial.  Any disagreement with
18    that, Ms. Martinez?
19              MS. MARTINEZ:  No, Your Honor.
20              THE COURT:  Ms. Christl?
21              MS. CHRISTL:  No, Your Honor.
22              THE COURT:  So what that means, then, if we exclude 90
23    days -- and I will let Ms. Martinez weigh in on that in just a
24    second -- that would mean 126 days from now is November 5th.
25    But my schedule doesn't allow me to set anything, so we have to
```

1    keep going back because I can't exclude time from my own
2    schedule, so we have to keep going back.  And I could set you
3    on October 15.  That's the week of Columbus Day.  So we
4    couldn't start the trial on Monday, but it would have to be
5    Tuesday, but I could only set it for three days.
6            To me, I know a little bit more now that you have
7    explained the circumstances.  I still think that even with the
8    fact that this comes about in a way that's atypical of an
9    airplane case, probably three days is sufficient, but I don't
10   know.
11           So Ms. Martinez, first of all, any objection to the
12   exclusion of 90 days?  Second, what's your opinion in terms of
13   setting this on October 15, a Tuesday, for three days instead
14   of four which it's current set for?
15           *MS. MARTINEZ:*  Your Honor, first with respect to the
16   exclusion of 90 days, no, the government does not have any
17   objection.  We have no reason to think Ms. Christl is not being
18   diligent about her investigation.  Although she is a fine
19   attorney, I hope she doesn't have nine trials between now and
20   October for her own sanity.
21           *THE COURT:*  I bet she does.
22           *MS. MARTINEZ:*  With respect to October 15th, I know
23   Ms. Davies estimates it's a four-day trial, but I also know in
24   speaking with her that she thinks that's a pretty conservative
25   and very safe estimate.  I think that she would feel more

1  comfortable having the full four days, but under the
2  circumstances if that week is the week that works for the Court
3  and keeps us within our speedy trial with that 90-day
4  exclusion, based on what I know of the file and what I know of
5  the case if I were trying it, I would be comfortable with three
6  days.
7       I hesitate a little bit given that I am speaking for
8  another AUSA and I won't be the one trying the case, but I
9  think that if Ms. Christl is comfortable with three days, I
10 think we can do that.
11      *THE COURT:*  Ms. Christl?
12      *MS. CHRISTL:*  Your Honor, my only hesitation is I
13 believe I am on trial in front of Your Honor.
14      *THE COURT:*  Which case?  Well, you can't go to trial
15 on both, so it provides a really good reason to continue one of
16 them.
17      *MS. CHRISTL:*  And Your Honor, I believe both of these
18 cases will be going to trial.
19      *THE COURT:*  Oh, you think so?
20      *MS. CHRISTL:*  Yes.
21      *THE COURT:*  Hold on.  Let's take a look.
22      *MS. CHRISTL:*  However, if -- I guess the one sort of
23 caveat is if there were pretrial litigation in this case, then
24 I don't recall, does this Court then vacate the trial date and
25 set a new trial date?

1            *THE COURT:*  Typically not.  But once again, it kind of
2   depends on the circumstances.  So you are on the Contreras
3   case?  That's what's set.
4            *MS. CHRISTL:*  I am on McGowan.
5            *THE COURT:*  Yeah, I reach a similar assessment, but
6   that's not the trial that we're talking about.  That trial is
7   set at some other time, I don't know when.
8            Ms. Grimm, can you look up the McGowan case and figure
9   out when that's set?  That's set on October 28th.
10           *MS. CHRISTL:*  Okay.  Then I think with enough time I
11  should be fine to do this on the 15th.
12           *THE COURT:*  Yeah, that's -- I don't remember who is on
13  the Contreras case, but it's not you.  Yeah, if that works for
14  you, then, we will set this one on Tuesday, October 15.
15           Let's talk about -- if we set the trial preparation
16  conference -- we could either set it the afternoon of Thursday,
17  October 10, or at 9:00 a.m. on October 11, which is a Friday.
18           *MS. CHRISTL:*  Your Honor may I have --
19           *THE COURT:*  Sure.  Ms. Martinez, do you have
20  Ms. Davies' schedule?
21           *MS. MARTINEZ:*  I do.  She has a lot of flexibility
22  after the end of September, so I think that date would work
23  fine.
24           *THE COURT:*  Either one?
25           *MS. MARTINEZ:*  Either of those days would work fine,

1  Your Honor.
2      MS. CHRISTL:  Your Honor, either of those dates are
3  fine with me as well.
4      THE COURT:  Why don't we go ahead and set it on
5  Friday, October 11, at 9:00 a.m.
6      Next thing to talk about, then, is the motions
7  deadline.  When do you think you would be in a position,
8  Ms. Christl, to file motions?
9      MS. CHRISTL:  Your Honor, I believe much of it will
10  depend on if I do request subpoenas, when those would be --
11  when those would come back, so I would ask for -- to be safe
12  early -- or mid September.
13      THE COURT:  Mid September I think would be a little
14  tight, but early September I think would be as close as we
15  could cut it.
16      MS. CHRISTL:  That's fine, Your Honor.
17      THE COURT:  Then why don't we -- how about if we have
18  motions due to September 6, that's a Friday, and responses due
19  on September 16.
20      Any objection to that, Ms. Martinez?
21      MS. MARTINEZ:  No, Your Honor.
22      THE COURT:  Okay.  Any other deadlines that we should
23  set?
