IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-CR-00224-PAB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DAKOTA MICHAEL HELLER,

        Defendant.
_____

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**
_____

**DEFENDANT'S INSTRUCTION re: Elements of Count 1**

The defendant, Dakota Heller, is charged in the indictment with knowingly engaging in sexual contact with another person without that person's permission, within the special aircraft jurisdiction of the United States. In order for you to find the defendant, Dakota Heller, guilty of this charge, the Government must prove each of the following elements beyond a reasonable doubt:

1. The defendant, Dakota Heller, knowingly engaged in sexual contact with Christopher;

2. At the time of the sexual contact, the defendant, Dakota Heller, knew he did not have Christopher's permission for the sexual contact;

3. The offense was committed within the special aircraft jurisdiction of the United States.

If you find from your consideration of all the evidence that the Government has proved each of these elements beyond a reasonable doubt, then you should find the defendant, Dakota Heller, guilty.

If, on the other hand, you find from your consideration of all the evidence that the Government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant, Dakota Heller, not guilty.

18 U.S.C. § 2244(b); *See, e.g.*, *Rehaif v. United States*, 139 S. Ct. 2191 (2019) ("[W]e normally read the statutory term 'knowingly' as applying to all the subsequently listed elements of the crime.").

### DEFENDANT'S INSTRUCTION re: Elements of Count 2

The defendant, Dakota Heller, is charged in the indictment with knowingly engaging in sexual contact with another person who is incapable of appraising the nature of the conduct or physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual contact.  In order for you to find the defendant, Dakota Heller, guilty of this charge, the Government must prove each of the following elements beyond a reasonable doubt:

1. The defendant, Dakota Heller, knowingly engaged in sexual contact with Christopher;

2. At the time of the sexual contact, the defendant, Dakota Heller, knew that Christopher was incapable of appraising the nature of the conduct, physically incapable of declining participation in the sexual contact, or physically incapable of communicating unwillingness to engage in the sexual contact;

3. The offense was committed within the special aircraft jurisdiction of the United States.

If you find from your consideration of all the evidence that the Government has proved each of these elements beyond a reasonable doubt, then you should find the defendant, Dakota Heller, guilty.

If, on the other hand, you find from your consideration of all the evidence that the Government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant, Dakota Heller, not guilty.

18 U.S.C. §§ 2244(a)(2), 2242(2); Federal Jury Practice and Instructions, Pattern Jury Instructions: Fifth Circuit, Criminal Cases § 2.82B (Sexual Abuse—Victim Incapable, 18 U.S.C. § 2242(2)) (amended to substitute "sexual contact" for "sexual act" per 18 U.S.C. § 2244(a)(2)); *See United States v. Bruguier*, 735 F.3d 754 (8th Cir. 2013) (en banc) (holding that "knowingly" mens rea applies to element of victim's incapability).