IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-CR-00224-PAB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

DAKOTA MICHAEL HELLER,

       Defendant.

_____

**DEFENDANT'S PROPOSED VOIR DIRE AND JURY QUESTIONNAIRE**
_____

       Mr. Dakota Heller, by and through undersigned counsel, Kelly Christl and David Kraut, tenders the following proposed questions to be asked on voir dire examination. Counsel for both parties request that the Court allow additional time for attorney conducted voir dire, for a total of 30 minutes, per side.

**I.    GENERAL INFORMATION**

1.    Please state your name and address.

       (a)    How old are you?
       (b)    Are you married?  If so, your spouse's employment, doing what?
       (c)    Do you have any children?  If so, what are their ages, sexes, and occupations?
       (d)    What grade of education did you complete?
       (e)    Where have you been employed the last ten years?
           (i)    Can you tell me what kind of work you presently do?
           (ii)    What are your duties?
       (f)    Are you a member of any clubs, or community, civil, religious or political organizations?

2.    Have you ever served on a trial jury?  If so:

       (a)    When?
       (b)    Where?
       (c)    What was the charge or cause of action involved?
       (d)    Did the jury reach a verdict?

(e)     What was the verdict?

(f)     In a civil case the burden is a mere preponderance of the evidence while in this case the burden of proof is upon the government beyond a reasonable doubt, the highest burden imposed by law.  If you served on a civil jury previously, do you understand the difference in the burden of proof?

3.     Have you ever brought charges or filed a criminal complaint against another person at any time?  If so:

(a)     When?

(b)     Where?

(c)     What were the charges filed?

(d)     Were the charges brought to trial?

(e)     Would this incident cause you to favor the prosecution's side of the case?

4.     Have you ever been a defendant in a criminal case, or had a family member or close friend who was a defendant in a criminal case?

(a)     Who?

(b)     What was the charge?

(c)     When?

(d)     What happened with the case?

        (i)     Did you (or they) plead guilty or not guilty?

        (ii)     Did the case go to trial?  If so, what was the result?

(e)     Were you, or they, satisfied with the criminal justice process?  Why or why not?

(f)     Was there anything about that experience that would prevent you from being fair and impartial if selected to serve on a jury in a criminal case?  Why or why not?

5.     Have you ever been a victim of any crime, or had a family member or close friend who was the victim of any crime?

(a)     Who was the victim?

(b)     What crime?

(c)     When?

(d)     What were the circumstances?

6.     Have you, your family members, or close friends been the victim of sex abuse?

(a) If yes, does that affect your ability to be fair and impartial in this case?

7.     Do you have any problem with hearing or sight or any other medical condition that would impair your full attention to this trial?

2

## II.    GENERAL LEGAL PRINCIPLES

1.    The indictment filed in this case is merely the government's pleading which is designed to inform the defendant of the charges against him, it is never to be taken as evidence of guilt.  Would you, because the defendant has been indicted, regard the indictment as evidence of guilt, or in other words, be unable to regard the defendant as being innocent as he sits here now in this courtroom?

2.    The law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  A defendant is presumed to be innocent, and the burden is always upon the prosecution to prove beyond a reasonable doubt a defendant's guilt, and this burden never shifts throughout the trial.  Can you give the defendant the benefit of this presumption?

3.    In civil litigation, the plaintiff, or the party bringing the suit, has the burden of proving his case by the preponderance of the evidence, or very simply, whoever has the most evidence wins the case.  In a criminal case, the burden on the prosecution is much higher, because if you, as a juror, have a reasonable doubt of the defendant's guilt, regardless of the preponderance of the evidence, you must find the defendant not guilty.  Would you hold the government to its burden of proving its case beyond a reasonable doubt?

4.    The government is obligated to prove beyond a reasonable doubt each and every element of the charges brought against the defendant.  In other words, if the government proves only a part or portion of a crime, but does not successfully prove to your unanimous satisfaction beyond a reasonable doubt each and every element of the crimes charged as given to you by the Court, then you as a juror would not only be permitted, but would in fact be obligated under our law, to find the defendant not guilty of the charges in the indictment.

(a)    Do you think that this is a good idea?  Why?
(b)    Do you think that accused persons have too many rights?
(c)    Do you believe the courts deal with criminals too severely? Not severely enough?

5.    Do you believe that Dakota Heller has to prove his innocence? Why or why not?

6.      Do you believe that, if the police have arrested an individual and the prosecutor has brought him/her to trial, there is good reason to believe that the person on trial is somewhat guilty?

