**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAKOTA HELLER,

    Defendant.

_____

**GOVERNMENT'S PROPOSED QUESTIONS FOR JUROR VOIR DIRE**
_____

    The United States of America, by and through United States Attorney Jason R. Dunn and undersigned counsel, respectfully submits the following proposed questions for juror *voir dire*, intending that it supplement the Court's typical inquiries.

**A. General Information**

1. Do you have children? What genders and ages? If your children are school aged, do they attend public, private or some other type of school? What type?
2. What are your hobbies?
3. What newspapers, magazines, or online websites do you read?
4. Where do you ordinarily get your news?
5. Do you use social media to communicate with family or friends?
6. Do you use text messaging?
7. Have you ever been called as a witness in a trial? If yes,
   i. When and in what court?
   ii. What type of case was it?

**B. Crime Victim/Charged With Crime**

    1.    Have any prospective jurors, your relatives, or close friends ever been the victim of a crime? If so, what was the crime? If you would prefer not to speak in open Court, this information can be handled privately. Would anything about that experience affect your ability to be fair and impartial in this case?

    2.    Have any prospective jurors, your relatives, or close friends ever been charged with a crime? If so, what was the crime? Was the case resolved in a trial or by plea of guilty? What sentence was imposed? Would that experience interfere with your ability to decide this case fairly and impartially?

    3.    Have any prospective jurors, your relatives or close friends ever struggled with any addiction? Would your experience or knowledge interfere with your ability to decide this case fairly and impartially?

**C. Sexual Crimes**

    1.    Is there any juror who will have difficulty sitting and listening to testimony concerning matters of a sexual nature and then discussing it with other members of the jury? How about if it involved same-sex sexual contact?

    2.    Have you, a close friend, or a family member ever been accused of a sexual crime?

    3.    Have you, a close friend, or a family member ever been the victim of a sexual crime?

    4.    Has anyone had a traumatic event happen to them? However you reacted to that, can you imagine other people reacting differently?

    5.    Can you imagine a crime that is sexual in nature happening between

people who know each other well, as opposed to people who are strangers?

  6. Could you find a defendant guilty if there is only one eyewitness to a crime of a sexual nature?

  7. Is there anything about the nature of the charge, involving abusive sexual contact and sexual contact with an incapacitated person that would make it difficult for you listen to the evidence or be fair and impartial?

 **D.** **Applying United States Criminal Law to Acts on an International Flight**

  1. Is there anything about the charge, alleging that a crime was committed on an international flight, that would make it difficult for you to be fair and impartial?

 **E.** **Law Enforcement**

  1. Has anyone had any negative encounters with the Federal Bureau of Investigation (FBI)?  As a result of those encounters, do you believe it would be difficult to assess the credibility of a witness from the FBI?

  2. Have you or any member of your family ever had any experience with law enforcement or the government that would cause you to be biased against the government in this case?

 **F.** **Organized Religion**

  1. Does any juror have strong views (negative or positive) about people who are involved in a church or other organized religion?

  2. Is there anyone here who would have a problem listening to the testimony of someone involved in organized religion and judging fairly such witness's credibility? Does your answer change if you learn a witness is very involved in his or her church, that is, the witness's social life and even job are connected to his or her church?

3

3. Even if you do not agree with some of the views held by a particular church or member of a church, can you nonetheless, put aside your disagreement with their beliefs on other subjects, listen to the evidence and be a fair and impartial juror in this case?

4. If you learned that based on a witness's religious beliefs, that witness offered forgiveness in situations that you might not, would that fact affect your ability to fairly and impartially judge that witness's testimony?

G. **Homosexuality**

1. Does any juror have strong views (negative or positive) about people who are sexually attracted to people of the same sex?

H. **Ambien/Sleep**

1. Has any juror taken Ambien or another sleep aid? Has anyone in your family? How did you react to the Ambien? Did you observe how Ambien or the other sleep aid affected your family member?

2. Regardless of how the drug affected you, would you be able fairly and impartially listen to testimony about how the drug affected or could affect other people?

3. If you learned that a victim of a crime had taken Ambien prescribed to someone else, would the fact that someone voluntarily took a medication not prescribed to him affect your ability to listen to that person's testimony fairly and impartially?

I. **Types of Evidence**

1. Is there anyone who could not find someone guilty of a crime if the government's case was based primarily on witness testimony rather than physical objects or documents?

J.  **Lawsuit / Complaint Against the United States**

    1.      Have you or any members of your family ever been engaged in a lawsuit against the United States government or a department of the United States government?

    2.      Have you are any members of your family filed a complaint, administrative or other action, against the United States government or a department of the United States government?

K.  **Reservations About Being A Juror/Reasonable Doubt**

    1.      Does any juror have any religious, moral, or philosophical reservations about sitting as a juror in a criminal case, or returning a verdict of guilty, if such a verdict is supported by the evidence?

Respectfully submitted this 17th day of February 2019.

JASON R. DUNN
UNITED STATES ATTORNEY
DISTRICT OF COLORADO

By:  *s/ Patricia Davies & Andrea Surratt*
Assistant United States Attorneys
U.S. Attorney's Office
1801 California Street, Suite1600
Denver, CO. 80202
Telephone (303) 454-0100
Email: Patricia.Davies@usdoj.gov
       Andrea.Surratt@usdo.gov
Attorneys for the Government