IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAKOTA MICHAEL HELLER,

    Defendant.

---

**GOVERNMENT'S BRIEF IN SUPPORT OF
PROPOSED JURY INSTRUCTION NO. 9**

---

The United States of America respectfully submits this brief in support of its proposed Jury Instruction # 9. (Doc. #175).

### I. Overview of the Government's Position

Prior to the first trial in this case, the Government initially proposed an elemental jury instruction that applied an objective mens rea standard; that is, that to be guilty of violating Title 18, United States Code, 2244(b) and 2246(3), the defendant must knowingly engage in sexual contact with another person, and that the other person had not given permission for the sexual contact. (Doc. #92, pg. 11) This proposed instruction was offered consistent with Ninth Circuit authority (*United States v. Price*, 921 F.3d 777, 784 (9th Cir. 2019), and in the absence of countervailing Tenth Circuit case law.[1] Upon further reflection before the first trial,

---

[1] The Government is aware that based upon the dissent in *Price*, its longer-term precedential value may be in question.

1

the Government proposed an alternative elemental jury instruction; namely, that the defendant knowingly engaged in the sexual contact and knew that he had not obtained the other person's permission.  (Doc. # 99).  That alternative formulation is proposed as the elemental jury instruction for Count 1 in this retrial.

For the first trial, this Court adopted the elemental jury instruction proposed by the defendant, which instead required the Government to prove that the defendant knew his victim had not given permission for the sexual contact. (Doc. #94, pg. 2 (Def.'s Proposed Jury Instruction no. 9)); (Doc. #111 (Court's Jury Instruction no. 13)).[2] Following the first trial, the jury was unable to reach a verdict, and this Court declared a mistrial. During the subsequent discussion that the Court allowed between the parties and the discharged jurors, the jurors explained that they had found the elemental jury instruction difficult to apply. The jurors explained that they had, in substance, imported a "reasonable man" standard into the elemental instruction to facilitate their deliberations.

As the parties prepare for retrial in this matter, the Government has considered the prior instructions, the jury's notes during their deliberations seeking definitions to assist them in applying the elemental instruction, and the jury's comments to the Court and the parties. The Government proposes its Instruction no. 9, and offers the arguments below to avoid having another jury seeking to "import" standards to make workable the legal instructions they are given.

Thus, the Government submits that the elemental jury instruction for Count 1 should require proof only that the defendant knew he had not obtained permission from the victim to engage in a sexual act.  If the Court adopts the elements

---

[2] *See also* Doc. #146 (Def.'s Motion, reciting "the only disputed element will be [defendant's] subjective knowledge of his lack of permission").

2

instruction that it used from the first trial, the Government then submits that the Court should add a deliberate ignorance instruction. (Doc. #175, Prop. Instr. #14).

## II.     The Government's Proposed Jury Instruction # 9

The Government's proposed Jury Instruction # 9 states as follows:

"The defendant, DAKOTA HELLER, is charged in Count 1 of the Indictment with sexual contact with another person without that person's permission, within the special aircraft jurisdiction of the United States.  In order for you to find the defendant, DAKOTA HELLER, guilty of this charge, the Government must prove the following elements beyond a reasonable doubt:

1.      The defendant, DAKOTA HELLER, knowingly engaged in sexual contact with CHRISTOPHER;

2.      At the time that the defendant, DAKOTA HELLER, engaged in the sexual contact, he knew he had not obtained CHRISTOPHER's permission for the sexual contact; and

3.      The offense was committed within the special aircraft jurisdiction of the United States.

If you find from your consideration of all the evidence that the Government has proved each of these elements beyond a reasonable doubt, then you should find the defendant, DAKOTA HELLER, guilty.

If, on the other hand, you find from your consideration of all the evidence that the Government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant, DAKOTA HELLER, not guilty."

### III.     Argument

The best reading of 18 U.S.C. § 2244(b) is that the knowledge component of the offense does not apply to the offense's permission element. Nevertheless, to avoid appellate issues (and exposing the victim to a potential third trial), the Government advocates that the elemental instruction should require some knowledge regarding the permission element. But that knowledge requirement should apply only to the extent necessary to separate potentially innocent conduct from wrongful conduct. The second element of the Government's proposed elemental instruction accomplishes that balance:

> . . . (2) At the time that the defendant, DAKOTA HELLER, engaged in the sexual contact, he knew he had not obtained CHRISTOPHER's permission for the sexual contact. . .

