## GOVERNMENT'S [ALTERNATIVE] INSTRUCTION No. ___
## SEXUAL CONTACT- VICTIM INCAPACITATED

The defendant, DAKOTA HELLER, is charged in Count 2 of the Superseding Indictment with abusive sexual contact with an incapacitated person, within the special aircraft jurisdiction of the United States.  In order for you to find the defendant, DAKOTA HELLER, guilty of this charge, the Government must prove the following elements beyond a reasonable doubt:

1. That the defendant, DAKOTA HELLER, knowingly engaged in sexual contact with CHRISTOPHER;

2. At the time of the alleged sexual contact, the defendant, DAKOTA HELLER, knew that CHRISTOPHER was incapable of appraising the nature of the conduct, or physically incapable of declining participation in that sexual contact or physically incapable of communicating unwillingness to engage in that sexual contact; and

3. That the defendant's actions took place within the special aircraft jurisdiction of the United States.

A person may be "incapable of appraising" the nature of the conduct if he or she is asleep or affected by intoxicants or drugs.

A person may be "physically incapable" even when he or she has some awareness of the situation, but is physically hampered due to sleep, intoxication, or drug use.

If you find from your consideration of all the evidence that the Government has proved each of these elements beyond a reasonable doubt, then you should find the defendant, DAKOTA HELLER, guilty.

If, on the other hand, you find from your consideration of all the evidence that the Government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant, DAKOTA HELLER, not guilty.

**Authority**

18 U.S.C. § 2244(a)(2); Fed. Crim. Jury Instr. 7th Cir. 2244(a)(2) (2019 ed.).

*United States v. A.S.*, 939 F.3d 1063, 1079-80 (10th Cir. 2019) (as to "incapable of appraising;" victim of alleged sexual abuse was asleep and had been drinking prior to sexual acts)

*United States v. James*, 810 F.3d 674, 681 (9th Cir. 2016) (definition of "physically incapable"); *United States v. Barrett*, 937 F.2d 1346, 1347-48 (8th Cir. 1991) ("physically incapable" based on intoxication and drug use).