IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

DAKOTA MICHAEL HELLER,

       Defendant.
_____

**RESPONSE TO GOVERNMENT'S MOTIONS IN LIMINE**
_____

Dakota Michael Heller, through counsel, submits the following response to the government's motions in limine.

## I. Questions to Ms. Kilgore that call for hearsay

The government argues that defense counsel should be precluded from asking Ms. Kilgore what Mr. Heller told her when they spoke a couple days after Mr. Heller's sexual contact with Christopher. According to the government, its objection to such testimony allows Mr. Heller to make the "misleading" "claim that the Government knows what the defendant told Kilgore and is hiding it from the jury." (Gov't Motion in limine 5-6, ECF No. 174.)

As an initial matter, there is nothing "misleading" about that at all. The evidence demonstrates that Mr. Heller told his sister about the sexual contact within days of the incident. The government interviewed Ms. Kilgore and knows what was said during that conversation. Some of Mr. Heller's statements to his sister are mitigating and exculpatory—including that Mr. Heller and Christopher held hands and played footsie,

and that Mr. Heller was similarly emotional in previous conversations about his homosexuality. The government could elicit this exact testimony from Ms. Kilgore (as a statement of a party opponent it would not be inadmissible as hearsay, *see* Fed. R. Evid. 801(d)(2)). However, the government is choosing not to elicit this testimony and to prevent the defense from doing so. Thus, it is not misleading to argue to the jury that the government knows that Ms. Kilgore has to say and is preventing the jury from hearing it. It is simply true.

Additionally, as the government points out elsewhere in its motion in limine, where evidence is within one party's power to produce, and they fail to produce that evidence, the jury may draw an adverse inference. (Gov't Motions in Limine 13 (citing *United States v. Williams*, 739 F.2d 297, 299 (7th Cir. 1984).) (Of course, the exception is with respect to a criminal defendant. It is unconstitutional to draw an adverse inference from a defendant's failure to testify.) Here, only the government can elicit testimony from Ms. Kilgore about her conversation with Mr. Heller. The government's failure to elicit that testimony entitles the jury to draw an inference that her testimony would be harmful to the government, and Mr. Heller is free to argue that.

In any event, a blanket ruling that the defense cannot ask questions to Ms. Kilgore about what Mr. Heller told her that night would be inappropriate because some of Mr. Heller's statements would be either not be hearsay—e.g., admitted for their effect on the listener—or subject to an exception—e.g., Ms. Kilgore could relate Mr. Heller's statements regarding his then-existing mental and emotional state, *see* Fed. R. Evid. 803(3). Accordingly, objections and rulings thereon should be made on an ad hoc basis in response to specific questions.

## II.     Questions to Ms. Kilgore re: Grand Jury

As discussed above, the government's knowledge that Ms. Kilgore can provide material testimony and its failure to elicit that testimony is relevant.  The process by which the government learned about that evidence—her initial refusal to talk, her grand jury subpoena, her interview with Agent Jones and AUSA Davies, and her excusal from testifying in front of the grand jury—is relevant evidence establishing the government's knowledge of her potential testimony.  Preventing the defense from engaging in this line of questioning entirely is unwarranted, and this Court should deny the government's request.

## III.    Witness's interpretations of statements made during conversations

Next, the government asks this Court for blanket permission to ask its witnesses for their contemporaneous interpretation of statements made during conversations to which they were a party.  (Gov't Motion in limine 7.)  This, too, should be denied.

As an initial matter, the government would have to, for each witness, first lay the proper foundation and establish that such lay opinion would be helpful to the jury.  Thus, a blanket ruling that such testimony is permissible is inappropriate.  Moreover, what the government appears to really be asking for is this Court to reconsider its prior ruling that Kari Quesada cannot testify as to her interpretation of a text message Mr. Heller sent her; that is, her understanding that Mr. Heller's apology was tantamount to admitting to sexually assaulting Christopher.  This Court should deny the government's request to revisit that ruling.

The only new grounds the government offers in support of its renewed motion are several cases from outside circuits permitting co-defendants and law enforcement

officers to testify as lay witnesses about drug codes and slang when they were a party to the conversation and had "firsthand knowledge" as to the words used. Gov't Motion in limine 10-11. These cases are inapposite. Of course, Mr. Heller was not using slang or code words requiring interpretation for the jury to understand. He was speaking in plain English, the jury is well aware of the sexual assault allegations and so-called "confrontation," and Ms. Quesada's opinion as to what specific conduct Mr. Heller was apologizing for is not relevant or helpful to the jury.

