IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAKOTA MICHAEL HELLER,

    Defendant.

# ORDER

This matter comes before the Court on defendant's Motion to Dismiss Count Two for Prosecutorial Vindictiveness [Docket No. 150].

### A.  BACKGROUND

The original indictment charged the defendant with one count of knowingly engaging in sexual contact with another person without that person's permission, in violation of 18 U.S.C. § 2244(b).  This charge carries a statutory maximum penalty of two years imprisonment.

The case proceeded to trial the week of October 28, 2019.  Evidence was presented that the defendant, a sixteen year old boy (referred to by the pseudonym "Christopher"), and other members of a church went on a trip to Africa in the spring of 2017.  On an international flight from Dubai to Seattle during their return, the defendant sat next to Christopher.  Christopher testified that he took Ambien on the flight.  The evidence left open the possibility that the defendant had supplied the Ambien to

Christopher. While Christopher was either tired or groggy, potentially due to the effects of the Ambien, the defendant masturbated Christopher. Christopher testified that he did not give the defendant permission to do that to him.

In his closing argument, the defendant conceded that he knowingly had sexual contact with Christopher. However, the defendant claimed that he had Christopher's permission or at least believed that he had Christopher's permission. Regarding the issue of Ambien, the defendant argued that the defendant had not given Ambien to Christopher, that he did not know Christopher had taken Ambien, that Christopher may not have taken Ambien, and that the jury lacked sufficient evidence regarding Ambien to draw any conclusions about its effects on Christopher. *See* Docket No. 127 at 179-182.

During the course of its deliberations, the jury indicated on two occasions that it was deadlocked. On November 1, after the second note to that effect, both sides agreed that the Court should declare mistrial. Docket No. 129 at 7-8. The Court did declare a mistrial and dismissed the jury. *Id*. at 11.

Before trial, the parties engaged in plea negotiations. *See* Docket No. 150-1 at 2-3. Christopher, however, did not agree to the terms of the proposed plea agreement and therefore no agreement was reached. Docket No. 153 at 2. After the mistrial, the defendant told the United States that he would plead guilty to a misdemeanor. Docket No. 150 at 3. The United States, however, informed the defendant that it intended to seek a superseding indictment adding a charge under 18 U.S.C. § 2244(a)(2) and that, if Mr. Heller was interested in pleading guilty to the original charge, he should notify the government by December 2, 2019. Docket No. 150-2 at 2. The defendant did not

respond by the deadline, and a superseding indictment was filed on December 3, 2019 adding a second charge that the defendant knowingly caused sexual contact with another person while that person was "incapable of appraising the nature of the conduct, and physically incapable of declining participation in the sexual contact, and physically incapable of communicating unwillingness to engage in the sexual contact," in 18 , U.S.C. §§ 2244(a)(2) and 2246(3).  Docket No. 143 at 2.  This charge carries a maximum statutory penalty of three years imprisonment.  The government indicates that it based its decision to seek a superseding indictment on an investigation it performed after the mistrial.  Docket No. 153 at 4.  In particular, the government discovered that, two days before the trip to Africa, the defendant filled a prescription for 10 mg tablets Ambien (or its generic equivalent).  *Id*.  The government also consulted with a toxicologist who opined that a 10 mg tablet of Ambien was "highly likely" to cause a person of Christopher's weight and tolerance to be physically incapable of declining participation or communicating unwillingness to engage in sexual contact.  *Id*. at 5.  The government does not believe that the addition of the second count affects the defendant's guideline range in the event of a conviction.  *Id*. at 6.

