**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  DAKOTA MICHAEL HELLER,

    Defendant.

---

**GOVERNMENT'S NOTICE OF INTENT TO OFFER
ADDITIONAL STATEMENT BY THE DEFENDANT
PERTAINING TO SEX ADDICTION**

---

    The Government hereby gives the defendant notice of its intent to introduce evidence at trial regarding an additional statement by the defendant Dakota Heller to victim Christopher pertaining to the defendant's sex addiction, under the circumstances and for the reasons described below.[1]

**Anticipated Testimony**

    At trial, the Government expects Christopher to testify as follows: About a week after returning from the Uganda mission trip in April 2017, the defendant repeatedly asked Christopher to meet the defendant in person to talk.  Christopher eventually relented, and the two met at a Chipotle restaurant.  At this meeting, after the two sat down with their food, the defendant began crying.  While apologizing to Christopher for his actions during the flight, Heller told Christopher "**this** is why I was asked to step

---

[1] The Government recognizes it does not have a legal obligation to provide this notice, but does so here because of the particularly sensitive nature of this evidence.

1

down from the youth ministry."[2] Christopher is also expected to testify to other statements that the defendant made at Chipotle, the substance of which are akin to Christopher's testimony during *Heller I*.

After Christopher's testimony, the Government intends to recall Gabe Kinzley, the Youth Minister at Cornerstone Church. Kinzley will testify that the defendant previously held a position at Cornerstone as a volunteer in the youth ministry, working with boys aged 12 to 18. In approximately 2014 or 2015, the defendant disclosed to Kinzley that the defendant had begun having sexual encounters with strangers—both men and women—that he met online, as well as masturbating during Skype chats. The defendant described this as a "sex addiction." The defendant also disclosed his pornography addiction. Kinzley had previously known about the defendant's issues with pornography, but was unaware of the sex addiction until he was told about it by the defendant.

At that time, Kinzley made the decision ask the defendant to step down from his position as a volunteer in the youth ministry. Kinzley's decision was based on the defendant's sex addiction and deviant behavior with respect to sexual encounters, not

---

[2] Christopher first disclosed this statement to the Government on February 26, 2020. As the defendant will recall, during *Heller I*, Christopher testified that the defendant had "expressed his attraction towards men and towards minors." TT 63. Counsel for the defendant objected, and because Christopher did not lay a foundation for this opinion, the objection was sustained. TT 64. At *Heller I*, Christopher was not asked why he had formed this opinion.

While meeting with the Government on February 26, 2020, Christopher explained that since *Heller I*, Christopher had thought further about this issue. In thinking about it, he focused on the Chipotle meeting, and recalled that his belief that the defendant is attracted to minors comes from the defendant's statement to Christopher that the defendant thought Christopher was gay because "Josh and Marcus" had girlfriends. Christopher found it notable that the defendant focused his attention on the three youngest members of the church group—Christopher, Josh, and Marcus—and not any of the older adults. From this, and the fact that the defendant rubbed his penis, Christopher concluded that the defendant is attracted to minors.

While thinking about this issue, Christopher thought more about the Chipotle meeting generally, and recalled that the defendant had also told him "this is why I was asked to step down from the youth ministry," as recounted herein.

Of course, Christopher may be cross-examined on this disclosure, and the jury can ascribe it as much weight as they see fit.

because of the defendant's same-sex attraction.  Kinzley communicated this clearly to the defendant.  The defendant agreed, and told Kinzley that he was "out of control" and that his "sex addiction is light years more consuming than [his] cocaine addiction."  The defendant asked for help and the church thereafter paid for the defendant to attend counseling.

Later, the defendant repeatedly asked Kinzley if he could return to the youth ministry.  Kinzley refused the request, and told the defendant that only after the defendant showed through years of consistency that he had overcome his problems with sex addiction, might the defendant be able to work with the church's young students again.  In response, the defendant protested that Kinzley was refusing to allow the defendant to volunteer with the youth ministry because of his same-sex attraction.  Kinzley told the defendant repeatedly that the reason was not the defendant's same-sex attraction, but rather the defendant's sex addiction.

Ultimately, Kinzley allowed the defendant to volunteer in the "1825" ministry for young adults and college-aged individuals.

### **Relevance**

When the defendant told Christopher "**this** is why I was asked to step down from the youth ministry," the defendant was referring to Kinzley's 2014/2015 decision to ask the defendant to step down from his volunteer position with the youth ministry where the defendant was interacting with boys aged 12 to 18.  Kinzley was very clear with the defendant that the reason the defendant was being asked to step down was because of the defendant's sex addiction, not his same-sex attraction.  On the day that Kinzley conveyed his decision to the defendant, the defendant accepted Kinzley's decision, and agreed that his sexual encounters were "out of control."

3

Accordingly, the jury can draw a reasonable—and strong—inference that the defendant told Christopher that what caused the defendant to sexually abuse Christopher on the airplane was the same issue that got the defendant removed from the youth ministry. That is, defendant was explaining to Christopher that his abuse of Christopher stemmed from his sex addiction.

Under the defendant's formulation of the *mens rea* required to prove the defendant's guilt as to Count One of the superseding indictment (and the instruction given at *Heller I*), the Government has the burden to prove that the defendant "knew he did not have Christopher's permission for the sexual contact." (Doc. #167, pg.2) The defendant told Christopher one week after the assault that it was the defendant's sex addiction—not Christopher's permission—that was the impetus for the defendant's conduct. This statement by the defendant is highly probative to the jury's decision about whether the defendant knew he did not have Christopher's permission for the sexual contact on the airplane, as charged in Count One.

Accordingly, the Government respectfully gives notice of its intent to offer this additional statement by the defendant to Christopher, as well as Kinzley's testimony as described above, during the retrial in this matter.

        Respectfully submitted,

        JASON R. DUNN
        United States Attorney

By:   */s  Patricia Davies & Andrea Surratt*
      Assistant U.S. Attorneys
      United States Attorney's Office
      1801 California Street, Suite 1600
      Denver, Colorado 80202
      Telephone: (303) 454-0100
      E-mail: patricia.davies@usdoj.gov;
      andrea.surratt@usdoj.gov