IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DAKOTA HELLER,

        Defendant.

_____

**UNOPPOSED MOTION TO EXCLUDE 90 ADDITIONAL DAYS FROM THE SPEEDY TRIAL CALCULATION AND SET TRIAL FOR AUGUST 17, 2020**
_____

        Defendant Dakota Heller, through undersigned counsel, moves this Court for an Order to continue the trial to a date agreed on by the parties, August 17, 2020. He seeks to exclude 90 days under the Speedy Trial Act. In support.

### INTRODUCTION

        1.     Mr. Heller is charged in a one-count indictment alleging abusive sexual contact. Mr. Heller was arraigned on May 14, 2019. The first trial, which began on October 28, 2019, resulted in a mistrial because the jury was unable to reach a verdict. The government elected to re-try Mr. Heller. [ECF Doc. 116]. Trial was then scheduled to begin on March 2, 2020. After a day of jury selection, Mr. Heller's expert witness fell ill and was unable to travel from Reno, Nevada. The Court continued Mr. Heller's trial, at Mr. Heller's request, to March 16, 2020. [ECF Doc. 192].

2.  During the week of March 9, 2020, the coronavirus began rapidly spreading across the state of Colorado. The governor declared a state of emergency on March 10, 2020. On March 13, 2020, the President declared a national emergency. On March 16, 2020, the day jury selection was to begin on the retrial, the mayor of Denver issued a stay-at-home order. The governor also issued a stay-at-home order, set to expire on April 11, 2020. On April 3, 2020, Denver Public Schools announced schools would remain closed for the remainder of the academic year.

3.  On March 12, 2020, this Court granted the defendant's oral motion to exclude 60 days under the Speedy Trial Act, in light of the coronavirus concerns, and vacated the March 16 trial date. [ECF Doc. 198]. The Court ordered the parties to confer to select a new trial date.

4.  This Court has issued General Order 2020-3 suspending criminal trials until May 1, 2020, due to the pandemic.

5.  Even if the health crisis were resolved by May 1, and jury trials resumed, undersigned counsel is scheduled to be on trial in front of Judge Blackburn on May 4, 2020. Mr. Heller's expert witness, Dr. Davis, has limited availability in May. Dr. Davis would need to travel by air from Reno, Nevada, and she is over the age of 60. The CDC has designated individuals over the age of 60 at a higher risk for becoming seriously ill from the coronavirus. Based on current predictions, it seems unlikely Dr. Davis would be able to travel in May.

6.  The government has witnesses who will be unavailable in June and July.

7.  The parties have consulted with each other and witnesses, and the parties and witnesses are available for trial the week of August 17, 2020.

## LAW REGARDING REQUESTS FOR CONTINUANCES

8. This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271.

9. In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

10. Defense counsel's request for a continuance satisfies the criteria in 18 U.S.C. § 3161(h)(7) and factors in *United States v. West.* Counsel have been diligent in preparing for trial. The global pandemic caused by the coronavirus, and the spread of the virus in Colorado, have made jury trials impossible at this time. Both parties have witness unavailability issues in May, June, and July. August 17, 2020, is the first available date the parties and witnesses are able to proceed to trial, after the pandemic is predicted to subside.

11. If this trial were to be set at a time before the national or state emergencies are over, it would be difficult to get a fair cross-section of jurors. Individuals over the age of 60, people with health issues, and parents with childcare issues may not be able to serve as jurors.

## CONCLUSION

Wherefore, Mr. Heller respectfully requests this Court for an Order to continue the trial to August 17, 2020, and exclude and additional 90 days from the Speedy Trial Act computation as authorized by 18 U.S.C. § 3161(h)(7).

//

//

//

//

//

//

//

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Kelly Christl
KELLY CHRISTL
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Email:  Kelly_Christl@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2020, I electronically filed the foregoing **UNOPPOSED MOTION TO EXCLUDE 90 ADDITIONAL DAYS FROM THE SPEEDY TRIAL CALCULATION AND SET TRIAL FOR AUGUST 17, 2020** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Patricia W. Davies, Assistant United States Attorney
Email: patricia.davies@usdoj.gov

Andrea L. Surratt, Assistant United States Attorney
Email: andrea.surratt@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Dakota Michael Heller       (via Mail)

s/Kelly Christl
KELLY CHRISTL
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
kelly.christl@fd.org
Attorney for Defendant