IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAKOTA MICHAEL HELLER,

    Defendant.

## ORDER GRANTING ENDS OF JUSTICE CONTINUANCE

This matter comes before me on the defendant's Unopposed Motion to Exclude 90 Additional Days from the Speedy Trial Calculation and Set Trial for August 17, 2020 [Docket No. 200]. The government does not oppose the motion.

On November 1, 2019, during the first trial of this case, I declared a mistrial after the jury deadlocked. Docket No. 110. The parties later agreed that a new 70-day speedy trial clock started on that day. Docket Nos. 116 and 117. I set the trial on December 16, 2019. Docket No. 118. On November 19, 2019, the defendant filed a motion which tolled speedy trial, Docket No. 121, and on November 22, 2019 filed an unopposed motion to exclude time from speedy trial. Docket No. 131. On December 2, 2019, I granted the motion to exclude time and excluded 45 days from that date. Docket No. 141. The trial was reset for March 2, 2020. *Id*. At the time I ruled on the motion to exclude time, there were 52 days left on the original speedy trial period. The

45 days expired on January 16, 2020.  However, defendant's pending Motion to Dismiss Count Two for Prosecutorial Vindictiveness [Docket No. 150] tolled speedy trial until thirty days after the government's response, or until February 7, 2020.  I find that nine days of the 52 remaining days ran between February 7, 2020 and March 2, 2020, the start of the trial.  However, on the second day of jury selection, before the jury was sworn in or even selected, I continued the trial on oral motion of the defendant due to the unavailability of his expert witness.  Docket No. 192.  I rescheduled the trial for March 16, 2020 and excluded the time between March 3, 2020 and March 17, 2020 from the speedy trial period.  *Id*.  On March 12, 2020, I conducted a hearing wherein I granted the defendant's oral motion to continue the trial due to the COVID-19 pandemic.  Docket No. 197.  I excluded 60 days from March 17, 2020.  The 60 days excluded from March 17, 2020 will expire on May 16, 2020.

The defendant's motion is based on two arguments.  First, that the COVID-19 pandemic has created complications that make a trial in May 2020 impractical.  One complication is that defendant's expert witness is over 60 years of age and therefore more vulnerable to serious health consequences were she to contract COVID-19.  Docket No. 200 at 2.  Thus, defendant doubts that she would be able to safely travel to Denver from Nevada for a May trial.  Second, the defendant states that a trial in June or July would be impractical because the government has noted on several occasions on the record that it has witness scheduling issues in June and July, 2020.  *Id*.  The motion indicates that the government and defendant have conferred about witness

scheduling and have determined that a trial the week of August 17, 2020 would not create any known witness scheduling issues.

The defendant's motion implicates the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174. Specifically, the motion implicates 18 U.S.C. § 3161(h), which provides in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act serves two distinct interests: first, to protect a defendant's right to a speedy indictment and trial, and second, to serve the public interest in ensuring prompt criminal prosecutions. *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007). The Act requires that a defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *Zedner v. United States*, 547 U.S. 489, 497 (2006). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the

3

defendant in a speedy trial.'" *United States v. Hill,* 197 F.3d 436, 440-41 (10th Cir. 1999) (quoting former 18 U.S.C. § 3161(h)(8)(A)).

In order for a continuance to qualify as an excludable "ends-of-justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Id*. at 441. First, I must consider the following factors listed in § 3161(h)(7)(B):

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv). After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id*., § 3161(h)(7)(A). Although my

findings "'may be entered on the record after the fact, they may not be made after the fact.'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Doran*, 882 F.2d at 1516).

The motion requests that I exclude an additional 90 days from the speedy trial period. Docket No. 200 at 1. As noted earlier, the 60 days excluded from March 17, 2020 will expire on May 16, 2020 and 43 days remain on the original speedy trial period. If I were to exclude an additional 90 days, the case would have to be tried on or before September 26, 2020. If I were to exclude 60 days, the case would have to be tried on or before August 27, 2020.

I find that the exclusion of 60 days is justified and is necessary due to the issues created by the COVID-19 pandemic and the unavailability of witnesses. I also find that it would be unreasonable to expect that a trial could take place within the time initially allowed under 18 U.S.C. § 3161(c) and the time which has been previously excluded. It is highly doubtful that a jury could be seated in May given legitimate fears that prospective jurors would have regarding a duty that would naturally and inevitably bring them into close contact with one another and which, even if a sufficient number of jurors agreed to serve, would likely involve a pool of prospective jurors who were not representative of certain ages in the community. I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C),

I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel.

Accordingly, I conclude as follows:

(1) That failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) and which has been previously extended would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2) That, even considering due diligence of counsel for the government and defense counsel, failure to grant the motion would deny counsel for defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3) That an additional 60 days from May 16, 2020 should be excluded from the computation of speedy trial; and

(4) That, therefore, the ends of justice served by granting the motion outweigh the best interests of the public and the defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**THEREFORE,** it is:

1. **ORDERED** that the defendant's Unopposed Motion to Exclude 90 Additional Days from the Speedy Trial Calculation and Set Trial for August 17, 2020 [Docket No. 200] is **GRANTED IN PART**.  It is further

2. **ORDERED** that the Trial Preparation Conference will be rescheduled for **August 14, 2020 at 2:30 p.m.** and the trial reset for **August 17, 2020 at 8:00 a.m.** for four days.  It is further

3.  **ORDERED** that 60 days from May 16, 2020 shall be excluded from the computation of the speedy trial deadlines under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161 - 3174.

DATED April 15, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge