IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DAKOTA HELLER,

        Defendant.
_____

**UNOPPOSED MOTION TO VACATE TRIAL DATES, EXCLUDE 90 ADDITIONAL DAYS FROM THE SPEEDY TRIAL CALCULATION, AND CONTINUE SUBPOENAS**
_____

        Defendant Dakota Heller, through undersigned counsel and unopposed by the government, moves this Court to vacate the current trial dates, exclude 90 days under the Speedy Trial Act, and continue trial subpoenas for defense witnesses to the new trial date. In support, counsel states:

## INTRODUCTION

        1.     On May 14, 2019, Mr. Heller was arraigned on a one-count indictment alleging abusive sexual contact. Trial began October 28, 2019. On November 1, this Court declared a mistrial because the jury was unable to reach a verdict. The government elected to retry Mr. Heller.

        2.     The retrial was scheduled to begin on March 2, 2020. After the first day of jury selection, Mr. Heller's expert witness fell ill and was unable to travel from Reno, Nevada. The Court continued the trial two weeks to March 16, 2020.

3. During the week of March 9, 2020, the coronavirus began rapidly spreading across Colorado. The governor declared a state of emergency on March 10, 2020.

4. On March 12, 2020, this Court granted the defendant's oral motion to exclude 60 days under the Speedy Trial Act, in light of the coronavirus concerns, and vacated the March 16 trial date.

5. By general orders, this Court has continued all criminal trials through July 31, 2020. (*See* District Court General Order 2020-10.)

6. Mr. Heller's trial is currently set to begin August 17, 2020.

7. From the end of April to mid-June, Colorado experienced a steady decline in the spread of COVID-19. However, the last month has seen an even sharper rise in the number of new COVID-19 cases to near record highs. *See Colorado Coronavirus Map and Case Count*, NY Times, https://www.nytimes.com/interactive/2020/us/colorado-coronavirus-cases.html (updated July 21, 2020) (showing that the 606, 577, and 592 new cases on July 10, 16, and 17 had the third, fifth, and fourth highest single-day totals in Colorado, respectively).

8. Mr. Heller's expert witness, Dr. Deborah Davis, lives in Reno, Nevada, and would need to travel by plane to testify at Mr. Heller's trial. Understandably, Dr. Davis has serious reservations about flying to Denver and testifying in open court during what appears to be a peak in the coronavirus pandemic. She is over the age of 65, and the CDC recognizes that the risk for severe illness and death from COVID-19 increases with age, with adults aged 65 and older particularly at risk. *See Older Adults*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html

(updated June 25, 2020) ("In fact, 8 out of 10 COVID-19-related deaths reported in the United States have been among adults aged 65 years and older."). Additionally, Dr. Davis lives with her elderly mother and husband. She fears infecting them if, if she were to contract COVID-19 while traveling to and from Denver.

9. In light of Dr. Davis' unavailability during the pandemic, and the potential for the pandemic to continue indefinitely, counsel has begun looking for a potential substitute expert witness—that is, an individual with similar expertise who is within driving distance of the Denver courthouse and would be able to testify at trial without putting their health at serious risk. At this time, counsel has not retained an alternate expert.

10. The parties have conferred, and the government does not oppose the relief requested in this motion, albeit on different grounds than Mr. Heller. The government believes that this case is not well suited for trial at this time due to the large number of civilian witnesses and would-be spectators.

## LAW REGARDING REQUESTS FOR CONTINUANCES

11. The Speedy Trial Act expressly excludes "[a]ny period of delay resulting the absence or unavailability of . . . an essential witness." 18 U.S.C. § 3161(h)(3)(A). A witness is "essential" if they are "unquestionably important." *United States v. Eagle Hawk*, 815 F.2d 1213, 1219 (8th Cir. 1987). A witness is "non-essential" if their testimony is "merely cumulative or substantially irrelevant." *Id.* "The question of whether a particular witness is 'essential' within the meaning of § 3161(h)(3)(A) is a quintessential question of fact." *United States v. Allen*, 235 F.3d 482, 491 (10th Cir. 2000). "[A]n essential witness shall be considered unavailable whenever his

3

whereabouts are known but his presence for trial cannot be obtained by due diligence." 18 U.S.C. § 3161(h)(3)(B). The Tenth Circuit has recognized that a witness may be unavailable for medical reasons. *United States v. Allen*, 235 F.3d 482, 491 (10th Cir. 2000).

12. Additionally, this Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271.

13. In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

**ARGUMENT**

14.     This Court should exclude 90 days from the speedy trial calculation based on the unavailability of an essential witness.  Dr. Davis's testimony is critically relevant to the issue of consent, which is a disputed essential element of the offenses charged.  She is unavailable, and will continue to be unavailable for the next 90 days, given the serious risk to her health that would result from her traveling by plane to testify in open court when COVID-19 cases are increasing nationally, and in Colorado.

15.     Additionally, counsel's request for a continuance satisfies the criteria in 18 U.S.C. § 3161(h)(7).  The ends of justice served by continuing the trial and excluding 90 days outweigh the best interest of the public and the defendant.  An additional 90 days might be enough time for the threat of COVID-19 to subside, allowing Dr. Davis to travel to Colorado to testify safely.  If not, it will allow counsel time to retain another witness with similar expertise who is able to do so.  A continuance also serves the public interest and addresses the government's concerns.  Given an additional 90 days, it may be safer for civilian witnesses to testify and for members of the public to attend the trial, as many did the first time.

16.     As for the *West* factors, counsel has diligently prepared for trial and is currently working to retain an alternative expert witness if it becomes necessary.  If the Court grants a 90-day continuance, it is more likely that the defense will have an available expert witness and that the public will be able to attend the trial.  The government has not asserted that the continuance would cause undue inconvenience and, in fact, it does not oppose the continuance.  And finally, a denial of the continuance

would deprive Mr. Heller of an essential witness and deprive the public of the opportunity to attend the trial.

## **CONCLUSION**

Wherefore, Mr. Heller respectfully requests this Court for an Order excluding an additional 90 days from the Speedy Trial Act clock, vacating the current trial dates, and continuing the trial subpoenas of defense witnesses to any new trial date.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Kelly Christl
KELLY CHRISTL
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Email:  Kelly_Christl@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2020, I electronically filed the foregoing **UNOPPOSED MOTION TO VACATE TRIAL DATES, EXCLUDE 90 ADDITIONAL DAYS FROM THE SPEEDY TRIAL CALCULATION, AND CONTINUE SUBPOENAS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

    Patricia W. Davies, Assistant United States Attorney
    Email: patricia.davies@usdoj.gov

    Andrea L. Surratt, Assistant United States Attorney
    Email: andrea.surratt@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Dakota Michael Heller    (via Mail)

    s/Kelly Christl
    KELLY CHRISTL
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    kelly.christl@fd.org
    Attorney for Defendant