IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAKOTA MICHAEL HELLER,

    Defendant.

## ORDER GRANTING ENDS OF JUSTICE CONTINUANCE

This matter comes before me on the defendant's Unopposed Motion to Vacate Trial Dates, Exclude 90 Additional Days from the Speedy Trial Calculation, and Continue Subpoenas [Docket No. 202].  The government does not oppose the motion. *Id*. at 3.

This matter is set for trial on August 17, 2020.  Docket No. 201.  On April 15, 2020, I granted the defendant's motion to exclude time and continue the trial in this case.  *Id*.  As noted in that order, I excluded sixty days beginning on May 16, 2020.  *Id*. at 7.  That sixty day period expired on July 15, 2020.  The present motion was filed on July 23, 2020.  As a result, of the 43 days remaining on the original speedy trial period, see Docket No. 201 at 2, eight days have run.  Thus, I find that thirty-five days remain of the original speedy trial period.

The defendant's motion is based on the fact that defendant's expert witness is over 65 years of age and therefore more vulnerable to serious health consequences were she to contract COVID-19. Docket No. 202 at 2. The expert lives in Nevada and would need to travel to Denver by airplane. *Id*. The expert has serious reservations about the safety of flying given the pandemic. *Id*. Moreover, the expert witness is concerned about potentially infecting her husband and elderly mother, with whom she lives. *Id*. at 3. Mr. Heller has begun to look for a substitute expert, but has not yet identified one. *Id*.

The defendant's motion implicates the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174. Specifically, the motion implicates 18 U.S.C. § 3161(h), which provides in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act serves two distinct interests: first, to protect a defendant's right to a speedy indictment and trial, and second, to serve the public interest in ensuring prompt criminal prosecutions. *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007). The Act requires that a defendant's trial commence within 70 days

2

after his indictment or initial appearance, whichever is later.  See 18 U.S.C. § 3161(c)(1); *Zedner v. United States*, 547 U.S. 489, 497 (2006).  Certain periods of delay are excluded and do not count toward the 70-day limit.  See 18 U.S.C. § 3161(h)(1)-(8).  Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'"  *United States v. Hill,* 197 F.3d 436, 440-41 (10th Cir. 1999) (quoting former 18 U.S.C. § 3161(h)(8)(A)).

 In order for a continuance to qualify as an excludable "ends-of-justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied.  *Id*. at 441.  First, I must consider the following factors listed in § 3161(h)(7)(B):

- (i)  Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

- (ii)  Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

- (iii)  Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

- (iv)  Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the

3

> Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).  After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id*., § 3161(h)(7)(A).  Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)).  "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id*. (quoting *Doran*, 882 F.2d at 1516).

The motion requests that I exclude an additional 90 days from the speedy trial period.  Docket No. 202 at 5.  Mr. Heller indicates that the expert's testimony is critically relevant to the issue of consent, which is the element of the charges that is disputed. *Id*.

I find that the exclusion of an additional 90 days is justified and necessary due to the issues created by the COVID-19 pandemic and the unavailability of the defendant's expert witness.  Due to her age, the expert faces greater risks to her health were she to contract COVID-19.  Moreover, the Court finds her reluctance to travel on a commercial airline reasonable in light of the pandemic.  Finally, her reluctance to travel to Denver

and to testify is understandable given her concerns about infecting her husband and mother were she to contract the disease. I find that the amount of time that defendant requests be excluded is appropriate. At this time, there is no reason to believe that the incidence of coronavirus in the Denver metropolitan area will be appreciable less during the next ninety days. I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel.

Accordingly, I conclude as follows:

(1) That failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) and which has been previously excluded would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2) That, even considering due diligence of defense counsel, failure to grant the motion would deny counsel for defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3) That an additional 90 days from today's date should be excluded from the computation of speedy trial; and

(4) That, therefore, the ends of justice served by granting the motion outweigh the best interests of the public and the defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**THEREFORE,** it is:

1. **ORDERED** that the defendant's Unopposed Motion to Vacate Trial Dates, Exclude 90 Additional Days from the Speedy Trial Calculation, and Continue Subpoenas [Docket No. 202] is **GRANTED**. It is further

2. **ORDERED** that the Trial Preparation Conference currently scheduled for August 14, 2020 at 2:30 p.m. as well as the trial, currently scheduled to begin on August 17, 2020 at 8:00 a.m., are vacated. The Trial Preparation Conference will be rescheduled for **November 13, 2020 at 2:30 p.m.** and the trial reset for **November 16, 2020 at 8:00 a.m.** for four days. It is further

3. **ORDERED** that 90 days from the date of this order shall be excluded from the computation of the speedy trial deadlines under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161 - 3174. It is further

4. **ORDERED** that trial subpoenas served on witnesses to appear and testify at the trial previously scheduled for August 17, 2020 are continued to the new trial date of November 16, 2020.

DATED July 28, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge