IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DAKOTA HELLER,

        Defendant.

---

**JOINT MOTION TO EXCLUDE 120 DAYS FROM SPEEDY TRIAL ACT REQUIREMENTS**

---

Defendant Dakota Heller, through undersigned counsel and joined by the government, respectfully asks the Court to exclude 120 days from the Speedy Trial Act computations. In support, the parties state:

### I. A Continuance Is Appropriate In Light of Current Public Health Concerns.

The parties have again conferred about the issues raised in Mr. Heller's Motion to Reconsider (Or Stay) Pilot Trial Designation, Or To Exclude 90 Days From Speedy Trial Act Requirements ("Motion to Reconsider"). Doc. 207. The government agrees that the unique existing circumstances, including the current state of the COVID-19 pandemic in Colorado, present serious public health concerns and create risks for all trial participants if this case were to proceed to jury trial on November 16, 2020. For that reason, the government now joins Mr. Heller's request to continue the trial.

The government does not otherwise agree with, and reserves the right to challenge, Mr. Heller's remaining arguments in the Motion to Reconsider. Likewise, Mr. Heller withdraws no

argument in the Motion to Reconsider, but recognizes that a continuance eliminates the need for an immediate ruling on those issues because future changed pandemic conditions and resulting changes in trial procedures may resolve Mr. Heller's concerns. If the Court grants this joint motion to continue, Mr. Heller respectfully asks the Court to hold in abeyance resolving the remaining issues in the Motion to Reconsider. At the appropriate time, Mr. Heller may seek to supplement or revise those arguments before trial, and the government would respond at that juncture based on the extant public health conditions and trial protocols.

**II.     These Circumstances Satisfy the Criteria for Speedy Trial Act Time Exclusions.**

The Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i).

In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must explain why the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271. This Motion also arises under the unique facts and unprecedented circumstances created by the pandemic – these too must be factored into the analysis.

In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit held a court should consider four factors when deciding whether to grant a continuance: (1) the diligence

of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered because of the court's denial of the continuance.

The parties' joint request for a continuance satisfies the criteria in 18 U.S.C. § 3161(h)(7) and the factors in *West*. The ends of justice served by this requested delay either outweigh or serve the best interest of the public and Mr. Heller. The parties have been diligent throughout this case, including throughout the pandemic.

It is likely this continuance would accomplish the underlying purpose of this request. Excluding 120 days from the requirements of the Speedy Trial Act will give the Court and parties over six months to assess how developments relating to the pandemic will impact the jury trial in this case. A continuance also may allow several witnesses to testify in person who would otherwise be required to testify by video. In addition, a continuance means the trial would not be held at a time that already record-high infection rates continue to increase and jurors may well be negatively impacted by local government closures and restrictions, overburdened medical resources, and other issues.

Although a public health crisis or large-scale emergency is not specifically listed in §3161(h)(7) or *West*, this request is necessitated by the unprecedented challenges presented by the ongoing COVID-19 pandemic. This pandemic continues to interfere with court operations in this district and throughout the country. These unique circumstances relate to "whether the failure to grant such a continuance in the proceedings would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. §3161(h)(7)(B)(i).

The parties submit this request jointly. Neither party asserts it will suffer prejudice because of the proposed continuance.

The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial. The need for the continuance is supported by the reasons described throughout this motion. Without the requested continuance, this trial would occur in the midst of a surge in COVID-19 infections, potentially endangering all trial participants and the community. The parties agree that these unusual circumstances counsel against holding this trial on November 16, 2020.

### III.   The Speedy Trial Clock.

The parties agreed the Speedy Trial Act allowed 70 days from November 1, 2019 to begin the retrial. Docs. 116, 117. The court set the second trial for December 16, 2019. Doc. 118.

On November 22, 2019, Mr. Heller filed an Unopposed Motion to Continue the Jury Trial. Doc. 131. On December 2, 2019, with 49 days remaining in the speedy trial period, the Court granted Mr. Heller's motion, excluding 45 days from the requirements of the Speedy Trial Act. Doc. 141. This left 94 days from December 2, 2019 within the speedy trial period. The Court scheduled the second trial for March 2, 2020.

Due to the pendency of several motions filed before the second trial, only 32 days elapsed from the speedy trial period between December 2, 2019 and March 2, 2020. Thus, 62 days remained in the speedy trial period on March 2, 2020.

The second trial began on March 2, 2020. However, on March 3, 2020, after the jury was selected but before it was sworn, the Court continued the trial due to the unexpected unavailability of Mr. Heller's expert witness. Doc. 192. The Court reset the trial for March 16, 2020 and excluded the 14 days between March 3 and 17, 2020 from the requirements of the Speedy Trial Act. *Id.*

On March 10, 2020, Colorado's governor declared a state of emergency due to the COVID-19 pandemic. On March 12, 2020, the Court granted Mr. Heller's oral motion to continue the trial, excluding an additional 60 days from the speedy trial period. Doc. 197. When the speedy trial period resumed on March 17, 2020, 122 days remained.

On April 6, 2020, Mr. Heller filed an Unopposed Motion to Exclude 90 Additional Days From the Speedy Trial Calculation. Doc. 200. On April 15, 2020, the Court partially granted that motion, excluding 60 days from the speedy trial calculation and resetting the trial for August 17, 2020. Doc. 201. This left 161 days in the speedy trial period as of April 15, 2020.

On July 23, 2020, Mr. Heller filed another unopposed motion to exclude 90 days from the speedy trial computation. Doc. 202. On July 28, 2020, the Court granted that motion and reset the trial for November 16, 2020. Doc. 203. By adding 90 days to the 61 days remaining in the speedy trial period, the Court's order of July 28, 2020 allowed the trial to commence within 151 days of that date.

As of the filing of this motion, 99 days have elapsed from the speedy trial period since July 28, leaving 52 days remaining in the speedy trial period. If the Court grants this motion, the Speedy Trial Act will allow this trial to begin within 172 days of the resolution of this motion.

## CONCLUSION

For the reasons stated here, Mr. Heller and the government respectfully ask the Court to issue an order excluding 120 days from the Speedy Trial Act computations and vacating all set deadlines and trial dates. The parties request a status hearing to address rescheduling the trial. Neither party objects to conducting that status conference by video teleconference.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Kelly Christl
KELLY CHRISTL
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Email:  Kelly_christl@fd.org
Attorney for Defendant

s/ David Kraut
DAVID KRAUT
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Email:   David_Kraut@fd.org
Attorney for Defendant

JASON R. DUNN
UNITED STATES ATTORNEY
DISTRICT OF COLORADO

s/ Patricia Davies & Andrea Surratt
Assistant United States Attorneys
U.S. Attorney's Office
1801 California Street, Suite1600
Denver, CO. 80202
Telephone (303) 454-0100
Email: Patricia.Davies@usdoj.gov
Andrea.Surratt@usdo.gov
Attorneys for the Government

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2020, I electronically filed the foregoing ***Joint Motion to Exclude 120 Days From Speedy Trial Act Requirements*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Patricia W. Davies, Assistant United States Attorney
Email: patricia.davies@usdoj.gov

Andrea L. Surratt, Assistant United States Attorney
Email: andrea.surratt@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Dakota Heller (via U.S. mail)

        *s/ Kelly Christl*
        KELLY CHRISTL
        Assistant Federal Public Defender
        633 17th Street, Suite 1000
        Denver, CO  80202
        Telephone:  (303) 294-7002
        FAX:  (303) 294-1192
        Email:  Kelly_Christl@fd.org
        Attorney for Defendant