IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAKOTA MICHAEL HELLER,

    Defendant.

## ORDER GRANTING ENDS OF JUSTICE CONTINUANCE

This matter comes before me on the Joint Motion to Exclude 120 Days from Speedy Trial Act Requirements [Docket No. 210].

This matter is set for trial on November 16, 2020. Docket No. 203. On July 28, 2020, I granted the defendant's motion to exclude time and continued the trial in this case. *Id*. As noted in that order, I excluded ninety days beginning on July 28, 2020. *Id*. at 6. That ninety day period expired on October 26, 2020. On November 2, 2020, defendant filed the Motion to Reconsider (or Stay) Pilot Trial Designation, or to Exclude 90 Days from Speedy Trial Act Requirements [Docket No. 207], which had the effect of tolling speedy trial. As a result, of the 35 days remaining on the original speedy trial period as of July 28, 2020, *see* Docket No. 203 at 1, seven days have run. Thus, I find that twenty-eight days remain of the original speedy trial period.

The joint motion is based on the "current state of the COVID-19 pandemic in Colorado," which creates "risks for all trial participants if this case were to proceed to jury trial on November 16, 2020." Docket No. 210 at 1. The parties state that a continuance "may allow several witnesses to testify in person who would otherwise be required to testify by video." Id. at 3.

The joint motion implicates the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174. Specifically, the motion implicates 18 U.S.C. § 3161(h), which provides in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act serves two distinct interests: first, to protect a defendant's right to a speedy indictment and trial, and second, to serve the public interest in ensuring prompt criminal prosecutions. United States v. Williams, 511 F.3d 1044, 1047 (10th Cir. 2007). The Act requires that a defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. See 18 U.S.C. § 3161(c)(1); Zedner v. United States, 547 U.S. 489, 497 (2006). Certain periods of delay are excluded and do not count toward the 70-day limit. See 18 U.S.C.

2

§ 3161(h)(1)-(8). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *United States v. Hill,* 197 F.3d 436, 440-41 (10th Cir. 1999) (quoting former 18 U.S.C. § 3161(h)(8)(A)).

In order for a continuance to qualify as an excludable "ends-of-justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Id*. at 441. First, I must consider the following factors listed in § 3161(h)(7)(B):

- (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

- (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

- (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

- (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).  After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id*., § 3161(h)(7)(A).  Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'"  *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir. 1989)).  "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'"  *Id*. (quoting *Doran*, 882 F.2d at 1516).

   I find that the exclusion of an additional 120 days is justified and necessary due to the issues created by the COVID-19 pandemic and the impact that it will have on the ability of several witnesses to testify in person.  According to the Colorado Department of Public Health, the number of positive COVID-19 cases, the trend in positive cases, and the percent of positive tests in the Denver metropolitan area are each significantly greater than two weeks ago.  As a result, I find that the parties' concerns are reasonable.  Even though the Court's jury trial protocols are designed to protect the health and safety of trial participants, the parties indicate that several witnesses would opt to testify by video, which might be avoided by excluding 120 days.  Thus, I also find that the amount of time that the parties request be excluded is appropriate.  I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).  As

required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel.

Accordingly, I conclude as follows:

(1) That failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) and which has been previously excluded would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2) That, even considering due diligence of defense counsel, failure to grant the motion would deny counsel for defendant and the government the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3) That an additional 120 days from the date of this order should be excluded from the computation of speedy trial; and

(4) That, therefore, the ends of justice served by granting the motion outweigh the best interests of the public and the defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**THEREFORE,** it is:

1. **ORDERED** that the Joint Motion to Exclude 120 Days from Speedy Trial Act Requirements [Docket No. 210] is **GRANTED**.  It is further

2. **ORDERED** that the Motion to Reconsider (or Stay) Pilot Trial Designation, or to Exclude 90 Days from Speedy Trial Act Requirements [Docket No. 207] is **DENIED AS MOOT**.  It is further

3. **ORDERED** that the Trial Preparation Conference currently scheduled for November 13, 2020 at 2:30 p.m. as well as the trial, currently scheduled to begin on November 16, 2020 at 8:00 a.m., are vacated.  The Trial Preparation Conference will be rescheduled for **February 26, 2021 at 1:30 p.m.** and the trial is reset for **March 1, 2021 at 8:00 a.m.** for four days.  It is further

4. **ORDERED** that 120 days from the date of this order shall be excluded from the computation of the speedy trial deadlines under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161 - 3174.  It is further

5. **ORDERED** that trial subpoenas served on witnesses to appear and testify at the trial previously scheduled for November 16, 2020 are continued to the new trial date of March 1, 2021.

DATED November 4, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge