IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DAKOTA HELLER,

        Defendant.

---

**UNOPPOSED MOTION TO CONTINUE TRIAL AND EXCLUDE 90 DAYS FROM SPEEDY TRIAL ACT REQUIREMENTS**

---

Defendant Dakota Heller, through undersigned counsel and unopposed by the government, respectfully asks the Court to exclude 90 days from the Speedy Trial Act computations. In support, Mr. Heller states:

### I. Statement of Conferral

The parties conferred by email regarding this motion, as well as the issue of whether this case should be submitted for consideration of pilot trial status. For the reasons stated in this motion, Mr. Heller's positions are (1) this case should not be considered for pilot trial status, and (2) the Court should exclude 90 days from the requirements of the Speedy Trial Act, vacate the current trial date, and reschedule the case for trial.

The government's positions are presented in the following paragraph, provided to the Court at government counsel's request:

> The government believes that this Court appropriately designated Heller as a pilot trial, and that the reasons underlying that pilot trial designation persist. Nonetheless, the government acknowledges that amongst pilot trials, Heller may not be the best to commence in early March 2021 based on its length and other

1

factors. As such, the government does not object to defendant's request for a further 90 day ends of justice continuance. However, the government requests that, if this Court grants the further 90 day EOJ and sets trial thereafter, this Court order that any future requests for an additional EOJ continuance must be filed 30 days prior to the next trial date. The government makes this request to allow the victim and witnesses as much notice as possible for their future scheduling in light of the multiple unavoidable past schedule changes in this case.

## II.   A Continuance Is Appropriate In Light of Current Public Health Concerns.

Colorado currently operates on a dial system to determine the appropriate restrictions to curb the spread of COVID-19. According to the current Colorado Department of Health Dial, most counties in the District of Colorado Denver courthouse jury plan are operating at a "concern" or "high risk" for infection. The New York Times Coronavirus Tracker considers Denver County to be at a "very high risk level" for contracting the virus, stating "Indoor activities are very dangerous right now." The State of Colorado currently has 41 confirmed infections of the U.K. variant infection. J. Ingold, *Cases of the B1.1.7 Coronavirus Variant Continue to Rise in Colorado – but Aren't Cause for Concern, Yet.,* Colorado Sun, Feb. 11, 2021. This infection has been linked to "faster rates of spread and, potentially higher rates of death." *Id*.

Trials have been suspended in this Court since November 5, 2020 for public health reasons. C.J. Brimmer, District of Colo. GO 2020-19, November 5, 2020 and GO 2021-2, January 14, 2021. If this case were to proceed on March 1, 2021, it would be the first trial to go forward in more than four months. The parties understand another trial is scheduled to go forward in this courthouse on the same date. This means a significant amount of jurors and trial participants will be occupying the elevators, restrooms, and hallways.

While case transmission rates are down, and the infection risk may be lower than the last time the parties requested a trial continuance, there are still solid public health reasons to not conduct a trial with nineteen witnesses and fifteen hours of testimony. Docs. 119, 130, 134, 143,

186, 188. Additionally, there are four lawyers, IT staff, advisory witnesses, and Mr. Heller who would be in the courtroom for all fifteen hours of testimony. If this case is continued for 90 days, a much larger portion of the community will be vaccinated, as will some of the trial participants.

### III.     These Circumstances Satisfy the Criteria for Speedy Trial Act Time Exclusions.

The Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i).

In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must explain why the event identified by the moving party as necessitating the continuance results in the need for additional time. *See Id.* at 1271. This Motion also arises under the unique facts and unprecedented circumstances created by the pandemic – these too must be factored into the analysis.

In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit held a court should consider four factors when deciding whether to grant a continuance: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need

3

asserted for the continuance and the harm that could be suffered because of the court's denial of the continuance.

Mr. Heller's request for a continuance satisfies the criteria in 18 U.S.C. § 3161(h)(7) and the factors in *West*. The ends of justice served by this requested delay either outweigh or serve the best interest of the public and Mr. Heller. Mr. Heller has been diligent throughout this case, including throughout the pandemic.

It is likely this continuance would accomplish the underlying purpose of this request. Excluding 90 days from the requirements of the Speedy Trial Act will set the trial to a time when a larger portion of the community will be vaccinated, as well as the participants, making it safer to conduct a trial of this magnitude. A continuance also may allow several witnesses to testify in person who would otherwise be required to testify by video.

Although a public health crisis or large-scale emergency is not specifically listed in §3161(h)(7) or *West*, this request is necessitated by the unprecedented challenges presented by the ongoing COVID-19 pandemic. This pandemic continues to interfere with court operations in this district and throughout the country. These unique circumstances relate to "whether the failure to grant such a continuance in the proceedings would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. §3161(h)(7)(B)(i).

The government does not oppose this motion. Neither party asserts it will suffer prejudice because of the proposed continuance.

The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial. The need for the continuance is supported by the reasons described throughout this motion. Without the requested continuance, this trial would occur in the midst of a surge in COVID-19 infections, potentially endangering all trial

4

participants and the community. Furthermore, Mr. Heller may be deprived of certain constitutional rights if this case were to proceed on March 1, 2021. *See*, Doc. 207.

### IV.     The Speedy Trial Clock.

The last time the Court granted a motion to continue, it found 28 days remained on the speedy trial period. Doc. 211. The Court excluded an additional 120 days on that date, November 4, 2020. *Id.* Accordingly, the speedy trial deadline is now April 1, 2021 and 48 days remain within the speedy trial period. If the Court grants this motion, the Speedy Trial Act will allow the trial to occur within 138 days of the resolution of this motion.

### CONCLUSION

For the reasons stated here, Mr. Heller respectfully asks the Court to issue an order excluding 90 days from the Speedy Trial Act computations and vacating all set deadlines and trial dates. The parties request a VTC status hearing or that they be allowed to communicate with Chambers to address rescheduling the trial, to ensure there are no scheduling conflicts with witnesses.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

*s/ Kelly Christl*
KELLY CHRISTL
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Email: Kelly_christl@fd.org
Attorney for Defendant

*s/ David Kraut*
DAVID KRAUT
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Email:  David_Kraut@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2021, I electronically filed the foregoing **UNOPPOSED MOTION TO CONTINUE TRIAL AND EXCLUDE 90 DAYS FROM SPEEDY TRIAL ACT REQUIREMENTS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

    Patricia W. Davies, Assistant United States Attorney
    Email: patricia.davies@usdoj.gov

    Andrea L. Surratt, Assistant United States Attorney
    Email: andrea.surratt@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Dakota Michael Heller    (via Mail)

    s/Kelly Christl
    KELLY CHRISTL
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    kelly.christl@fd.org
    Attorney for Defendant