IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  DAKOTA MICHAEL HELLER,

    Defendant.

## ORDER GRANTING ENDS OF JUSTICE CONTINUANCE

This matter comes before me on the Unopposed Motion to Continue Trial and Exclude 90 Days from Speedy Trial Act Requirements [Docket No. 212]. The government does not oppose the motion. *Id*. at 1, 4.

The trial in this matter is set for March 1, 2021. Docket No. 211 at 6. When I last granted a request to exclude time in this case, *id*. at 5, I found that there were 28 days remaining in the original speedy trial period. *Id*. at 1. At that time, I excluded 120 days from the date of the order, which 120-day period will expire on March 4, 2021. I therefore find that there are still 28 days left in the original speedy trial period.

The motion is based on defendant's concerns about conducting a trial during a time when there may be a high risk of COVID-19 transmission and when the more infectious United Kingdom variant of the coronavirus may be spreading in Colorado. Docket No. 212 at 2. Defendant also states that, "[i]f this case is continued for 90 days, a much larger portion of the community will be vaccinated, as will some of the trial

participants." *Id*. at 3.  Finally, Mr. Heller indicates that a continuance "may allow several witnesses to testify in person who would otherwise be required to testify by video." *Id*. at 4.

The motion implicates the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174.  Specifically, the motion implicates 18 U.S.C. § 3161(h), which provides in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act serves two distinct interests: first, to protect a defendant's right to a speedy indictment and trial, and second, to serve the public interest in ensuring prompt criminal prosecutions.  *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007).  The Act requires that a defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later.  *See* 18 U.S.C. § 3161(c)(1); *Zedner v. United States*, 547 U.S. 489, 497 (2006).  Certain periods of delay are excluded and do not count toward the 70-day limit.  *See* 18 U.S.C. § 3161(h)(1)-(8).  Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice

served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *United States v. Hill,* 197 F.3d 436, 440-41 (10th Cir. 1999) (quoting former 18 U.S.C. § 3161(h)(8)(A)).

In order for a continuance to qualify as an excludable "ends-of-justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Id*. at 441. First, I must consider the following factors listed in § 3161(h)(7)(B):

- (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

- (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

- (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

- (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).  After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests

3

of the public and the defendant in a speedy trial." *Id*., § 3161(h)(7)(A). Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir. 1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id*. (quoting *Doran*, 882 F.2d at 1516).

I find that the exclusion of an additional 90 days is justified due to the issues created by the COVID-19 pandemic and the impact that it apparently will have on the ability of several witnesses to testify in person. The Court has determined that key COVID-19 markers in Colorado have fallen sufficiently to conduct pilot trials safely. In the event that a coronavirus variant spread sufficiently within Colorado to jeopardize the safety of trials, I would continue this trial. So far, that has not happened. However, it is undoubtedly true that a 90 day continuance will result in a larger percentage of the trial participants being vaccinated. And both parties would probably prefer that certain witnesses who may testify remotely at a March trial may testify in person at a June trial. As a result, I find that defendant's concerns are reasonable. I also find that the amount of time that defendant requests be excluded is appropriate. I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel.

Accordingly, I conclude as follows:

(1) That failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) and which has been previously excluded would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2) That, even considering due diligence of defense counsel, failure to grant the motion would deny counsel for defendant and the government the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3) That an additional 90 days from March 4, 2021 should be excluded from the computation of speedy trial; and

(4) That, therefore, the ends of justice served by granting the motion outweigh the best interests of the public and the defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**THEREFORE,** it is:

1. **ORDERED** that the Unopposed Motion to Continue Trial and Exclude 90 Days from Speedy Trial Act Requirements [Docket No. 212] is **GRANTED**.  It is further

2. **ORDERED** that the Trial Preparation Conference currently scheduled for February 26, 2021 at 1:30 p.m. as well as the trial, currently scheduled to begin on March 1, 2021 at 8:00 a.m., are vacated.  The Trial Preparation Conference will be rescheduled for **June 4, 2021 at 2:30 p.m.** and the trial is reset for **June 7, 2021 at 8:00 a.m.** for four days.  It is further

3. **ORDERED** that 90 days from March 4, 2021 shall be excluded from the computation of the speedy trial deadlines under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161 - 3174.  It is further

4.  **ORDERED** that trial subpoenas served on witnesses to appear and testify at the trial previously scheduled for March 1, 2021 are continued to the new trial date of June 7, 2021.

DATED February 17, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge