IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAKOTA MICHAEL HELLER,

    Defendant.

---

**GOVERNMENT'S UNOPPOSED MOTION TO CONTINUE TRIAL AND TO EXCLUDE THIRTY DAYS FROM SPEEDY TRIAL ACT REQUIREMENTS**

---

The United States Attorney, by and through Assistant United States Attorneys Patricia Davies and Andrea Surratt hereby files its Unopposed Motion to Continue Trial and To Exclude Thirty Days from Speedy Trial Act Requirements. As grounds, the United States notes as follows.

**I.     Background**

1.     This matter was set for trial on March 1, 2021. (Doc. 211). On or about February 17, 2021, this Court granted the Defendant's Unopposed Motion to Continue Trial and Exclude 90 days From Speedy Trial Act Requirements. (Docs. 212, 213).

2.     The Court's order noted that 28 days remain on the Speedy Trial Act clock and found that the ends of justice were served by the additional 90-day exclusion of

1

time requested by the defendant and unopposed by the government. The Court set trial in this matter for June 7, 2021. (Doc. 213).

3. Shortly after the Court's February 17, 2021 Order, the undersigned Assistant United States Attorneys made notifications to the victim and government witnesses as to the new trial date. On February 19, 2021, the undersigned attorneys learned that the victim, Christopher, as well as several other essential government witnesses[1] had a long-planned religious retreat from June 6, 2021 through June 13, 2021, for which a significant non-refundable deposit had been paid.

## II.     Consultation with and Non-Opposition by Defendant's Counsel

4. Thereafter, undersigned counsel communicated with defendant's counsel regarding the victim and witnesses' unavailability. Defendant's counsel has advised that they do not oppose that the current trial date be continued based on the witnesses' unavailability. However, defendant's attorneys do not agree to trial before June 7, 2021, and have other currently scheduled trials set for the weeks of June 14 and June 21, 2021.

## III.    Motion to Continue and Exclude Time from Speedy Trial Act Requirements Based on Unavailable Witnesses

5. Title 18, United States Code, Section 3161(h)(3)(A) provides that any "period of delay resulting from the absence or unavailability of … an essential witness" "shall be excluded in computing the time within which the trial of any offense must

---

[1] The other unavailable witnesses deemed to be essential by the government are Gabriel Kinzley, Nate Ferguson, and David Wolf.

commence." The United States submits that under these circumstances and Section 3161(h)(3)(A), thirty days are properly excluded from Speedy Trial Act requirements.

6.      The Tenth Circuit has set forth four factors that the Court should consider in addressing requests for trial continuances. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *Id.* No single factor is determinative. *Id.*

7.      The government submits that the circumstances under which it seeks a continuance of trial in this case meet the criteria set forth in 18 U.S.C. § 3161(h)(7) and *West*. The government has worked diligently to be ready for trial at each setting. Following the Court's February 17th Order, the government acted diligently in notifying the victim and witnesses of the June 7 trial date, learning of the witnesses' unavailability, contacting defendant's counsel to ascertain their position, and moving this Court to address the situation. Continuing the trial from the June 7, 2021 date will accomplish the purpose by setting trial on a date when the victim and witnesses do not have a prior obligation secured by a pre-paid non-refundable deposit.  The government has attempted to minimize any inconvenience to the defendant and his counsel by consultation, and this motion is unopposed.  Finally, the harm that could be suffered is

significant. The government cannot proceed without the witnesses who are affected by the June 7 setting, and in light of the multiple postponements and re-settings of trial, it appears unduly harsh to attempt to force the involved witnesses to forego their scheduled and pre-paid religious retreat.

8. Accordingly, the United States requests that this Court continue the current trial from June 7, 2021 and exclude from Speedy Trial Act requirements thirty days based on the unavailability of essential government witnesses.

Respectfully submitted this 26th day of February, 2021.

JASON R. DUNN
United States Attorney

*s/ Patricia Davies and Andrea Surratt*

By: Patricia Davies
By: Andrea Surratt
Assistant U.S. Attorneys
U.S. Attorney's Office
1801 California Street, Ste. 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax:  303-454-0406
E-mails: patricia.davies@doj.gov
             andrea.surratt@usdoj.gov
Attorneys for Government

5

## CERTIFICATE OF SERVICE

      I hereby certify that on this 26th day of February, 2021, I electronically filed the foregoing **GOVERNMENT'S UNOPPOSED MOTION TO CONTINUE TRIAL AND TO EXCLUDE THIRTY DAYS FROM SPEEDY TRIAL ACT REQUIREMENTS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                          s/ *Amy McDaniel*
                                          Amy McDaniel
                                          Legal Assistant
                                          U.S. Attorney's Office