IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-cr-224-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  DAKOTA HELLER,

    Defendant.

---

## GOVERNMENT'S SENTENCING STATEMENT

---

    The United States of America, by and through the undersigned Assistant United States Attorney, hereby submits the following sentencing statement with respect to defendant Dakota Heller.

Facts

    The facts of this case are familiar to the Court and will not be repeated at length here.  In brief, on April 3, 2017, on a return flight to the United States after a church mission trip to Africa, the defendant, who was 35 years old at the time, switched seats to sit next to 16-year-old Christopher.  Prior to the trip, the defendant had been prescribed 10 mg Ambien pills, which he shared with other church members to help them sleep. On the flight home, Christopher asked the defendant for Ambien, which the defendant gave Christopher.  Christopher had never taken a sleep aid before.  The 10 mg pill—a high therapeutic dose for a grown man—made Christopher sleepy and groggy.

    Approximately two to three hours into the flight, after Christopher took the

1

Ambien, the defendant placed a blanket over his and Christopher's laps. The defendant then placed his hand on Christopher's leg and slowly moved his hand closer to Christopher's groin. The defendant unbuttoned Christopher's shorts, moved Christopher's underwear aside, and masturbated Christopher to ejaculation. Christopher went to sleep after this physical contact. Later, Christopher got up to use the restroom and noticed that his shorts were still unzipped and realized what had happened. This was Christopher's first sexual experience.

When the group arrived at the Seattle airport, Christopher angrily confronted the defendant, who urged Christopher not to tell anyone. About a week after returning home, the defendant repeatedly asked Christopher to meet the defendant in person to talk. Christopher eventually relented, and the two met at a Chipotle restaurant. Among other things, the defendant told Christopher that the reason that he molested Christopher on the airplane was the same reason that the defendant was asked to step down from the church's youth ministry—that is, because the defendant is a self-described "sex addict" who had been having repeated sexual encounters with both male and female strangers. In other words, the defendant acknowledged that he molested Christopher because the defendant is a sex addict.

Prior to the encounter on the airplane, the defendant was an adult in Christopher's life who Christopher thought he could trust. When Christopher was 14 years old, the defendant was Christopher's youth leader at church. The defendant was close with many of Christopher's family and friends and was very much an active, well-liked member of the community.

The defendant was arrested for molesting Christopher on May 9, 2019, and

agents seized the defendant's cellular telephone at the time of his arrest.  The phone was subsequently searched pursuant to a search warrant.  Agents located video clips and still images on the cellphone that were the subject of the Government's motion pursuant to Rule 404(b), filed under restriction on September 24, 2019.  [ECF #52].

First, in two-second videos which were made in March 2019, the defendant appears to be aiming the camera at the buttocks of a teenage boy who is sleeping on a couch in his underwear and a t-shirt.  The first video is a clip of the boy's entire body, and the second clip focuses particularly on the boy's buttocks.  [ECF #52, Ex. A1-A4].  The second set of videos are six clips ranging in length from a few seconds to a couple of minutes each. The videos, which appear to have been taken intentionally and in quick succession in 2018, depict a teenage boy wearing shorts and a t-shirt sleeping in the back of a moving vehicle, and are particularly aimed at the boy's crotch.  The camera angle shifts throughout the videos in what appears to be an effort to obtain a better angle of the boy's crotch.  Though the boy shifts position in the videos in an apparent effort to find a comfortable sleeping position, he never wakes up.  The defendant's voice is identifiable, talking to a third party, on some of the clips.  [ECF #52, Ex. B1-B4].

Also located on the defendant's phone was a "note" from December 2012 that appears to be the defendant's ruminations to himself.  Among other things, the defendant laments that he wants to be "rid of this terrible addiction and desire" because he wants "to be able to walk down a street and not lustfully contemplate each person [he] encounter[s] or walk[s] past."  He explains that he does "what feels good in the moment as opposed to looking and thinking about the long term affects."

Procedural History

For molesting Christopher, the defendant was indicted in the District of Colorado on May 8, 2019, for violating 18 U.S.C. § 2244(b), knowingly engaging in sexual contact without permission. [ECF #1]. On October 28, 2019, trial on the indictment commenced. [ECF #105]. On November 1, 2019, the jury was unable to reach a unanimous verdict and the Court granted the defendant's motion for a mistrial. [ECF #110].

On December 3, 2019, a grand jury returned a superseding indictment, adding a second count: a violation of 18 U.S.C. §§ 2244(a)(2) and 2246(3), engaging in sexual contact with someone incapable of appraising the nature of the contact and physically incapable of declining to participate and physically incapable of communicating unwillingness to engage in the contact. [ECF #143].

On July 30, 2021, on the eve of trial on the superseding indictment, the defendant pled guilty to an information, charging him in two counts. [ECF #237]. The first count charged the defendant with a violation of 18 U.S.C. § 113(a)(5) (engaging in sexual contact without consent). The second count charged the defendant with a violation of 21 U.S.C. §§ 841(a)(1) & (b)(2) (possession with intent to distribute Ambien). In the plea agreement, which was made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed on a five-year sentence of probation with a condition that the defendant successfully complete a program of sex offender treatment and comply with special conditions under the supervision of the U.S. Probation Office. [ECF #240].

