IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00224-PAB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DAKOTA HELLER,

        Defendant.

## DEFENDANT'S RESPONSE TO THE GOVERNMENT'S SENTENCING STATEMENT

Defendant Dakota Heller, through undersigned counsel, responds to certain allegations in the Government's Sentencing Statement, at ECF. Doc. 246.

### I. THE UNDISPUTED FACTS ARE IN THE STIPULATION OF FACTS CONTAINED IN THE PLEA AGREEMENT AT ECF DOC. 240, SECTION V.

The government alleges facts that Mr. Heller disputes. The Court should consider the undisputed facts in the plea agreement, not the unsupported theories and conclusions argued by the government.

The parties stipulated that "Christopher took Ambien shortly after the flight." Doc. 240, p. 6. Not a single witness at the first trial, that resulted in a mistrial after a hung jury, testified that Mr. Heller gave Christopher Ambien. Not a single witness testified that Mr. Heller knew Christopher took Ambien. The testimony at trial, even from Christopher, was that "[E]veryone had Ambien and it was kind of passing it around to other people to use." Tr., p. 164, l. 18-19 (Oct. 29, 2019). He also testified, "a lot of people had it." Tr. p. 163, l. 21. (Oct. 29, 2019).

Christopher may have been "sleepy and groggy from the Ambien," but he had a distinct recollection of the incident, including opening his eyes and making eye contact with Mr. Heller when Christopher believed Mr. Heller was "trying to gauge his response" to the physical contact. Tr. p. 19, l. 17-18. (Oct. 29, 2019). Christopher testified at trial, "I wasn't fully asleep, but I was awake enough to kind of know what was going on." Tr. p. 75, l. 24-35, (Oct. 29, 2019).

When the government says Mr. Heller acted "*knowing* his conduct with respect to Christopher was unwanted and appropriate," it misstates the evidence this Court heard at the mistrial. The government made an offer to Mr. Heller on the eve of trial for a lesser misdemeanor offense, knowing this was the only element of the indictment in dispute.

## II.   MR. HELLER IS NOT A "SEX ADDICT."

The government asserts Mr. Heller told Christopher he acted out of a "sex addiction." As the Court properly noted, "[T]his is an interpretation of that conversation that Christopher came up with just recently, as a matter of fact, after the previous trial." Tr. p. 36, l. 18-20 (Feb. 24, 2020). The government even conceded this is a memory "prompted after the first trial." Tr. p. 37, l. 4 (Feb. 24, 2020). The Court excluded this from coming in at the second trial, in part, because it "sounds like another example of a witness who was going – may be asked to explain what Mr. Heller was thinking." Tr. p. 37, l. 6-9 (Feb. 28, 2020).

The government further argues that Mr. Heller has impulse control issues when it comes to sex. This argument is based on the government's interpretation of the events at issue and statements attributed to Mr. Heller.

First, Mr. Heller disputes the government's view of the events. The government claims Mr. Heller knew Christopher did not consent but touched Christopher anyway because he could not control this sexual impulse. That is not what happened. Mr. Heller did what he did because he

2

misinterpreted Christopher's behavior as signaling consent. Under federal law, a 16-year old is capable of consenting to sexual contact with an adult.

Second, Mr. Heller's statements about his sexuality were shaped by his guilt and shame over his attraction to men and heavily influenced by Cornerstone Church. The Cornerstone Church elders believed in a traditional view of sex and marriage – that sex should be confined to marriage between a man and a woman. See, Tr. p. 318, l. 3-15. (Oct. 29, 2019). Mr. Heller and the church coopted the phrase "struggle with same sex attraction" to describe Mr. Heller's sexuality. Mr. Heller adopted the church's puritanical view that having sex with people he met on the internet and viewing adult pornography was sinful. Mr. Heller engaged in these "sinful" activities and felt a great deal of guilt about it. Using the Church's language, he confided in his pastors and in a journal entry in his phone that he wanted to stop. In this context, Mr. Heller's use of the term "sexual addiction" does not qualify him for a complex and controversial psychiatric diagnosis.[1]

//

//

//

//

//

---

[1] The Mayo Clinic explains, "There's an ongoing debate in the psychiatric community about exactly how to define compulsive sexual behavior because it's not always easy to determine when sexual behavior becomes problematic…. Because compulsive sexual behavior doesn't have its own diagnostic category in the DSM-V, it may be diagnosed as a subcategory of another mental health condition, such as an impulse control disorder or a behavioral addiction." "Compulsive Sexual Behavior," Mayo Clinic Website, available at https://www.mayoclinic.org/diseases-conditions/compulsive-sexual-behavior/diagnosis-treatment/drc-20360453 (last visited Oct. 19, 2021).

Mr. Heller respectfully requests the Court impose the agreed upon sentence, probation with sex offender treatment.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


*s/ Kelly Christl*  
KELLY CHRISTL
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Email:  Kelly_christl@fd.org
   Attorney for Defendant

*s/ David Kraut*  
DAVID KRAUT
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Email:  David_Kraut@fd.org
   Attorney for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on October 19, 2021, I electronically filed the foregoing **DEFENDANT'S RESPONSE TO THE GOVERNMENT'S SENTENCING STATEMENT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

      Patricia W. Davies, Assistant United States Attorney
      Email: patricia.davies@usdoj.gov

      Andrea L. Surratt, Assistant United States Attorney
      Email: andrea.surratt@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

      Dakota Heller (via U.S. mail)

      *s/ Kelly Christl*
      KELLY CHRISTL
      Assistant Federal Public Defender
      633 17th Street, Suite 1000
      Denver, CO  80202
      Telephone:  (303) 294-7002
      FAX:  (303) 294-1192
      Email:  Kelly_Christl@fd.org
      Attorney for Defendant