CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

U.S.A. VS. DAKOTA MICHAEL HELLER                                      DKT. NO. 1:19CR00224-1

### PETITION FOR WARRANT ON PERSON UNDER SUPERVISION

COMES NOW, Chris Woodiel, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Dakota Michael Heller, who was placed on supervision by the Honorable Philip A. Brimmer, sitting in the United States District Court in Denver, Colorado, on October 29, 2021. The defendant was sentenced to five years' probation on Count 1: Simple Assault within an Aircraft Jurisdiction, in violation of 18 U.S.C. § 113(a)(5); and five years' probation on Count 2: Possession with Intent to Distribute Schedule IV Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(2), each count to run concurrently with each other. Supervision commenced on October 29, 2021, and is set to expire on October 28, 2026. As noted in the judgment [Document 254], the Court ordered mandatory, standard, and special of supervision. On February 4, 2022, an Order Regarding Request for Modification of the Conditions of Supervision [Document 257] was signed by the Court. The probation officer alleges the defendant has violated the following terms and conditions of probation as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATIONS ALLEGED:**

1. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about March 15, 2022, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician. This constitutes a Grade C violation of probation.

On March 15, 2022, myself and another U.S. Probation Officer made an unannounced visit to the defendant's residence, and during this visit he provided a urinalysis sample which tested positive for cocaine. At first, the defendant denied using cocaine but after further questioning he admitted to using cocaine and signed an admission form.

2. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about March 29, 2022, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician. This constitutes a Grade C violation of probation.

On March 29, 2022, the defendant submitted a urinalysis sample at UABA Longmont, Colorado, which tested positive for cocaine. On the same day prior to submitting his

Case No. 1:19-cr-00224-PAB   Document 258   filed 07/11/22   USDC Colorado   pg 2 of 4

Dakota Michael Heller  
1:19CR00224-1

Petition for Warrant on Person Under Supervision  
Page 2

July 11, 2022

urinalysis test, the defendant contacted me and verbally admitted he used cocaine the night before.

3. **FAILURE TO ANSWER TRUTHFULLY QUESTIONS ASKED BY THE PROBATION OFFICER**

On or about January 31, 2022, the defendant was untruthful to the probation officer's inquiry regarding his access to the internet and internet usage, which constitutes a Grade C violation of probation.

On January 31, 2022, myself and another U.S. Probation Officer made an unannounced visit to the defendant's residence, and during this visit I asked the defendant if he was using any other devices aside from his already approved devices (personal cellular phone and computer at his place of employment) to access the internet. The defendant denied using any other device to access the internet. During subsequent face to face visits with the defendant, he again denied accessing the internet from any other device besides his cellular phone and/or work computer. However, after failing to pass his third maintenance polygraph regarding internet access and usage, on June 29, 2022, the defendant admitted in January 2022, he used his Xbox gaming console to access a pornographic website called Gay Boys Tube. Further, the defendant admitted this website contains naked images of minors and possible thumbnails of child pornography.

4. **UNAUTHORIZED USE OF AN UNAPPROVED INTERNET CAPABLE DEVICE**

On or about January 31, 2022, the defendant accessed the internet by using an Xbox gaming console, an unapproved and undisclosed internet capable device, which constitutes a Grade C violation of probation.

On November 8, 2021, the defendant and I met at the Denver probation office for his initial face to face visit after sentencing, and it was determined the defendant was only allowed to access the internet from his personal cellular phone and the computer at his place of employment. However, after failing to pass his third maintenance polygraph regarding internet access and usage, on June 29, 2022, the defendant admitted in January 2022, he used his Xbox gaming console, an unapproved, undisclosed, and unmonitored internet capable device, to access a pornographic website called Gay Boys Tube. Further, the defendant admitted this website contains naked images of minors and possible thumbnails of child pornography.

5. **FAILURE TO PARTICIPATE IN AND SUCCESSFULLY COMPLETE SEX OFFENSE SPECIFIC TREATMENT AND ABIDE BY THE RULES AND REGULATIONS OF THE TREATMENT PROGRAM**

On or about June 9, 2022, the defendant consumed alcohol, which is a failure to abide by the rules and regulations of Forensic Evaluation and Treatment Services (FETS), a sex offense specific treatment agency. This constitutes a Grade C violation of probation.

