AO 245D (Rev. CO 11/20)    Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

District of Colorado

UNITED STATES OF AMERICA
v.
DAKOTA MICHAEL HELLER

**Judgment in a Criminal Case**
(For **Revocation** of Supervised Release)

Case Number:   1:19-cr-00224-PAB-01

USM Number:   45294-013

Kelly Christl
Defendant's Attorney

**THE DEFENDANT:**

☒ admitted guilt to violation(s)   3-6 of the Petition for Warrant on Person Under Supervision

☐ was found guilty of violation(s) _____ after denial of guilt.

The defendant is adjudicated guilty of the following violation(s):

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 3 | Failure to Answer Truthfully Questions Asked by the Probation Officer | 01/31/2022 |
| 4 | Unauthorized Use of an Unapproved Internet Capable Device | 01/31/2022 |
| 5 | Failure to Participate In and Successfully Complete Sex Offense Specific Treatment and Abide by the Rules and Regulations of the Treatment Program | 06/09/2022 |
| 6 | Failure to Participate In and Successfully Complete Sex Offense Specific Treatment and Abide by the Rules and Regulations of the Treatment Program | 06/28/2022 |

The defendant is sentenced as provided in pages 2 through   5   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ Counts 1 and 2 are dismissed.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec.:   3746

Defendant's Year of Birth:   1981

City and State of Defendant's Residence:
Berthoud, CO

September 1, 2022
Date of Imposition of Judgment

*/s/ signature*
Signature of Judge

Philip A. Brimmer, Chief United States District Judge
Name and Title of Judge

9/07/2022
Date

Judgment — Page 2 of 5

DEFENDANT: DAKOTA MICHAEL HELLER
CASE NUMBER: 1:19-cr-00224-PAB-01

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: **Three (3) months.**

☒ The court makes the following recommendations to the Bureau of Prisons:
The Court recommends the Bureau of Prisons credit the defendant with three (3) days spent in official detention.
The Court recommends the Bureau of Prisons place the defendant at a facility within the State of Colorado that is appropriate to his security classification.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____
  ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  [X] Within 15 days from date of designation.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Judgment — Page 3 of 5

DEFENDANT: DAKOTA MICHAEL HELLER
CASE NUMBER: 1:19-cr-00224-PAB-01

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: **36 months.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and a maximum of 20 tests per year of supervision thereafter.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245D (Rev. CO 11/20)  Judgment in Criminal Case

Judgment — Page 4 of 5

DEFENDANT: DAKOTA MICHAEL HELLER
CASE NUMBER: 1:19-cr-00224-PAB-01

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may, after obtaining Court approval, notify the person about the risk or require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

Judgment — Page   5   of   5

DEFENDANT:        DAKOTA MICHAEL HELLER
CASE NUMBER:   1:19-cr-00224-PAB-01

## SPECIAL CONDITIONS OF SUPERVISION

1. You must participate in a program of testing and/or treatment for substance abuse approved by the probation officer and follow the rules and regulations of such program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program as to modality, duration, and intensity. You must abstain from the use of alcohol or other intoxicants during the course of treatment. You must not attempt to obstruct, tamper with or circumvent the testing methods. You must pay for the cost of testing and/or treatment based on your ability to pay.

2. You must participate in a program of mental health treatment approved by the probation officer and follow the rules and regulations of such program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program as to modality, duration, and intensity. You must pay for the cost of treatment based on your ability to pay.

3. You must participate in and successfully complete a sex offense-specific evaluation and/or treatment program approved by the probation officer. This may include polygraph and visual response testing as part of the required participation. The probation officer, in consultation with the treatment provider, will supervise your participation in and compliance with the treatment program. You must comply with all rules and regulations of the treatment program that are specified by the treatment agency and the probation officer. You must pay for the cost of treatment based on your ability to pay.

4. You must submit your person, and any property, house, residence, vehicle, papers, computer, Internet capable device, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct and by any probation officer in the lawful discharge of the officer's supervision functions.

5. Your use of computers and Internet capable devices will be limited to those you request to use and which the probation officer authorizes. The probation officer may not prohibit lawful Internet use except to impose restrictions on the types of computers or Internet capable devices that you may use, to provide necessary restrictions to facilitate correctional treatment and rehabilitation, and to protect the public from any further crimes. Authorization for use of any computer or Internet capable device shall be based on the ability of the computer device to be effectively monitored by monitoring software utilized by the Probation Office. You must disclose any username or identification(s) and password(s) for all computers or Internet capable devices to the probation officer.

6. You must allow the probation officer to install software/hardware designed to monitor activities on any personally or family-owned, leased, or rented computer or Internet capable device you are authorized by the probation officer to use. This monitoring may record any and all activity on the device, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations. You must not attempt to remove, tamper with, reverse engineer, or in any way circumvent the software/hardware.

7. You must not have contact with any children under the age of 18, nor attempt contact except under circumstances approved in advance and in writing by the probation officer. Contact includes correspondence, written or verbal, telephone contact, or any communication through a third party. If you have incidental contact with children, you will be civil and courteous to the children and immediately remove yourself from the situation. All such incidental contacts must be immediately reported to the probation officer.