24      MS. MARTINEZ:  Not that I'm aware of, Your Honor.
25      MS. CHRISTL:  No, Your Honor.

```
 1            THE COURT:  Okay.  And Ms. Christl, anything else on
 2   behalf of Mr. Heller before I rule on your motion?
 3            MS. CHRISTL:  No, Your Honor.
 4            THE COURT:  Ms. Martinez, anything else on behalf of
 5   the United States?
 6            MS. MARTINEZ:  No.  Thank you, Your Honor.
 7            THE COURT:  Then the matter before the Court is the
 8   motion to exclude 90 days from the Speedy Trial Act
 9   computation.  This is Docket No. 23.
10            In the motion, Ms. Christl mentions the fact that
11   there is some 1600 pages of information that came from an
12   analysis of Mr. Heller's phone, which apparently was either
13   imaged or confiscated.  And also, perhaps more relevant, there
14   are about a dozen witnesses that Ms. Christl would like to
15   interview.  Some of those people were actual, at least possible
16   witnesses to something on the plane flight which is at issue in
17   this case.  Other people may be witnesses to an intervention
18   that apparently took place as much as two years later.  And
19   then other people may simply be witnesses to the relationship
20   between Mr. Heller and the person identified as minor No. 1 in
21   the Indictment.
22            However, although those interviews could take some
23   time, Ms. Christl would like to potentially at least issue some
24   subpoenas before that and then be able to follow up with
25   whatever documents she receives.  She anticipates that those --
```

```
 1   that that process of issuing these third-party subpoenas,
 2   reviewing the information and then conducting interviews could
 3   take some time and would justify an exclusion of 90 days, and I
 4   agree with her.  I think that reasonably you can anticipate
 5   that that may be a somewhat drawn-out process and that a 90-day
 6   exclusion is appropriate even though the Court finds that there
 7   are 36 days remaining on speedy trial.  Ms. Christl in addition
 8   has quite a few trials set between July and October.
 9           In order for the Court to exclude time from the Speedy
10   Trial Act, certain prerequisites must be satisfied.  First of
11   all, I have to consider the factors that are listed in 18,
12   United States Code, Section 3161(h)(7)(B).  Namely, (i),
13   whether the failure to grant such a continuation of the
14   proceeding would be likely to make such a continuation of
15   proceedings impossible or result in a miscarriage of justice;
16   and (iv), whether the failure to grant such a continuation in a
17   case would deny counsel for the defendant the reasonable time
18   necessary for effective preparation taking into account the
19   exercise of due diligence.
20           First of all, the Court finds that Ms. Christl has
21   been diligent in her preparations to date.  Second, Mr. Heller
22   is agreeing to the continuance.  He understands the effect of
23   the Court excluding that much time.  The United States does not
24   oppose an exclusion of time.
25           And as a result, I find that it would be unreasonable
```

Case No. 1:19-cr-00224-PAB   Document 157   filed 01/27/20   USDC Colorado   pg 16 of 17

16

1   to expect adequate preparation by Mr. Heller despite due
2   diligence for pretrial or trial proceedings within the time
3   initially allowed under 18, United States Code, Section 3161.
4   I have considered the factors which I must under
5   Section 3161(h)(7)(B)(i) through (iv).  And as required by
6   Section 3161(h)(7)(C), I have not predicated my ruling on
7   congestion of the Court's calendar or lack of diligent
8   preparation by counsel.
9           Accordingly, I conclude as follows:
10          No. 1, that failure to grant a continuation of trial
11  beyond the time prescribed by 18, United States Code, Section
12  3161(c) would likely result in a miscarriage of justice within
13  the meaning of 3161(h)(7)(B)(i).
14          Second, that even considering due diligence, failure
15  to grant the motion would deny counsel for defendant the
16  reasonable time necessary for effective pretrial and trial
17  preparation within the meaning of 3161(h)(7)(B)(iv).
18          Three, that an additional 90 days from today's date
19  should be excluded from the computation of speedy trial.
20          And four, that therefore the ends of justice served by
21  granting the motion outweigh the best interests of the public
22  and Mr. Heller in a speedy trial within the meaning of Section
23  3161(h)(7)(A).
24          Therefore, it is ordered as follows:  That the motion
25  to exclude 90 days from the Speedy Trial Act computation,

1  Docket No. 23, is granted.  It is further ordered that 90 days
2  from today's date shall be excluded from the computation of the
3  speedy trial deadline under the Speedy Trial Act.
4       It is further ordered that the trial preparation
5  conference currently set shall be vacated and shall be reset
6  for October 11, 2019 at 9:00 a.m; that the trial currently set
7  shall be vacated and shall be set for October 15, 2019 at
8  8:00 a.m. for three days; and that the motions deadline shall
9  be vacated and shall be reset for September 6, 2019, with any
10 responses due on September 16, 2019.
11      Ms. Martinez, anything else on behalf of the United
12 States?
13      *MS. MARTINEZ:*  No.  Thank you, Your Honor.
14      *THE COURT:*  Thank you.
15      Ms. Christl, anything more on behalf of Mr. Heller?
16      *MS. CHRISTL:*  No, Your Honor.
17      *THE COURT:*  Then Mr. Heller's bond will be continued
18 and the court will be in recess.  Thank you.
19    (Recess at 10:29 a.m.)
20                    REPORTER'S CERTIFICATE
21   I certify that the foregoing is a correct transcript from
22 the record of proceedings in the above-entitled matter.  Dated
23 at Denver, Colorado, this 16th day of January, 2020.
24
25                              S/Janet M. Coppock