7.      The fact that prosecutors are allowed to claim they represent "the United States" entitles them to no special treatment.  They, like defense attorneys, are simply the lawyers for one side of the case.  Do you view the prosecutors and defense attorney as equal in the eyes of the law?

8.      Assume for a minute that, at the time of deliberations, you found that you were alone in your beliefs and the other eleven jurors disagreed with you. You know yourself better than anyone.

        (a)     How do you think you would feel if you were the only person not in agreement with the other folks?
        (b)     Do you see yourself open to changing your mind if, after listening to what the other jurors had to say, you found their arguments to be persuasive?
        (c)     On the other hand, do you believe you could stick to your firmly held opinion, even in the face of other jurors who may disagree with you?
        (d)     Even if confronted by all of the other jurors, would you be willing to continue to hold to your opinion, after you have listened to everyone else's opinion, if you believe that your opinion is correct?

9.      The Court will explain that Mr. Heller has a constitutional right not to testify.

        (a)     What would you think if a defendant exercised his/her constitutional right not to testify?
        (b)     Mr. Heller may or may not testify in this case.
                (i)     Can you tell me any reasons that you could think of why a person charged with a crime might not testify?
                (ii)    Can you think of a reason why an innocent person would not want to testify?
        (c)     If the person decided to testify, would you view his/her testimony differently from other witnesses?  For instance, would you think he/she was testifying in a manner to "save himself/herself"?

10.     If you were called upon right now to vote guilty or not guilty you would have to vote not guilty because there has been no proof, only mere charges.

        (a)     Do you have a problem with this?  Why?
        (b)     Do you think that this is unfair to the government?  Why?

### III.    CASE SPECIFIC AREAS

**Sex Crimes:**

As you have heard, this case involves the allegation of sexual contact (touching), without consent, between Mr. Heller and "Christopher".  At the time, Mr. Heller was 35 years old and "Christopher" was 16 years old.

1.    Is there anyone here who believes that a 16-year-old, by virtue of his age, cannot consent to participating in a sex act with a 35-year-old?

   (a)    Tell me more about that belief.
   (b)    Why do you think that way?  Personal experiences, religious beliefs, etc.
   (c)    Does that belief cause you concern about your ability to be fair/impartial in this case?

2.    In every criminal case, the government has the burden to prove various facts, beyond a reasonable doubt, to the unanimous satisfaction of the jury. Here, one of those facts is that "Christopher" did not consent to the sexual contact with Mr. Heller. If the government proves that fact, they must also prove, beyond a reasonable doubt, that Mr. Heller knew and believed "Christopher" did not consent.

   (a)    Would it matter to you whether "Christopher" consented to the touching?

   i.    Why or why not?
   ii.    Does that belief cause you concern about your ability to be fair/impartial in this case?

   (b)    Would Mr. Heller's belief about "Christopher's" consent matter to you?

   i.    Why or why not?
   ii.    Does that belief cause you concern about your ability to be fair/impartial in this case?

**Homosexuality:**

This case involves an allegation of sexual contact between Mr. Heller and "Christopher," both of whom are male.

1.    Is there anyone here who, for any reason, including religious belief, feels that homosexuality is immoral, wrong, unnatural, or upsetting?

(a)     Tell me more about that belief.
(b)     Why do you feel that way? Personal experiences, religious belief, upbringing, etc.
(c)     Given that belief, do have any concern about your ability to presume Mr. Heller innocent in this case?
(d)     Do you believe you would feel differently about Mr. Heller if he was not alleged to have engaged in homosexual conduct? How so?

**Ambien:**

You will likely hear evidence that either Mr. Heller, "Christopher," or both of them took Ambien at some point before this incident.

1.     Is anyone here familiar with the prescription drug Ambien?

(a)     Do you have a prescription?
(b)     Why was it prescribed?
(c)     How has Ambien affected you?
(d)     How do you believe Ambien affects others?

Mr. Heller also requests that the Court administer the attached juror questionnaire to the jury venire prior to the venire entering the courtroom, preferably when the jurors report to the jury room in the morning.  The questionnaire was provided to the government who objects to its use.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/David Kraut
DAVID KRAUT
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
David_Kraut@fd.org
Attorney for Defendant

s/Kelly Christl
KELLY CHRISTL
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
kelly.christl@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2020, I electronically filed the foregoing *Defendant's Proposed Voir Dire and Jury Questionnaire* with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Patricia W. Davies, Assistant United States Attorney
Email: patricia.davies@usdoj.gov

Andrea L. Surratt, Assistant United States Attorney
Email: andrea.surratt@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Dakota Michael Heller        (via Mail)

s/Kelly Christl
KELLY CHRISTL
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
kelly.christl@fd.org
Attorney for Defendant

7