Section 2244(b) makes it a federal crime to "knowingly engage[] in sexual contact with another person without that other person's permission" in the special maritime and territorial jurisdiction of the United States. 18 U.S.C. § 2244(b). The most natural reading of § 2244(b)'s text is that the knowledge requirement applies only to the element of engaging in sexual contact and not to the permission element. The adverb "knowingly" modifies the prohibited conduct, not the prepositional phrase about permission. *United States v. Price*, 921 F.3d 777, 784 (9th Cir. 2019). Reading § 2244(b) in conjunction with its partner subsections, § 2244(a) and § 2244(c), also indicates that the knowledge requirement does not apply to the permission element of the offense. *Id.* at 787-88.

The legislative history confirms this textual reading that Congress did not intend the knowledge component to apply to the permission element. *Id.* at 789; *see also*

4

*United States v. Chatman*, 2008 WL 2127947, at *2 (D. Or. May 20, 2008). Congress consistently discussed the permission element in objective terms as it sought to modernize the rape laws: focusing on the defendant's conduct and simplifying law enforcement activities. *Price*, 921 F.3d at 789.

While the Government maintains that the knowledge requirement does not apply to the permission element in § 2244(b), it thinks a compromise approach is called for in this case after *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

*Rehaif* addressed the statute that bars certain persons from possessing firearms (18 U.S.C. §§ 922(g), 924(a)). The Supreme Court held that the statute's knowledge component applied to both possession of the firearm and a person's status as someone prohibited from firearm possession. 139 S.Ct. at 2200 ("[T]he Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."). The court offered two reasons for applying the knowledge mens rea to both elements.

First, the knowledge mens rea occurred in a general scienter provision that did not distinguish between the material elements. 139 S.Ct. at 2195-96. Instead of including the knowledge requirement alongside the statutory elements in § 922(g), the mens rea was applied to the provision as a whole by § 924(a), which says that "whoever knowingly violates" § 922(g) is subject to ten years in prison. *Id.* That statutory structure indicated that knowledge applied to both elements.

Second, the court recognized that scienter is often necessary to separate wrongful behavior from innocent acts. *Id.* at 2196-97. Without knowledge of their prohibited status, gun possession could be an "entirely innocent" act. *Id.* at 2197

5

("Without knowledge of that status, the defendant may well lack the intent needed to make his behavior wrongful.").

The first part of *Rehaif*'s analysis does not apply here. Section 2244(b) does not include a general scienter provision that is naturally ascribed to every element of the offense based on grammar and structure. Rather, the knowledge requirement in § 2244(b) occurs in the text alongside the elements, rather than as part of a preface that applies to every element.

Compare the statute in *Rehaif*:

> Whoever **knowingly** violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both.

18 U.S.C. § 924(a)(2).

> It shall be unlawful for any person —
> (1) who has been convicted in any court of, a crime punishable by
>     imprisonment for a term exceeding one year. . .
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition[.]

18 U.S.C. § 922(g).

With the statute here:

> Whoever, in the special maritime and territorial jurisdiction of the United States . . . **knowingly** engages in sexual contact with another person without that other person's permission shall be fined under this title, imprisoned not more than two years, or both.

18 U.S.C. § 2244(b).

That Congress included more than one mens rea in § 2244(b) also indicates that the knowledge requirement does not apply to every element. Specifically, the sexual

6

contact prohibited by § 2244(b) includes an intent component as well.  *See* 18 U.S.C. § 2246(3) (defining sexual contact as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person **with an intent** to abuse, humiliate harass, degrade, or arouse or gratify the sexual desire of any person.").