Moreover, unlike the co-defendants and law enforcement officers testifying in the cases the government relies on, Ms. Quesada does not have firsthand knowledge of the underlying conduct she opined that Mr. Heller was alluding to. In fact, she heard it thirdhand, from Gabe Kinzler, who heard it from Christopher. Accordingly, her opinion as to what conduct Mr. Heller was alluding to is pure speculation.

Because the government offers no new convincing reason this Court should reverse its prior ruling with respect to Ms. Quesada's testimony, this Court should deny the government's motion for the same reasons it previously did.

**IV.   Mr. Heller's subpoena power**

The government argues that it should be permitted to rebut the defense's implication that only the government can subpoena records and witnesses. This request should be denied.

Any argument by the defense that the government has failed to carry its burden because its investigation or presentation of evidence was deficient does not imply that *only* the government has subpoena power. The jury is instructed as to the parties' relative burdens—that the government must prove guilt beyond a reasonable doubt, and

that the defendant has no obligation to produce any evidence or testify himself.  The defense's argument that the government has failed to fully investigate and produce sufficient evidence of guilt does not imply that the defense has no *ability* to investigate or produce evidence; only that it has no *obligation* to.  Thus, there is no improper inference for the government to rebut.

Even if there were, allowing Agent Jones, or anyone else, to testify as to the defense's subpoena power is not appropriate.  First, there is no indication that Agent Jones has any specialized legal knowledge about the subpoena process.  Second, contrary to the government's assertion, it is simply not true that Mr. Heller has "the same subpoena powers as the government" or "the same ability as the Government to seek these records."  Gov't Motion in limine 13.  Unlike the government, an indigent defendant must seek court permission for a subpoena, which is only granted upon a showing of "necessity of the witness's presence for an adequate defense."  Fed. R. Crim. P. 17(b).  Moreover, documents the defendant subpoenas must be produced in court and are available for inspection by both parties.  *Id.* at (c)(1).  The government is not so bound, and it may subpoena documents and witnesses as part of a secret grand jury investigation.  Thus, it would be misleading to suggest to the jury that the subpoena, and overall investigative, powers of the parties are the same.

On balance, any risk that the jury might draw the incorrect inference that only the government has subpoena powers based on the defense's criticism of the government's investigation and presentation of evidence is substantially outweighed by the risk of confusing the jury and suggesting an improper burden-shifting.  *See* Fed. R. Evid. 403.  As discussed above, there is very little risk that the jury infers that the defendant is

utterly powerless to compel the production of witnesses and documents. However, if the government is nevertheless permitted to rebut such an inference with evidence and argument that the defendant *can* subpoena witnesses and documents, there is a far greater risk that the jury will infer that the defendant *should* have done so in order to prove his innocence, resulting in an improper burden-shifting. Moreover, such argument comes dangerously close to implicating the defendant's failure to testify, if in fact he chooses not to.

Accordingly, this Court should not permit the government to introduce testimony as to the defendant's subpoena power. If this Court does allow such evidence, then Mr. Heller would request a contemporaneous instruction that the government bears the burden to prove Mr. Heller guilty beyond a reasonable doubt, that Mr. Heller has no obligation to put on any evidence, and that the jury cannot draw an adverse inference if Mr. Heller chooses not testify.

**V.   DORA records**

Mr. Heller agrees that the DORA records are self-authenticating business records under Federal Rules of Evidence 902(11) and 803(6).

**Conclusion**

This Court should deny the government's motion in limine except as to the DORA records.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/Jacob Rasch-Chabot
JACOB RASCH-CHABOT
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Jacob.rasch-chabot@fd.org
Attorney for Defendant

CERTIFICATE OF SERVICE

      I hereby certify that on February 21, 2020, I electronically filed the foregoing **RESPONSE TO GOVERNMENT'S MOTIONS IN LIMINE** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

      Patricia W. Davies, Assistant United States Attorney
      Email: patricia.davies@usdoj.gov

      Andrea L. Surratt, Assistant United States Attorney
      Email: andrea.surratt@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

      Dakota Michael Heller  (via Mail)

      s/Jacob Rasch-Chabot
      JACOB RASCH-CHABOT
      Assistant Federal Public Defender
      633 17th Street, Suite 1000
      Denver, CO  80202
      Telephone:  (303) 294-7002
      FAX:  (303) 294-1192
      Jacob.rasch-chabot@fd.org
      Attorney for Defendant