### B. ANALYSIS

"To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, and for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is 'patently unconstitutional.'" *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978).  When the alleged due process violation takes the form of prosecutorial vindictiveness, a

defendant must show "either (1) actual vindictiveness or (2) a realistic likelihood of vindictiveness which gives rise to a presumption of vindictiveness." *United States v. Thomas,* 410 F.3d 1235, 1247 (10th Cir. 2005) (citing *United States v. Raymer*, 941 F.2d 1031, 1040 (10th Cir. 1991)). "Actual vindictiveness occurs when the government's decision to prosecute was a direct and unjustifiable penalty for the exercise of a procedural right by the defendant." *United States v. Ray*, 899 F.3d 852, 860 (10th Cir. 2018) (quotations omitted). "To establish presumptive vindictiveness, on the other hand, the defendant must show that as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or punitive animus towards the defendant because he exercised his specific legal right." *Id*. (quotations omitted). If the defendant makes either showing of vindictiveness, "the burden shifts to the prosecution to justify its charging decisions with legitimate, articulable, objective reasons." *United States v. Wood*, 36 F.3d 945, 946 (10th Cir. 1994).

The defendant does not argue actual vindictiveness. Rather, he argues that a presumption of vindictiveness exists because "the totality of the circumstances here raise a reasonable probability that the decision to bring new charges was not an objective exercise of prosecutorial discretion, but improperly motivated by hostility or animus toward Mr. Heller for his exercise of constitutional rights to go [to] trial, present a defense, and do it all over again." Docket No. 150 at 6. Specifically, the defendant claims that "[o]nly after failing to secure a conviction at the first trial did the government threaten to 'up the ante' if Mr. Heller again exercised his rights to go [to] trial and

4

present a defense." *Id*.

The defendant is correct that, in order to determine whether a presumption of vindictiveness exists, the Court must look at the totality of the circumstances. *United States v. Contreras*, 108 F.3d 1255, 1263 (10th Cir. 1997) (citing *United States v. Doran*, 882 F.2d 1511, 1521 (10th Cir. 1989)). However, after a hung jury and where the government did not object to the declaration of a mistrial, generally "no presumption of vindictiveness is raised because there is no reason why the prosecutor would consider the defendant responsible for the need for a new trial." *Id*. (citing *Doran*, 882 F.2d at 1521). Here, the objective circumstances following the government's decision to seek a superseding indictment raise no presumption of vindictiveness by the United States, despite the fact that the government was aware of certain facts regarding Ambien before the trial. First, the trial itself demonstrated that uncertainties regarding Ambien were potentially relevant to the jury's consideration. Second, contrary to the defendant's argument in closing, the government's post-mistrial investigation indicated that the defendant did have access to Ambien. Third, a toxicologist has told the government that a person with characteristics like Christopher who took an Ambien tablet of the strength of the ones that defendant apparently had access to would not be capable of refusing, or communicating his refusal to, sexual contact. The defendant acknowledges that this post-mistrial evidence "arguably bolsters its case under § 2244(a)(2)," but claims that, since the government already knew many of the underlying facts regarding the effects of Ambien on Christopher, the "government easily could have indicted Mr. Heller on a § 2244(a)(2) count, hired an

5

expert, and subpoenaed his prescription records before the first trial." Docket No. 150 at 7. The issue, however, is not what the government could have done. The issue is whether the totality of the circumstances, including what the government could have done before the trial, raise a presumption of vindictiveness. The Court finds that they do not.[1] Rather, the Court finds that both sides realized, as the trial progressed, that Ambien may play an important role in how the jury assesses the facts leading up to the sexual contact. The government's additional investigation is a rational reaction to the hung jury that raises no suggestion of vindictiveness. Similarly, the pursuit of a superseding indictment to add a charge consistent with that investigation does not suggest a vindictive motive. Therefore, because Mr. Heller fails to make a showing of vindictiveness, it is

**ORDERED** that defendant's Motion to Dismiss Count Two for Prosecutorial Vindictiveness [Docket No. 150] is denied.

DATED February 25, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[1] Even if the Court shifted the burden to the government, the Court finds that the government's post-mistrial investigation constitutes a "legitimate, articulable, objective" reason for seeking the superseding indictment.