Guidelines Calculation

In the plea agreement, the parties agreed on the Guidelines calculation as to

4

Count Two, resulting in a total offense level of 4 and a Guidelines range of zero to six months' imprisonment.  The Presentence Investigation Report ("PSR") agrees with this calculation.  PSR ¶ 89.

As to Count One, however, the Government's position in the plea agreement was that adjustments for abusing a position of trust and obstruction of justice should apply for an offense level of 9.  The defendant's position was that the enhancements did not apply and his offense level is 5.  The PSR correctly notes, however, that pursuant to U.S.S.G. § 1B1.9, the sentencing guidelines do not apply to Class B or C misdemeanors.  PSR ¶ 40.  Count One is a Class B misdemeanor.

Accordingly, the defendant's offense level is 4 and his Guidelines range is zero to six months' imprisonment.

Pursuant to U.S.S.G. § 5B1.2(a)(2), the Guidelines range for a probationary sentence in this case is no more than three years as to each count.[1]  PSR ¶ 96.

### Application of the 18 U.S.C. § 3553(a) Factors

The Government's view is—and has always been—that Dakota Heller is a sex addict with no impulse control and any sentence should be fashioned to maximize the long-term safety of the community.  The sentence recommended by the parties in which the defendant will be supervised on probation for five years and will require him to successfully complete a sex offender treatment program accomplishes this goal.

A. *Nature and Circumstances of the Offense*

Throughout this litigation, the defendant has maintained that he thought that

---

[1] Accordingly, to the extent it is necessary, the Government asks the Court to consider this sentencing statement as a motion for an upward variance as it applies to the requested sentence of probation.

5

Christopher welcomed having his penis touched on an international flight.  Putting aside whether this assertion is credible, it is a legal defense to Count One of the original and superseding indictments.  It is not, however, a defense for the defendant's repugnant and harmful conduct.  Because of the defendant, Christopher—who is not gay—had his first sexual experience at the hands of a man almost 20 years his senior under an airplane blanket on a commercial flight from Dubai to Seattle.

     Everyone in Christopher's life describes him using the same set of words: private, introspective, thoughtful, contemplative, reserved.  They also relate how Christopher is kind, quietly funny, an artistic genius, and a good friend.  It is equally clear to everyone who knows him knows what Christopher is not: impulsive, flirtatious, voyeuristic, sexually promiscuous, or spontaneous.  As someone who had known Christopher for years before assaulting him on the airplane, the defendant surely knew this same Christopher—a Christopher who *never* would have invited what the defendant did to him in April 2017.  So, even accepting the defendant's contention as true, the defendant should have known better.  As a grown man in a position of trust, the defendant should have exercised better judgment—any judgment—and saved his apparent insatiable need for sexual activity for a more appropriate partner.

     While the federal litigation in this matter is nearing its conclusion, Christopher will never forget what happened to him.  And while Christopher and his friends and family are remarkably forgiving and compassionate people, there is no question that the defendant's betrayal has changed all of them forever.  It is the Government's hope that the requested sentence will help ensure that the defendant will never harm another person in the way that he did here.

B. *History and Characteristics of the Defendant*

As recounted above, the defendant considers himself a sex addict. And this is borne out by the facts learned in the pendency of this case. The defendant told Christopher that his sex addiction—not because he thought it was wanted contact—is the reason that he molested Christopher. And the defendant confided to members of the church that his sex addiction was so out of control that he had sex with strangers he met on the internet.

Even more troubling are the photos and videos that the Government sought to introduce as 404(b) evidence. In these exhibits, the defendant appears to have taken clandestine images of two different boys around the same age as Christopher. And the images do not appear to be innocent. In one, the defendant focused on the underwear-clad buttocks of a boy and in the other he appeared to be angling his camera at a boy's crotch. These sexually-charged images of young boys post-date the defendant's conduct with respect to Christopher—and post-date any time when the defendant reasonably could have claimed that he thought Christopher welcomed the sexual contact on the airplane. In other words, *knowing* his conduct with respect to Christopher was unwanted and inappropriate, he nevertheless tried to satisfy his sexual desires by covertly filming other boys—boys who certainly did not give their consent.

The defendant's failure to exercise any impulse control when it comes to sexual activity also counsels for a lengthy sentence of probation and a requirement that he complete sex offender treatment.

C. *The Need for the Sentence to Achieve the Aims of 18 U.S.C. § 3553(a)(2)*

The requested sentence will also provide deterrence to future criminal conduct

and protect the public from further crimes of the defendant.  For at least the five year probationary period, the defendant will be supervised by a probation officer, which will hopefully provide some measure of deterrence.  Long-term, though, it is the Government's hope that completing of a reputable and intensive sex offender treatment program will allow the defendant to live in a community without posing any danger to others.

## Conclusion

The Government respectfully requests that the Court sentence the defendant as agreed in the plea agreement.

Respectfully submitted this 15th day of October, 2021.

                MATTHEW T. KIRSCH
                Acting United States Attorney

By:    s/ Andrea Surratt
        Andrea Surratt
        Assistant United States Attorney
        U.S. Attorney's Office
        1801 California St., Suite 1600
        Denver, CO 80202
        Telephone: (303) 454-0100
        e-mail:  Andrea.Surratt@usdoj.gov
        Attorney for the Government