Case No. 1:19-cr-00224-PAB   Document 258   filed 07/11/22   USDC Colorado   pg 3 of 4

Dakota Michael Heller  
1:19CR00224-1

Petition for Warrant on Person Under Supervision  
Page 3

July 11, 2022

On February 2, 2022, the defendant's treatment contract at FETS was amended to prohibit the consumption of alcohol after he admitted during his first maintenance polygraph to using alcohol and cocaine excessively after sentencing. However, after the defendant failed his third maintenance polygraph, on June 29, 2022, he admitted to using alcohol on at least five occasions after his treatment contract was amended, the last time being on or about June 9, 2022.

6. **FAILURE TO PARTICIPATE IN AND SUCCESSFULLY COMPLETE SEX OFFENSE SPECIFIC TREATMENT AND ABIDE BY THE RULES AND REGULATIONS OF THE TREATMENT PROGRAM**

On or about June 28, 2022, the defendant was unsuccessfully discharged from FETS; therefore, he failed to participate in and successfully complete sex offense specific treatment. This constitutes a Grade C violation of probation.

On June 28, 2022, I received an unsuccessful discharge summary from FETS based on the defendant violating the following provisions of his treatment contract: use of alcohol and illegal substances; use of the internet for sexually stimulating material; violation of participation in treatment to include not being completely honest, failing to assume full responsibility for thoughts/feelings/behavior, failing to demonstrate integration of treatment concepts, not demonstrating change of behavior into life, and engaging in sexual behavior (kiss and frontal hug with an adult female) without treatment knowledge and approval.

## STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

Based on the nature of the defendant's current conviction and the alleged violations, the probation officer requests a warrant for the defendant's arrest due to the potential danger presented by the defendant. Since being sentenced to probation, the defendant has used alcohol and cocaine excessively, accessed the internet with an undisclosed, unapproved, and unmonitored device to view sexually explicit images which includes naked images of minors and possibly thumbnails of child pornography, lied to his probation officer and sex offense treatment therapist multiple times, and has been unsuccessfully discharged from sex offense specific treatment based on the above-mentioned behaviors. Despite the Probation Officer's and sex offender therapist's numerous attempts to intervene and help the defendant address his deviant and anti-social conduct, it appears he is unwilling to change his behavior and adhere to his conditions of supervision. Further, it appears the defendant has failed to appreciate the leniency and opportunity the Court offered him with a probation sentence in lieu of a custodial term at sentencing. Based on his violations of probation, the defendant has egregiously violated the Court's trust and revocation proceedings should be initiated to hold him accountable for his dangerous, destructive, and non-compliant behavior on supervision.

Case No. 1:19-cr-00224-PAB   Document 258   filed 07/11/22   USDC Colorado   pg 4 of 4

Dakota Michael Heller  
1:19CR00224-1

Petition for Warrant on Person Under Supervision  
Page 4

July 11, 2022

## RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a warrant due to violations of probation and, subsequent to the arrest of the defendant, that the Court consider revocation of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/Chris Woodiel*
  Chris Woodiel
  United States Probation Officer
  Place:   Denver
  Date:   July 11, 2022

*s/Walter E. Vanni*
  Walter E. Vanni
  Supervisory U.S. Probation Officer
  Place:   Denver
  Date:   July 11, 2022

## PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:

The defendant was originally convicted of a Class B misdemeanor regarding Count 1, thus the maximum sentence allowed upon revocation is six months imprisonment, and a Class D felony regarding Count 2, which carries a maximum sentence of five years imprisonment upon revocation pursuant to 18 U.S.C. § 3565(a)(2) given the defendant received a probation sentence. Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade C violation. The defendant's criminal history is a Category I, thus the advisory guideline range for revocation is three to nine months

## STATEMENT IN SUPPORT OF DETENTION AT INITIAL APPEARANCE:

Based on the defendant's performance while on supervision, the probation officer recommends the defendant be detained pending revocation proceedings.  Pursuant to 18 U.S.C. § 3143(a), the defendant is viewed as presenting a risk of danger to the community based on his cocaine and alcohol usage, dishonesty with his probation officer, and his unauthorized and unmonitored access to the internet and viewership of a website which he admitted contains naked images of minors and thumbnails of child pornography. Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.