The second reason given by *Rehaif* for applying the knowledge requirement to more than one element—distinguishing wrongful and otherwise innocent conduct—could apply here, however.  It is unclear that the sexual contact in § 2244(b) is wrongful absent knowledge that permission is lacking.  By the statute's own terms, the intentional touching of another with the intent to arouse or gratify sexual desire is lawful when the other person provides permission.  A knowing mens rea regarding permission may then be needed to separate wrongful and innocent contact.  After all, the Supreme Court has even interpreted statutes to include a scienter requirement distinguishing wrongful and innocent conduct "where the most grammatical reading of the statute does not support one." *Rehaif*, 139 S. Ct. at 2197 (cleaned up).

But requiring proof that the defendant knew he had not obtained the other person's permission for sexual contact is sufficient to distinguish innocent and wrongful conduct.  *See, e.g.*, 18 U.S.C. § 2242(2)(b) (prohibiting sexual act with one "incapable of apprising the nature of the conduct" or "physically incapable of declining participation" in the act); *United States v. Smith,* 606 F.3d 1270, 1281 (10th Cir. 2010) (sex with sleeping victim enough to prove offense).  By requiring knowledge of an affirmative grant of permission for sexual contact (whether explicitly or implicitly granted), the Government's proposed instruction prevents an individual from being indifferent to

7

consent when they engage in sexual contact. *Accord United States v. James,* 810 F.3d 674, 683 (9th Cir. 2016*)* (consent can be defense to § 2242(2)(b), but lack of consent is not an element of the offense). More important, it guards against defendants who choose to remain deliberately ignorant of consent. That comports with Congress's desire to modernize § 2244 to focus on the defendant's conduct and "expand[] the offenses to reach all forms of sexual abuse of another." *Price*, 921 F.3d at 789.

The instruction given at Heller's first trial suggested that a person could engage in sexual contact so long as he remained ignorant of whether he had consent. That is likely the source of juror confusion at the first trial regarding the definition of consent and permission. *See* Doc. 109 (noting U.S. code and second element seem to be in conflict); Doc. 112 (asking for definition of consent and permission). By requiring proof that the defendant knew he lacked consent, instead of proof that he knew that he had not obtained consent, the instruction went beyond what is necessary to distinguish innocent from wrongful conduct. It turned indifference to consent into a defense. *Accord James*, 810 F.3d at 683 (requiring proof of lack of consent makes little sense, given difficulty of proof with sleeping or intoxicated person).

The court should adopt the Government's proposed elemental instruction for Count 1. But if it favors the elements instruction that it provided at Heller's first trial, the Government asks that the Tenth Circuit's pattern instruction regarding deliberate ignorance also be given. Tenth Circuit Pattern Jury Instruction 1.37.

"A deliberate ignorance instruction is appropriate when a defendant denies knowledge of an operant fact but the evidence, direct or circumstantial, shows that defendant engaged in deliberate acts to avoid actual knowledge of that operant fact."

8

*United States v. Delreal-Ordones*, 213 F.3d 1263, 1268 (10th Cir. 2000).  In this case, Heller's provision of Ambien to the victim is evidence that he engaged in deliberate acts to avoid knowledge regarding his victim's permission for the sexual contact.  Similarly, his decision to engage in the sexual contact after the victim was under the effects of such a drug is evidence on its own of deliberate acts to avoid knowledge as to lack of consent.  By engaging in sexual contact only after the victim was impaired from verbally and physically expressing that Heller lacked permission, a jury could infer that Heller knew that he lacked consent.

Adopting one of the Government's proposed instructions will balance the statutory text with any *Rehaif* concerns *and* reduce the risk of juror confusion on the permission element that occurred during the last trial.

## IV.     Conclusion

For the foregoing reasons, the Government respectfully requests that this Court use the Government's proposed Instruction #9 in charging the jury as to Count 1. If the Court instead chooses the elemental instruction used in the first trial, the Government respectfully requests that its proposed instruction #14 (Knowingly-Deliberate ignorance) be included in the final charge to the jury.

Respectfully submitted this 17th day of February 2020.

                JASON R. DUNN
                UNITED STATES ATTORNEY
                DISTRICT OF COLORADO


By: *s/ Patricia Davies & Andrea Surratt*
Assistant United States Attorneys
U.S. Attorney's Office
1801 California Street, Suite1600
Denver, CO. 80202
Telephone (303) 454-0100
Email: Patricia.Davies@usdoj.gov
        Andrea.Surratt@usdo.gov
Attorneys for the Government